United States District Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.E.F.M. a minor, et al.,<br><br>                    Plaintiffs,<br><br>              v.<br><br>ERIC HOLDER, United States Attorney<br>General, et al.,<br><br>                    Defendants. | No. 2:14-cv-01026<br><br>DEFENDANTS' OPPOSITION TO<br>PLAINTIFFS' MOTION FOR A<br>PRELIMINARY INJUNCTION<br><br>HON. Thomas S. Zilly<br><br>NOTE ON MOTION CALENDAR:<br>August 22, 2014 |

**INTRODUCTION**

This case involves a challenge to the federal government's ability to conduct removal proceedings against minors who do not have counsel.[1]  Plaintiffs have styled their complaint as a

---

[1] In their complaint, Plaintiffs seek to represent a class of individuals who do not have "legal representation," citing 8 C.F.R. § 1291.1(a) for the definition of the individuals permitted to represent aliens in removal proceedings. Compl. at 23, n. 21, ECF No. 1.  For simplicity in this brief, Defendants' reference to "counsel" includes all categories of individuals within Plaintiffs' definition of "legal representation."

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

class action.  The present motion is a request by six of the named Plaintiffs[2] for a preliminary injunction asking this Court to effectively enjoin their removal proceedings until they obtain counsel for those proceedings.  This Court should deny the motion because it lacks subject matter jurisdiction to enter such an injunction under 8 U.S.C. § 1252(g).  Specifically, § 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Because Plaintiffs' motion asks this Court to enjoin any action Defendants may take to commence removal proceedings against them, and to potentially enjoin Defendants from taking any action in the future to adjudicate Plaintiffs' cases if they do not obtain counsel, this Court lacks subject matter jurisdiction to grant the requested injunctive relief.  Accordingly, the motion for a preliminary injunction should be denied.

Even if this Court finds that it has subject matter jurisdiction to enjoin Plaintiffs' removal proceedings, it should nevertheless deny the present motion because Plaintiffs have failed to demonstrate that a preliminary injunction is warranted.  First, Plaintiffs cannot demonstrate that they are likely to succeed on the merits of their claims because this Court lacks subject matter jurisdiction to review their claims under 8 U.S.C. §§ 1252(a)(5) and (b)(9).  Further, even if this Court has subject matter jurisdiction to consider this question, Plaintiffs cannot succeed on the merits of their case because nothing in the Immigration and Nationality Act ("INA") or the United States Constitution requires Defendants to provide counsel at

---

[2] The present motion requests relief for six of the named Plaintiffs only, J.E.F.M., J.F.M., D.G.F.M., F.L.B., S.R.I.C., and G.M.G.C.  Pls.' Mot. Prelim. Inj. at 2-7, ECF No. 24.  For ease of reference in this opposition, the term "Plaintiffs" refers only to these six Plaintiffs unless Defendants specifically indicate that they are referring to all named Plaintiffs.

Defendants' Opposition to Motion for Preliminary Injunction          U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 2                                        Office of Immigration Litigation
                                                               P.O. Box 868, Ben Franklin Station
                                                               Washington, DC 20044

government expense to minors who are in removal proceedings.  Defendants do in fact provide

counsel to minors in removal proceedings through a variety of programs,[3] but neither the INA

nor the Constitution require Defendants to do so.

Second, Plaintiffs cannot demonstrate that they will be irreparably harmed if this Court

denies preliminary relief.  Based on the record to date, none of these six Plaintiffs has been

denied a continuance by the immigration court.  They may fear that they will not get a

continuance, or that any continuance that they get will be too short, but both outcomes are

speculative.  Immigration judges are required to granted reasonable continuances to

unrepresented individuals who request the opportunity to obtain counsel.  *See Matter of C- B-*, 25

I. & N. Dec. 888, 889 (BIA 2012).  At a minimum, Plaintiffs would have to show that their

requests were or will be denied, or granted for entirely inadequate periods, to establish that they

would suffer *any* harm absent an injunction, much less *irreparable* harm.

Further, minors already receive many protections within the immigration system to

protect their rights.  For example, unaccompanied alien children are provided special protections

in the way they are screened at ports of entry into the United States, in applying for asylum, and

in their care and custody with the Office of Refugee Resettlement ("ORR"), a component of the

Department of Health and Human Services.  *See* William Wilberforce Trafficking Victims

Protection Reauthorization Act of 2008 ("TVPRA"), § 235, Pub.L. 110-457, 122 Stat. 5044

(2008); 6 U.S.C. § 279; 8 U.S.C. § 1232(b)(1).  Unaccompanied alien children also receive

---

[3] For example, on June 6, 2014, the Department of Justice entered into a partnership with The Corporation for National and Community Service to enroll approximately 100 lawyers and paralegals to provide legal services to unaccompanied alien children. http://www.nationalservice.gov/newsroom/press-releases/2014/justice-department-and-cncs-announce-new-partnership-enhance.

Defendants' Opposition to Motion for Preliminary Injunction          U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 3                                             Office of Immigration Litigation
                                                                      P.O. Box 868, Ben Franklin Station
                                                                      Washington, DC 20044

enhanced procedural protections and modifications in immigration court, including a prohibition against accepting admissions of removability from an unrepresented respondent who is under eighteen and not accompanied by "an attorney or legal representative, a near relative, legal guardian, or friend."  8 C.F.R. § 1240.10(c).  Moreover, Immigration Courts utilize juvenile dockets or separate scheduling of cases involving unaccompanied alien children, where the immigration judges employ child-sensitive modifications to assist the children in appearing before the court.  *See* Operating Policy and Procedure Memorandum (OPPM) 07-01, Guidelines for Immigration Court Cases Involving Unaccompanied Alien Children, *Executive Office for Immigration Review*, available at http://www.justice.gov/eoir/efoia/ocij/oppm07/07-01.pdf.

Third, Plaintiffs cannot show that the balance of hardships weighs in their favor.  Under 8 U.S.C § 1252(a)(5), Plaintiffs already have an adequate and available legal forum for challenging any denial of due process that might occur during their removal hearing.  Additionally, based on the relief that seek both in this motion and in the complaint, Plaintiffs will allegedly be harmed *only if*: (1) they are unable to obtain counsel; (2) their proceedings are completed before they turn eighteen (because the relief requested in the complaint is limited to government-provided counsel for individuals under the age of eighteen); and (3), they are ordered removed and do not receive any relief.  Thus, their alleged harms are speculative.  In contrast, Defendants will be harmed if this Court grants the preliminary injunction because it would permit and prolong a continuing violation of the immigration laws by Plaintiffs.  Accordingly, the balance of hardships weighs in Defendants' favor.

Finally, the public interest weighs against granting the preliminary injunction.  The orderly operation of removal proceedings is in the public interest because such proceedings are

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

critical to maintaining the sovereign borders of the United States. *Shaughnessy v. Mezei*, 345 U.S. 206, 210 (1953) ("Our cases 'have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control"). Accordingly, this Court should deny Plaintiffs' motion for a preliminary injunction.

## BACKGROUND

On July 9, 2012, Plaintiffs filed a Complaint alleging that minors who are placed in immigration removal proceedings are not provided with an attorney at government expense. Complaint, ECF No. 1, at ¶ 1. Plaintiffs have styled their Complaint as a class action, *id*. ¶¶85-89, and have alleged violations of the Fifth Amendment and the INA. *Id*. ¶¶ 93-98. Plaintiffs request injunctive relief, but have not sought compensatory damages. *Id*. at p. 26: "Prayer for Relief."

Six of the named Plaintiffs have filed a motion for a preliminary injunction. Pls.' Mot. Prelim. Inj. at 2-7, ECF No. 24. Four of these Plaintiffs have Master Calendar hearings scheduled in September, one has a Master Calendar hearing in January 2015, and the sixth is unscheduled, having recently received a change of venue from the Harlingen Immigration Court to the Los Angeles Immigration Court. *Id.* at 3-6.[4]

---

[4] "A respondent's first appearance before an immigration judge in removal proceedings is at a master calendar hearing. Master calendar hearings are held for pleadings, scheduling, and other similar matters." Immigration Court Practice Manual ("EOIR Manual"), *Executive Office of Immigration Review*, Chp. 4.15. The purpose of the Master Calendar hearing is to advise the respondent of his or her rights in removal proceedings, including the right to an attorney or other representative at no expense to the government, to provide the respondent with a list of pro bono attorneys in the area, to explain the charges and factual allegations in the Notice to Appear, to narrow the factual and legal issues, and to set case deadlines. Chp. 4.15(e). *See* INA §§ 240(b)(4), 240(b)(5), 8 C.F.R. §§ 1240.10, 1240.15. An immigration judge may take

On July 31, 2014, Plaintiffs filed a motion for a preliminary injunction, requesting that this Court enjoin their immigration proceedings to "permit them as much time as needed to find legal representation," or until Defendants provide them with counsel at government expense. Pls.' Mot. Prelim. Inj. at 2, ECF No. 24.  Despite their request for this extraordinary relief, Plaintiffs have not presented any evidence demonstrating their efforts to obtain counsel, or that they have unsuccessfully sought continuances from the immigration court to find counsel.

## LEGAL STANDARDS

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Traditionally, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009) (internal quotations omitted); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008)).

"[U]nder either criteria, where a plaintiff fails to even raise serious questions about its likelihood of success, an injunction may not issue." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007).  "A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights

---

pleadings at a Master Calendar hearing, however, the immigration judge "shall not accept an admission of removability from an unrepresented respondent who is . . .  under the age of 18 and is not accompanied by an attorney or legal representative, a near relative, legal guardian, or friend . . . ." 8 C.F.R. § 1240.10(c).

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 6

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

before judgment." *Textile Unlimited v. A. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001). Courts must be particularly cautious in disrupting the status quo where injunctive relief would interfere with administrative procedures. *See Heckler v. Lopez*, 463 U.S. 1328, 1333 (1983) (stating general principle that a district court's injunctive power should not be a basis for "propel[ling] the court into the domain which Congress has set aside exclusively for the administrative agency"). If a court determines there are no serious questions going to the merits, the court need not assess "the public interest element." *Global Horizons v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007). Rather, a court's "analysis may end, and no further findings are necessary." *Id.*

## ARGUMENT

I.   **This Court lacks subject matter jurisdiction to enjoin Plaintiffs' removal proceedings, and lacks subject matter jurisdiction to consider Plaintiffs' claim that they are entitled to counsel at government expense in removal proceedings, pursuant to 8 USC §§ 1252 (a)(5), (b)(9), and (g).**

This Court should deny Plaintiffs' request for a preliminary injunction to enjoin their removal proceedings because this Court lacks subject matter jurisdiction to grant this relief. *See Price v. City of Stockton,* 390 F.3d 1105, 1117 (9th Cir.2004) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court"). Additionally, because this Court lacks subject matter jurisdiction to consider Plaintiffs' claim that they are entitled to counsel at government expense during removal proceedings, Plaintiffs cannot demonstrate that they are likely to succeed on the merits. Accordingly, the motion for a preliminary injunction should be denied.

   a.   **This Court lacks jurisdiction to enjoin Plaintiffs' removal proceedings pursuant to 8 U.S.C. § 1252(g).**

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

As an initial matter, this Court should deny Plaintiffs' request for a preliminary injunction to continue their removal proceedings because this Court lacks subject matter jurisdiction to grant this relief.  Specifically, under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General[5] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Here, Plaintiffs have styled their relief as a request to enjoin Defendants from "denying continuances" in Plaintiffs' immigration proceedings "until such time as they are provided with or otherwise obtain counsel."[6] Pls.' Mot. Prelim. Inj. at 24, ECF No. 24.  As discussed above, no Plaintiff has been denied a continuance.  Immigration judges employ a "good cause" standard for determining whether to grant a continuance, and must grant realistic continuances in order for respondents to find counsel.  *See Biwot v. Gonzales,* 403 F.3d 1094, 1100 (9th Cir. 2005) (stating that if an alien in proceedings "does not affirmatively waive his right to counsel, the [immigration judge] must inquire whether there is good cause to grant petitioner more time to obtain counsel"); *see also Matter of C- B-*, 25 I. & N. Dec. at 889 (holding that, "[i]n order to meaningfully effectuate the statutory and regulatory privilege of counsel where it has not been expressly waived, the Immigration Judge must grant a reasonable

---

[5] As of March 1, 2003, in accordance with section 1517 of title XV of the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2135, any reference to the Attorney General in a provision of the Immigration and Nationality Act describing functions transferred under the HSA from the Department of Justice to the Department of Homeland Security "shall be deemed to refer to the Secretary" of Homeland Security.  *See* 6 U.S.C. § 557 (2003) (codifying HSA, tit. XV, sec. 1517).

[6] Plaintiffs propose that the Court enter the following order: "Pending a trial on the merits, Defendants, and their officers, agents, servants, employees, and attorneys, and all those who are in active concert or participation with them, are hereby enjoined from denying continuances in the immigration proceedings of Plaintiffs J.E.F.M., J.F.M., D.G.F.M., F.L.B., S.R.I.C., and G.M.G.C. until such time as they are provided with or otherwise obtain counsel."  Pls.' Proposed Order at 2, ECF No. 24-1.

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

and realistic period of time to provide a fair opportunity for the respondent to seek, speak with, and retain counsel"); *see also* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."). Accordingly, the basis for this requested injunction is entirely speculative. There is also an avenue of administrative and judicial review should a continuance be denied and a removal order be entered.

Rather than merely delaying removal proceedings, the requested relief could effectively enjoin Plaintiffs' removal proceedings altogether. The proposed preliminary injunction does not contain any limitations on the length or number of continuances that immigration judges would be compelled to grant, and does not contain any corresponding requirement on Plaintiffs to demonstrate that they are making reasonable efforts to find counsel. This will have the effect of enjoining Defendants from proceeding on any of the Plaintiffs' removal cases indefinitely or at least until he or she turns eighteen. Section 1252(g) precludes this Court from exercising subject matter jurisdiction to enjoin removal proceedings in this manner. *See Reno v. Am.-Arab Anti-Discrimination Comm.* ("AADC"), 525 U.S. 471, 472-76, 487 (1999) (holding that Section 1252(g) acts as a jurisdictional bar to a suit seeking to enjoin removal proceedings because of selective prosecution); *see also Ali v. Mukasey*, 524 F.3d 145, 150 (2d Cir. 2008) (holding that section 1252(g) applied to a claim that DHS had improperly exercised its discretion in bringing removal proceedings against various aliens); *see also Tobar-Barrera v. Napolitano*, Civil Nos. RDB 09-3064, RDB 10-0176, 2010 WL 972557 *2 (D. Md. March 12, 2010) (holding that under § 1252(g) the court lacks subject matter jurisdiction to enjoin removal proceedings); *see also Moore v. Mukasey*, No. H-08-1923, 2008 WL 4560619 *2 (S.D. Tex. October 9, 2008) (holding that under § 1252(g) the court lacks subject matter jurisdiction to enjoin removal proceedings

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

because of selective prosecution).  Because Plaintiffs seek the exact relief § 1252(g) explicitly

prohibits this Court from granting, the motion for a preliminary injunction should be denied for

lack of subject matter jurisdiction.

> **b.  This Court lacks jurisdiction to consider Plaintiffs' claim that they are entitled to counsel at government expense in removal proceedings pursuant to 8 U.S.C. §§ 1252(a)(5) and (b)(9).**

Plaintiffs' request that this Court issue an injunction directing Defendants to ensure that

Plaintiffs are represented by counsel in immigration proceedings is barred by the REAL ID Act,

as codified in 8 U.S.C. §§ 1252(a)(5), (b)(9).  Sections 1252(a)(5) and (b)(9) operate together to

channel legal challenges to the adequacy of removal proceedings away from the district courts

and into the courts of appeal.  8 U.S.C. § 1252(a)(5) states as follows:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed <u>with an appropriate court of appeals</u> in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.
>
> (Emphasis added).

8 U.S.C. § 1252(b)(9) further states that:

> (9) Consolidation of questions for judicial review
>
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, <u>arising from any action taken or proceeding brought to remove an alien from the United States</u> under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Defendants' Opposition to Motion for Preliminary Injunction   U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 10                                    Office of Immigration Litigation
                                                              P.O. Box 868, Ben Franklin Station
                                                              Washington, DC 20044

(Emphasis added).  Section 1252(b)(9) "is a zipper clause in the sense that it consolidates or zips judicial review of immigration proceedings into one action in the court of appeals."  *Singh v. Gonzales,* 499 F.3d 969, 976 (9th Cir. 2007) (internal quotations omitted).  Plaintiffs' request for an injunction falls squarely within the scope of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceedings brought to remove an alien from the United States."  8 U.S.C. § 1252(b)(9).  Plaintiffs may argue that in the Ninth Circuit § 1252(a)(5) and (b)(9) only limit challenges to final orders of removal.  *See Singh,* 499 F.3d at 980.  But that is essentially what Plaintiffs are trying to preemptively challenge here.  The assumption underlying their complaint is that if Plaintiffs do not receive counsel, they will suffer prejudice, ultimately resulting in a final order of removal.  But the INA already provides a clear path for Plaintiffs to raise this claim to both the Board of Immigration Appeals and, if unsuccessful there, to the Courts of Appeal through a petition for review.  Accordingly, § 1252(b)(5) and (b)(9) preclude judicial review of Plaintiffs' claims here, and this Court should deny their request for a preliminary injunction.

      **c.  This Court lacks subject matter jurisdiction to grant the preliminary injunction, and to consider Plaintiffs' claim that they are entitled to counsel at government expense in removal proceedings, because Plaintiffs have not demonstrated an unequivocal waiver of sovereign immunity.**

It is a fundamental principle under the doctrine of sovereign immunity that the United States cannot be sued without its consent.  *United States v. Testan*, 424 U.S. 392 (1976).  Any waiver of governmental immunity must be unequivocal, and such waivers are strictly construed.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The party bringing the action bears the burden of demonstrating an unequivocal waiver of immunity.  *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986).  Plaintiffs have not identified a waiver of sovereign immunity in

Defendants' Opposition to Motion for Preliminary Injunction      U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 11                              Office of Immigration Litigation
                                                  P.O. Box 868, Ben Franklin Station
                                                         Washington, DC 20044

their complaint.  They allege, "[t]his Court has subject matter jurisdiction pursuant to the general federal question statute, 28 U.S.C. § 1331, the federal habeas statute, 28 U.S.C § 2241 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651."  Compl. ¶ 8.  Neither the general federal question statute, nor the All Writs Act, however, waive sovereign immunity.  *See, e.g. Holloman v. Watt*, 708 F. 2d 1399, 1401 (9th Cir. 1983) (general question statue does not waive sovereign immunity); *see, e.g., Stimac v. Haag*, C10-02216, 2010 WL 3835719 (N.D. Cal. Sept. 29, 2010) (All Writs Act does not waive sovereign immunity).

Plaintiffs also cannot rely on the federal habeas statute, 28 U.S.C. § 2241, to sidestep the sovereign immunity bar because the complaint does not contain any habeas claims.  The named Plaintiffs are not challenging immigration detention; they are not seeking to represent a class of individuals based on their detention status; and they are not requesting anyone's release from detention.  *See* Compl., section VIII: "Prayer for Relief" at page 26.  Because Plaintiffs have not met their burden of demonstrating an unequivocal waiver of sovereign immunity, they are unlikely to succeed on the merits.  This Court should deny the motion for a preliminary injunction.

## II.  Plaintiffs are unlikely to succeed on the merits of their claims because the INA does not require that counsel be provided for aliens in civil immigration proceedings.

Since 1952, section 292 of the INA, 8 U.S.C. § 1362, has guaranteed aliens in immigration proceedings the "privilege" of representation by counsel.  However, by including the language "at no expense to the Government," Congress was clear that the statute  does not require provision of counsel at government expense.  *See also* 8 U.S.C. § 1229a(b)(4)(A).  Although Congress amended the statutory language to address removal proceedings, as opposed to deportation and exclusion proceedings, it retained the express limitation "at no expense to the Government," indicating once again that the statute does not require provision of counsel at

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 12

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

government expense.  *See* 8 U.S.C. § 1362.  This limitation reflects the fact that removal

proceedings are relatively informal, streamlined administrative proceedings, where the Federal

Rules of Evidence do not apply.  *Chung Lim You v. Mukasey*, No. 06-74741, 2007 U.S. App.

LEXIS 29127, at *5 (9th Cir. Dec. 13, 2007).

Instead of creating a right to appointed counsel, the INA expressly provides a limited

"privilege of being represented, at no expense to the Government, by counsel of the alien's

choosing."  8 U.S.C. § 1362; *see* 8 U.S.C. § 1229a(b)(4)(A). Plaintiffs' claim that the INA

requires appointed counsel is belied by Congress' expressed intent in the INA that the

government is not required to pay for counsel in removal proceedings.  *See, e.g., El Rescate

Legal Services, Inc. v. EOIR,* 959 F.2d 742, 750 (9th Cir. 1992) (discussing congressional intent

that the government not be required to pay for appointed counsel in immigration court

proceedings); *Escobar Ruiz v. INS*, 838 F.2d 1020, 1028 (9th Cir. 1988) (stating that 8 U.S.C.

§ 1362 "expresses Congress' intent to grant aliens the right to be represented by counsel in such

proceedings, but not to grant indigent aliens the right to have counsel appointed at government

expense").

"[U]nder accepted canons of statutory interpretation, statutes are to be interpreted as a

whole," meaning that "[o]ne provision of a statute should not be interpreted in a manner that

renders other sections of the same statute inconsistent, meaningless or superfluous."  *United

States v. Fiorillo,* 186 F.3d 1136, 1153 (9th Cir. 1999) (citing *Boise Cascade Corp. v. EPA,* 942

F.2d 1427, 1432 (9th Cir. 1991)); *see also Hughes Air Corp. v. Public Utilities Comm.,* 644 F.2d

1334, 1338 (9th Cir. 1981) (noting that "basic rule of statutory construction is that one provision

should not be interpreted in a way which is internally contradictory or that renders other

provisions of the same statute inconsistent or meaningless").  If this Court were to read a right to

appointed counsel for juvenile aliens into 8 U.S.C. § 1229a(b)(4)(B) and other parts of the INA

that safeguard aliens' procedural rights, it would render meaningless the express language of 8

U.S.C. § 1229a(b)(4)(A) and 8 U.S.C. § 1362, which make clear that the government is not

required to pay for counsel in removal proceedings.  Thus, this Court cannot read into the statute

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 13

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

a requirement for the Government to provide appointed counsel without frustrating Congress'

clear intent.

Because the INA does not require the Government to provide Plaintiffs with appointed

counsel, Plaintiffs are not likely to succeed on the merits of their First Claim for relief, and this

Court should deny their request for a preliminary injunction.

**III.  Plaintiffs are unlikely to succeed on the merits of their claims because the Fifth Amendment Due Process Clause does not require the government to provide counsel to minors in civil immigration proceedings.**

Nothing in the United States Constitution requires the appointment of counsel for minors

in immigration court at government expense.  Since the *Chinese Exclusion Case*, 130 U.S. 581

(1889), the Supreme Court has, "without exception, sustained the exclusive power of the political

branches to decide which aliens may not enter the United States, and on what terms."  *Kiyemba*

*v. Obama*, 555 F.3d 1022, 1025-26 (D.C. Cir. 2009), *reinstated at*, 605 F.3d 1046 (D.C. Cir.

2010) (citing cases); *see also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543-44

(1950) (holding that "[w]hatever the procedure authorized by Congress is, it is due process as far

as an alien denied entry is concerned").  Moreover, it is well-established that a removal

proceeding is a purely civil action in which the "various protections that apply in the context of a

criminal trial do not apply."  *INS v. Lopez-Mendoza,* 468 U.S. 1032, 1038 (1984); *see Arizona v.*

*United States*, __ U.S. __, 132 S. Ct. 2492, 2499 (2012) ("Removal is a civil, not criminal,

matter").  An individual's only explicit constitutional right to appointed counsel comes from the

Sixth Amendment, which does not apply in removal proceedings.  *See Montes–Lopez v. Holder*,

694 F.3d 1085, 1088 (9th Cir. 2012) (holding that the Sixth Amendment's guarantee of the right

to counsel is not applicable to immigration proceedings).  By its text, the Sixth Amendment

applies "in all criminal prosecutions."  Thus, "[t]here is no constitutional right to counsel in

deportation proceedings."  *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir.

2000) (citing *Castro–Nuno v. INS*, 577 F.2d 577, 578 (9th Cir. 1978)); *INS v. Lopez–Mendoza*,

468 U.S. 1032, 1038 (1984) (same).  Unlike a criminal trial, a removal proceeding need only

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 14

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

comport with fundamental fairness, meaning that an alien must receive a "full and fair" hearing prior to his removal.  *See Tejeda-Mata v. INS,* 626 F.2d 721, 726 (9th Cir. 1980).

Relying chiefly on *In re Gault*, 387 U.S. 1 (1967), Plaintiffs contend that the fact that immigration cases are civil rather than criminal does not obviate the need for appointed counsel in removal proceedings involving children.  *Id.* at 24-41 (right to appointed counsel in delinquency proceeding which may result in commitment to an institution in which the juvenile's freedom is curtailed).  Pls. Mot. Prelim. Inj. at 8-9.  "The Court in <u>Gault</u> was obviously persuaded that the State intended to <u>punish</u> its juvenile offenders, observing that in many States juveniles may be placed in 'adult penal institutions' for conduct that if committed by an adult would be a crime." *Allen v. Illinois*, 478 U.S. 364, 373 (1986) (citing *In re Gault*, 387 U.S. at 49-50) (emphasis in original).

Plaintiffs' reliance on *Gault* is misplaced.  "A deportation proceeding [in contrast to a criminal proceeding] is a purely civil action to determine eligibility to remain in this country, <u>not to punish</u> an unlawful entry, though entering or remaining unlawfully in this country is itself a crime." *Lopez–Mendoza*, 468 U.S. at 1038.  "In short, a deportation hearing is intended to provide a streamlined determination of eligibility to remain in this country, nothing more.[7]  The purpose of deportation <u>is not to punish</u> past transgressions but rather to put an end to a continuing violation of the immigration laws." *Id*. at 1039.  Accordingly, there is no Sixth Amendment right to appointed counsel in removal proceedings.

As the Ninth Circuit explained in *United States v. Gasca-Kraft,* "courts have uniformly held in this circuit and elsewhere that in light of the non-criminal nature of both the proceedings and the order which may be a result, . . . respondents [in removal proceedings] are not entitled to have counsel appointed at government expense." 522 F.2d 149, 152 (9th Cir. 1975) (*abrogated on other grounds*, *United States v. Medoza-Lopez*, 481 U.S. 828, 834 (1987)); *see also*

---

[7]  Although the Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356 (2010), recognized deportation is a penalty, the Court reiterated that it is not a criminal sanction.  *Id.* at 365  ("We have long recognized that deportation is a particularly severe 'penalty,' *Fong Yue Ting v. United States*, 149 U.S. 698, 740 (1893); but it is not, in a strict sense, a criminal sanction.").

Defendants' Opposition to Motion for Preliminary Injunction     U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 15                                        Office of Immigration Litigation
                                                                 P.O. Box 868, Ben Franklin Station
                                                                 Washington, DC 20044

*Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir. 1985) (due process entitles an alien in removal proceedings "to counsel of his own choice at his own expense under terms of the [INA]," not to appointed counsel at government expense); *Leslie v. Att'y Gen.*, 611 F.3d 171, 181 (3d Cir. 2010) ("the Fifth Amendment does not mandate government-appointed counsel for aliens at removal proceedings"); *Montilla v. INS*. 923 F.2d 162, 166 (2d. Cir. 1991) (noting that there is only a statutory and constitutional right to counsel at the alien's own expense in deportation proceedings).

Plaintiffs also contend that due process requires appointed counsel for minors in removal proceedings because of the "tremendous consequences" of the children's "limited capacity to present complex factual and legal arguments." *See* Complaint ECF No. 1, at ¶ 4, 84. Plaintiffs' argument is unavailing, and it correctly has been rejected already by another court within this Circuit. *See Gonzalez-Machado v. Ashcroft*, No. 02-0066 (E.D. Wash.), Order Granting Defendants' Motion to Dismiss (June 18, 2002) ECF No. 69 (attached as Exhibit A). In particular, Gonzalez-Machado – through his counsel Matthew Adams, who also is current counsel to the Plaintiffs in the instant case – made the same argument in the United States District Court, Eastern District of Washington in 2002 that Plaintiffs assert here. *Compare Gonzalez-Machado v. Ashcroft*, No. 02-0066 ECF No. 69 at 18-22 *with* Complaint ECF No. 1, at ¶ 4, 84. The *Gonzalez-Machado* court readily disposed of the contention. The court emphasized that both the Supreme Court and the Ninth Circuit rely on the civil/criminal distinction in the immigration context to limit the process that is due in removal proceedings. *See Gonzalez-Machado* at 19, 21. Further, the Ninth Circuit precedent rejecting a due process right to appointed counsel in removal proceedings is not based on the concept that adult aliens can effectively participate in removal proceedings without the assistance of counsel, but on the civil nature of the removal proceedings themselves. *Id*. at 19. The court therefore found that the question was not whether the needs of juvenile aliens were different than those of adults, but whether the interests of juvenile aliens in removal proceedings were different from those of adults. *Id*. at 20. The court concluded that because the interests of juveniles generally could not

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

be distinguished from those of adults, plaintiff had "not demonstrated that the fundamental civil/criminal dichotomy that forms the basis for Ninth Circuit case law on this issue is no longer a valid analytical model or that the interests of juvenile aliens undermines the reasoning of those prior opinions when applied to children." *Id*. at 21-22.  Accordingly, the court dismissed the compliant.  *Id.* at 22.

Because of the limitations on this Court's subject matter jurisdiction to grant the relief requested in the complaint and the absence of authority supporting the proposition that the INA and due process require the government to provide counsel to minors in removal proceedings, Plaintiffs have not raised serious questions about their likelihood of success on the merits. Accordingly, this Court should deny the request for a preliminary injunction.  *See Freecycle Network, Inc.,* 505 F.3d at 902.

### IV.    Plaintiffs cannot show that they will suffer irreparable harm if this Court does not grant the preliminary injunction.

Plaintiffs cannot demonstrate that they will be irreparably harmed if this Court denies preliminary relief.  As an initial matter, Plaintiffs can state no due process right to government appointed counsel for *any* alien during immigration proceedings.  As discussed in sections II and 3, *supra*, the INA and Constitution do not require the government to provide counsel to aliens in immigration proceedings at government expense.  Accordingly, this Plaintiffs' alleged constitutional injury cannot provide the basis for a finding of irreparable harm.  *See, e.g., Am. Promotional Events, Inc.--Nw. v. City & Cnty. of Honolulu*, 796 F. Supp. 2d 1261, 1283 (D. Haw. 2011) (holding that court would not presume irreparable harm where plaintiff was not likely to succeed on merits of constitutional claims).

Plaintiffs' claim that they face "real and immediate" harm because "Defendants have explicitly refused to assure these children that their cases will be continued to allow them to find

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 17

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

attorneys" is inapposite. *See* Pls.' Mot. Prelim. Inj. at 20.   Based on the record to date, however, the six Plaintiffs in this case have not asked an immigration judge for a continuance to hire counsel.  Immigration judges are required by precedent of the Board of Immigration Appeals to grant reasonable continuances to unrepresented minors who request the opportunity to obtain counsel. *See Matter of C- B-*, 25 I & N Dec.  at 889 (holding that, "[i]n order to meaningfully effectuate the statutory and regulatory privilege of counsel where it has not been expressly waived, the Immigration Judge must grant a reasonable and realistic period of time to provide a fair opportunity for the respondent to seek, speak with, and retain counsel").  An unreasonable denial could form the basis of an appeal of a removal order.  Thus, Plaintiffs cannot demonstrate any irreparable harm, even if they could show that a specific immigration judge denied or intended to deny a request for a continuance, or did not accord Plaintiffs a reasonable time to seek counsel.   Absent this showing, Plaintiffs' fears that they will not get a continuance – or that the length of the continuance will be inadequate – are at most speculative. *See Caribbean Marine Serv. Co., Inc. v. Baldrige*, 844 F. 2d 668, 674 (9th Cir. 1988) (noting that "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction"); *see also Winter,* 555 U.S. at 22 ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Thus, Plaintiffs have not established imminent harm sufficient to warrant a preliminary injunction.

Furthermore, as discussed above, minors, particularly those who are unaccompanied, receive special protections and procedures throughout the immigration process designed to ensure that they receive a full and fair opportunity to exercise all of their rights.  The TVPRA

Defendants' Opposition to Motion for Preliminary Injunction          U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 18                                                    Office of Immigration Litigation
                                                                                        P.O. Box 868, Ben Franklin Station
                                                                                                  Washington, DC 20044

includes special procedures for handling unaccompanied alien children at ports of entry,

including enhanced screening for severe forms of trafficking in persons or credible fear of return

to the child's country of nationality or last habitual residence due to persecution.[8]   TVPRA

§ 235(a)(2) (codified at 8 U.S.C. § 1232).   Further, care and custody of unaccompanied alien

children is given to the Office of Refugee Resettlement ("ORR"), a component of the

Department of Health and Human Services.   6 U.S.C. § 279; 8 U.S.C. § 1232(b)(1).   ORR is

authorized by the TVPRA to appoint child advocates for children who are victims of trafficking

and other vulnerable unaccompanied alien children, and to ensure access to counsel for

unaccompanied alien children to the greatest extent practicable, consistent with the provision that

such counsel be at no expense to the Government.   8 U.S.C. § 1232(b)(5)-(6).

Unaccompanied alien children also receive additional protections in the asylum context.

The TVPRA gives initial jurisdiction over asylum applications to the United States Citizenship

and Immigration Service ("USCIS"), a component of the Department of Homeland Security, for

all unaccompanied alien children.   TVPRA § 235(d)(7)(B) (codified at 8 U.S.C.

§ 1158(b)(3)(C)).   This enables unaccompanied alien children to have their asylum applications

adjudicated in the first instance by an asylum officer, rather than an immigration judge, in a non-

adversarial environment.   The TVPRA also excludes unaccompanied alien children from the

deadline to file for asylum within one year of their arrival in the United States absent

extraordinary circumstances.   TVPRA § 235(d)(7)(A) (codified at 8 U.S.C. § 1158(a)(2)(E)).

Similarly, unaccompanied alien children are exempt from the safe third country provisions.   *Id.*

---

[8] An unaccompanied alien child is defined as "a child who has no lawful immigration status in the United States; has not attained 18 years of age; and with respect to whom there is no parent or legal guardian in the United States, or no parent or legal guardian in the United States is available to provide care and physical custody."  6 U.S.C. § 279(g).

Defendants' Opposition to Motion for Preliminary Injunction         U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 19                                  Office of Immigration Litigation
                                                          P.O. Box 868, Ben Franklin Station
                                                          Washington, DC 20044

(stating that an alien is not eligible for asylum if "the alien may be removed, pursuant to a bilateral or multilateral agreement, to a country . . . in which the alien's life or freedom would not be threatened . . . .").

In immigration court, judges are prohibited from "accept[ing] an admission of removability from an unrepresented respondent who is . . . under the age of 18 and is not accompanied by an attorney or legal representative, a near relative, legal guardian, or friend."  8 C.F.R. § 1240.10(c); *see also* 8 C.F.R. § 1240.48(b) (prohibiting an immigration judge from "accept[ing] an admission of deportability from an unrepresented respondent who is . . . under the age of 16 and is not accompanied by a guardian, relative, or friend").  Further, the Office of the Chief Immigration Judge for the Executive Office for Immigration Review, a component of the Department of Justice, has issued (OPPM) 07-01, Guidelines for Immigration Court Cases Involving Unaccompanied Alien Children, which mandates the use of child-sensitive procedures and modifications in immigration court, tailored to the age and maturity of the juvenile respondent, and encourages establishment of separate juvenile dockets.  It allows other modifications from the standards found in other cases, such as allowing immigration judges to accept unopposed motions for changes of venue without the inclusion of applications for relief or pleadings to the charges of removability, as is required of most adult respondents, and exempts juvenile cases from administrative case completion goals and aged case completion deadlines, allowing judges to grant continuances without undue concern for administrative deadlines.

In addition to these special procedures, Plaintiffs may appeal, as of right, the immigration judge's denial of any right or relief to the Board of Immigration Appeals, and from there, to the Court of Appeals.  *See* 8 U.S.C. § 1252.  Thus, Congress, by enacting 8 U.S.C. § 1252, ensured

judicial review of all alleged constitutional violations that these Plaintiffs may assert, including right to counsel.  *See Comm. of Cent. Am. Refugees v. I.N.S.*, 682 F. Supp. 1055, 1063 (N.D. Cal. 1988) (holding that if the alien's asylum application is denied, "he may challenge the validity of his deportation order to the BIA and the Ninth Circuit Court of Appeals on the basis of an alleged denial of the right to counsel").  The Courts of Appeals are more than equipped to protect the interest of all persons, including minors, who claim to have been denied a right during removal proceedings.  Because of these protections, Plaintiffs cannot demonstrate that they will be irreparably harmed if this Court denies preliminary relief.  Accordingly, this Court should deny Plaintiffs' request for a preliminary injunction.

### V.   The balance of the hardships, and the public interest, both favor denying Plaintiffs' request for a preliminary injunction.

Plaintiffs cannot show that the balance of hardships weighs in their favor.  Plaintiffs contend that the weight of the harm they will suffer in the absence of the requested injunction is "profound and life-altering."  Pls.' Mot. Prelim. Inj. at 23.  To the contrary, if this Court denies the motion, the only harm that Plaintiffs could arguably suffer is that they will have to wait until the conclusion of their removal proceedings to raise the argument that they suffered prejudice because they did not have counsel during their removal proceedings.  Based on the relief that they seek both in this motion and in their underlying complaint, however, they will allegedly be harmed *only if*: (1) they are unable to obtain counsel; (2) their proceedings are completed before they turn eighteen (because the relief requested in the complaint is limited to government-provided counsel for individuals under the age of eighteen); and, (3) they are ordered removed and do not receive any relief.  And, even if these three contingencies occur – which is speculative as to every Plaintiff at this time – Plaintiffs have the opportunity to raise the

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 21

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

arguments that they have asserted in their complaint (namely, that they were prejudiced because the government did not provide them with counsel or allow sufficient continuances to find counsel on their own) in a petition for review with the court of appeals.[9]  Accordingly, Plaintiffs have not established that they will suffer any concrete harm if this Court denies their motion.

A preliminary injunction would, however, directly harm Defendants.  To the extent that it would enjoin Plaintiffs' removal proceedings, the preliminary injunction would permit and prolong a continuing violation of United States law.  *See AADC,* 525 U.S. at 490 ("Whereas in criminal proceedings the consequence of delay is merely to postpone the criminal's receipt of his just deserts, in deportation proceedings the consequence is to permit and prolong a continuing violation of United States law").  Additionally, an order effectively enjoining Defendants from conducting removal proceedings involving minors could encourage many more children to make the treacherous journey to the United States.  Accordingly, the harm to Defendants is substantial and outweighs any speculative harm Plaintiffs may suffer if they do not ultimately receive counsel and have to wait to raise their claims later in the court of appeals.

Finally, the preliminary injunction is not in the public interest.  Plaintiffs argue that the public has in interest in seeing that Plaintiffs' removal proceedings are accurately resolved with respect to their statutory and constitutional rights.  Pls.' Mot. Prelim. Inj. at 23.  As discussed above, however, several courts have already determined the scope of these purported rights, such

---

[9] And, even if this Court were to grant the requested preliminary injunction, any resulting delay in Plaintiffs' removal proceedings could be detrimental to their ability to obtain relief.  For example, if a Plaintiff intends to apply for asylum, it is possible that, by the time the individual turns eighteen, conditions in the Plaintiff's country of nationality or last habitual residence will have changed such that the Plaintiff is no longer eligible.  Further, if Plaintiffs are unaccompanied, they may lose their exemption from the one-year and safe third country bars to asylum.  Accordingly, the requested preliminary injunction may well disadvantage Plaintiffs.

Defendants' Opposition to Motion for Preliminary Injunction          U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 22                                                                  Office of Immigration Litigation
                                                                                                        P.O. Box 868, Ben Franklin Station
                                                                                                                 Washington, DC 20044

that further delay of Plaintiffs' removal proceedings would not benefit the public interest.  More important, the public has a compelling interest in orderly and efficient removal proceedings, which are critical to maintaining the sovereign borders of the United States.  The Supreme Court "has repeatedly emphasized that over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens."  *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (internal quotations and citations omitted); *see also id.*(quoting *Shaughnessy v. Mezei*, 345 U.S. 206, 210 (1953)) ("Our cases 'have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'").  Because the public has an interest in discouraging illegal immigration, as well as in the orderly administration of removal proceedings, this Court should deny the motion for a preliminary injunction.

## CONCLUSION

This Court lacks subject matter jurisdiction to enter the preliminary injunction that Plaintiffs request and to consider the merits of Plaintiffs' complaint.  Additionally, Plaintiffs cannot demonstrate that they are likely to succeed on the merits of their claim because neither the United States Constitution nor the INA requires the federal government to provide counsel at government expense to minors in immigration proceedings.  Accordingly, this Court should deny Plaintiffs' motion for a preliminary injunction.

Defendants' Opposition to Motion for Preliminary Injunction
No. 2:14-cv-01026, Page 23

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

DATED: August 18, 2014                    Respectfully Submitted,

                                          STUART F. DELERY
                                          Assistant Attorney General

                                          LEON FRESCO
                                          Deputy Assistant Attorney General

                                          WILLIAM C. PEACHEY
                                          Director
                                          Office of Immigration Litigation
                                          District Court Section

                                          COLIN A. KISOR
                                          Deputy Director

                                          ELIANIS  PEREZ
                                          Senior Litigation Counsel

                                          SARAH FABIAN
                                          Trial Attorney

                                          SARAH MALONEY
                                          Trial Attorney

                                           s/ William C. Silvis
                                          WILLIAM C. SILVIS
                                          Acting Assistant Director
                                          Office of Immigration Litigation
                                          District Court Section
                                          Civil Division, U.S. Department of Justice
                                          P.O. Box 878, Ben Franklin Station
                                          Washington, D.C. 20044
                                          Tel.:  (202) 307-4693
                                          Fax:  (202) 305-7000
                                          E-mail: william.silvs@usdoj.gov

Defendants' Opposition to Motion for Preliminary Injunction       U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 24                                Office of Immigration Litigation
                                                   P.O. Box 868, Ben Franklin Station
                                                        Washington, DC 20044

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 18, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

<u>s/ William C. Silvis</u>
WILLIAM C. SILVIS
Acting Assistant Director

Defendants' Opposition to Motion for Preliminary Injunction        U.S. Department of Justice, Civil Division
No. 2:14-cv-01026, Page 25                                         Office of Immigration Litigation
                                                                   P.O. Box 868, Ben Franklin Station
                                                                   Washington, DC 20044