Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.E.F.M., a minor, by and through his Next Friend, Bob Ekblad; et al., | Case No. 2:14-cv-01026-TSZ |
| Plaintiffs-Petitioners, | MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| Eric H. HOLDER, Attorney General, United States; et al., | NOTING DATE: Monday, April 27, 2015 |
| Defendants-Respondents. | |

PLS.' MOT. FOR RECONS.
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

Plaintiffs respectfully request that the Court reconsider three limited aspects of its Order on Defendants' Motion to Dismiss, Dkt. 114, under Local Rules W.D. Wash. LCR 7(h). First, under the legal rules set forth in the Order, A.E.G.E.'s claims are unquestionably ripe because his charging document was already filed with the immigration court. Second, under this Court's prior interpretation of 8 U.S.C. § 1252(g), G.J.C.P.'s claims are not jurisdictionally barred, because her claim does not challenge any decision that falls within Section 1252(g)'s ambit. Dkt. 114 at 10. Third, 8 U.S.C. § 1252(f)(1) does not bar class-wide injunctive relief. The Ninth Circuit specifically permitted such relief in *Rodriguez v. Hayes*, 591 F.3d 1105, 1119-20 (9th Cir. 2010), and in *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) affirmed an order granting class-wide relief. This Court should either reverse its ruling outright or refrain from addressing the issue, as it is premature.

## ARGUMENT

This Court may reconsider its ruling if it rests "on an inaccurate view of the law," *Smith v. Pac. Props. and Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004), or other "manifest error," including errors of fact, W.D. Wash. Local Rule 7(h).

### A. Under the Ripeness Standard This Court Adopted, A.E.G.E.'s Claims Are Ripe for Review Because His Removal Proceedings Have Commenced.

This Court concluded that it had "jurisdiction [] with respect to juveniles *currently in removal proceedings*" as to their constitutional due process claims. Dkt. 114 at 7 (emphasis added). It then dismissed three-year-old A.E.G.E. from the case based on the incorrect belief that his proceedings had not commenced. *Id*. at 7-8.

Contrary to Defendants' statements at oral argument, Dkt. 110, Transcript of March 6, 2015 hearing (hereinafter Tr.) at 12:10-13:3 removal proceedings have commenced against A.E.G.E. The agency's own rules make clear that removal proceedings formally commence when DHS files the Notice to Appear ("NTA")—i.e., the charging document—with the immigration court. *See* 8 C.F.R. 1239.1(a) ("Every removal proceeding conducted under

PLS.' MOT. FOR RECONS. - 1
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

section 240 of the Act (8 U.S.C. 1229a) to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the immigration court."); 8 C.F.R. 1003.14 ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."); Immigration Court Practice Manual § 4.2(a) (2013) (same); *see also Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009) ("Formal removal proceedings do not commence until the INS has filed an NTA in the immigration court."); *Dababneh v. Gonzales*, 471 F.3d 806, 809-10 (7th Cir. 2006) (finding that IJ had jurisdiction at time NTA was filed, even though notice of hearing date was issued later); *Matter of Sanchez-Herbert*, 26 I. & N. Dec. 43, 44 (BIA 2012) ("Once a notice to appear has been properly filed with the Immigration Court, jurisdiction vests. As long as the allegations and charges stated in the notice to appear continue to be applicable, *the alien remains subject to removal*.") (emphasis added and citation omitted).

Here, there can be no dispute that DHS has issued an NTA against A.E.G.E. and filed it with the immigration court, as Plaintiffs stated at oral argument. Tr. at 81:17-82:5; *see also* Declaration of Talia Inlender (to be concurrently filed herewith), ¶¶ 4-6, (confirming that the Government filed A.E.G.E.'s NTA with the court, that he was previously scheduled for an immigration court hearing in Texas in September 2014, and that he is now in the court's Automated Status Query system, albeit without a new date); Dkt. 95, ¶¶ 21, 101.[1] Accordingly, three-year-old A.E.G.E. is in the exact same position as the Plaintiffs whose claims this Court found ripe, because he too is "currently in removal proceedings."[2]

**B. As Previously Interpreted By This Court, Section 1252(g) Does Not Bar**

---

[1] This Court may rely on A.E.G.E.'s NTA and hearing notice in resolving Defendants' Motion to Dismiss because the complaint necessarily relies upon it, thereby incorporating it by reference. *Davis v. HSBC Bank.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012). Further, Fed. R. Civ. P. 12(b)(1) permits consideration of the NTA and hearing notice as documents of independent legal significance. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) ("Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case . . . .").

[2] Defendants never asserted that A.E.G.E.'s claims were unripe prior to oral argument, despite having argued (on other grounds) that he should not be added to the case. *See, e.g.*, Dkt. 97 n.5.

PLS.' MOT. FOR RECONS. - 2
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

**G.J.C.P.'s Claims.**

This Court has previously recognized that Section 1252(g) does not bar the claims raised here because its scope is "narrow," and focuses only on the three acts expressly enumerated in the statute – to "*commence* proceedings, *adjudicate* cases, or *execute* removal orders." Dkt. 114 at 10 (quoting *Reno v. Arab-Am. Discrimination Comm.*, 525 U.S. 471, 482 (1999)). For this reason, the Court previously held that the non-dismissed Plaintiffs' "right-to-counsel claim[s] do[] not implicate the Attorney General's discretion" over those three specific acts, such that Section 1252(g) does not bar their claims. *Id* at 11.

G.J.C.P.'s legal claim—namely, that she was denied her right to appointed counsel in her removal proceeding—is identical to that of the non-dismissed Plaintiffs for purposes of Section 1252(g). She too argues that "the . . . Due Process Clause of the Fifth Amendment mandate that the Government ensure that all children in immigration proceedings have legal counsel." Dkt. 95 ¶¶ 113, 117. While G.J.C.P. differs from the other Plaintiffs insofar as she already has a removal order, that fact does not bring her claim within Section 1252(g)'s bar. G.J.C.P.'s claim does not "aris[e] from the decision or action by the Attorney General to . . . execute removal orders," Dkt. 114 at 10, as she does not challenge the discretionary decisions to commence proceedings, adjudicate her case, or execute a removal order against her. Rather, her claim arises from Defendants' conduct in denying her appointed counsel in her removal case.[3]

The Ninth Circuit cases this Court cited regarding Section 1252(g) make clear that the existence of a removal order against G.J.C.P. does not suffice to bar review of her claims. *See* Dkt. 114 at 10 (citing *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119 (9th Cir. 1999), and *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998)). In *Walters*, the Ninth Circuit rejected

---

[3] While Defendants raised Section 1252(g) in their original Motion to Dismiss, Dkt. 80 at 9-12, they contended only that the statute barred Plaintiffs' supposed request to "to enjoin the removal proceedings of Plaintiffs and all noncitizen minors in the United States." *Id.* at 10. After this Court rejected that argument, Dkt. 81 at 3, and after G.J.C.P. was added to the case, Defendants did not raise 1252(g) again. *See generally* Dkts. 97, 104. Nor did Defendants argue that Section 1252(g) barred G.J.C.P.'s claim at oral argument.

PLS.' MOT. FOR RECONS. - 3
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

the notion that Section 1252(g) bars a claim whenever someone "seeks relief that would hamper the Attorney General's discretion to execute [her] removal order." Dkt. 114 at 11. There, the Government argued that Section 1252(g) precluded "any relief that interferes with its attempt to execute deportation orders against [] class members." *Walters*, 145 F.3d at 1052. The Ninth Circuit held otherwise, using reasoning that applies precisely to the situation here: "[a]lthough the constitutional violations ultimately may have led to the plaintiffs' erroneous deportation, the resulting removal orders were simply a consequence of the violations, not the basis of the claims." *Id.*[4] Indeed, the *Walters* court went on to affirm an injunction that both *forbade* the Government from executing the deportation orders of certain class members and *compelled* the Government to reopen their cases—relief that would be impossible to grant if Section 1252(g) applied so broadly. *Id.* at 1037, 1052-53. Similarly, in *Barahona-Gomez*, the Ninth Circuit explained that Section 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." 236 F.3d at 1118 (holding Section 1252(g) does not bar review of claim alleging Government improperly halted consideration of plaintiffs' applications for immigration relief) (citation omitted). But G.J.C.P. does not challenge the agency's exercise of discretion; she challenges the legality of the agency's refusal to provide counsel, not its decision to execute her removal order.

The Court also suggested that G.J.C.P.'s claim is barred because she seeks to "circumvent the statutory restrictions on challenging a removal order issued in absentia." Dkt. 114 at 11 (citing 8 U.S.C. §§ 1229a(b)(5)(C)-(D)). To the extent this constitutes a separate basis for barring her claims, it is incorrect. For reasons this Court's Order already explains as to the other Plaintiffs, G.J.C.P. "present[s] a 'pattern and practice' claim as to which recourse to

---

[4] Indeed, if Section 1252(g) is implicated whenever an immigrant "seeks relief that would hamper . . . the discretion to execute" a removal order, Dkt. 114 at 11, courts would lack authority to issue all kinds of plainly lawful forms of relief. For example, a temporary stay of removal pending judicial review clearly "hampers" the Government's ability to execute a removal order, yet courts issue such stays routinely. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 426-27 (2009).

PLS.' MOT. FOR RECONS. - 4
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

the administrative process is guaranteed to fail." Dkt. 114 at 9. Were G.J.C.P. to file a motion to reopen her proceedings based on the appointed counsel claim she raises here, the agency would unquestionably deny it. Dkt. 114 at 8. Thus, recourse to the agency will fail.

**C. Plaintiffs Request that This Court Either Reverse Its Ruling as to Section 1252(f)(1)'s Applicability or Defer Final Resolution of That Issue Until Plaintiffs Seek Classwide Relief.**

Finally, Plaintiffs ask that this Court reconsider its ruling that "the Court lacks jurisdiction to grant classwide injunctive relief" Dkt. 114 at 36, for two reasons.

*First*, the Court's ruling *directly conflicts* with *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2009). While *Rodriguez* did hold that Section 1252(f)(1) permits the issuance of class-wide declaratory relief, Dkt. 114 at 36-37 (citing *Rodriguez*, 591 F.3d at 1119), *Rodriguez* issued *two* holdings with respect to Section 1252(f)(1). *See Rodriguez*, 591 F.3d at 1119 ("Respondents are *doubly* mistaken.") (emphasis added). After concluding that Section 1252(f) did not foreclose declaratory relief, *Rodriguez* also held that Section 1252(f) did not bar injunctions to halt the *unlawful operation* of the statute, stating "[i]n addition, we conclude that Section 1252(f) does *not* bar injunctive relief for the proposed class." *Id*. at 1120 (emphasis added).  On remand, the *Rodriguez* district court granted plaintiffs a *classwide preliminary injunction*, which the Ninth Circuit then affirmed in its entirety. *Rodriguez v. Robbins*, 2012 WL 7653016, *1 (C.D. Cal. Sept. 13, 2012), *aff'd* 715 F.3d 1127, 1131 (9th Cir. 2013). Thus, this Court's decision with respect to Section 1252(f) is directly contrary to the most recent Ninth Circuit decision on this very issue.

Consistent with *Rodriguez*, district courts around the country have issued class-wide injunctions, notwithstanding Section 1252(f)(1), where they serve to facilitate rather than undermine the lawful "operation" of the immigration laws. *Rivera v. Holder*, 2015 WL 1632739, at *12 (W.D. Wash. Apr. 13, 2015) (granting class-wide injunction against unlawful operation of detention or removal provisions); *R.I.L.R. v. Johnson*, __ F. Supp. 3d __, 2015 WL

PLS.' MOT. FOR RECONS. - 5
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

737117, *12 (D.D.C. Feb. 20, 2015) (same); *Reid v. Donelan*, 22 F. Supp. 3d 84, 90 (D. Mass. 2014) (same); *Preap v. Johnson*, 303 F.R.D. 566, 571 n.1 (N.D. Cal. 2014) (same).[5]

*Second*, the Court's ruling on Section 1252(f)(1) is premature because Plaintiffs have not sought class-wide relief of any kind, as no class has been certified. *See* Dkt. 85 at 12-13; Dkt. 98 at 17 n.21; Dkt. 117. In addition, the ruling is premature because the Court specifically declined to consider whether the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, provides a mechanism for affording class-wide relief. *See* Dkt. 114 at 22 n.14. If the Court were to conclude that it does, Section 1252(f)(1) would pose no bar to class-wide injunctive relief, because an injunction appointing attorneys under the CJA would in no way enjoin or restrain class members' removal proceedings. Dkt. 98 at 12-16; Dkt 86 at 7-8.[6]

For these reasons, Plaintiffs respectfully request that the Court either reverse its ruling that Section 1252(f)(1) bars all class-wide injunctive relief in this case, or defer the issue until it is squarely presented – i.e., until Plaintiffs actually seek class-wide relief of some kind.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant this Motion.

DATED this 27th day of April, 2015.

> ACLU IMMIGRANTS' RIGHTS PROJECT
> ACLU OF SOUTHERN CALIFORNIA
>
> By  s/ Ahilan Arulanantham
> Ahilan Arulanantham (*pro hac vice*)
> 1313 West 8th Street
> Los Angeles, CA 90017
> (213) 977-5211
> (213) 977-5297 (fax)
> Email:  aarulanantham@aclusocal.org

---

[5] The cases cited in this Court's order, Dkt. 114 at 37, do not hold otherwise. *Arevalo v. Ashcroft*, 344 F.3d 1, 7 (1st Cir. 2007), addressed an entirely different issue: whether Section 1252(f)(2) (*not* (f)(1)) governed requests for stays of removal in individual cases. 344 F.3d at 4. *Alli v. Decker*, 650 F.3d 1007 (3d Cir. 2011), stated that class-wide declaratory relief was available, but the plaintiffs only sought declaratory relief, not injunctive relief. *See Alli*, 650 F.3d at 1010. And in any event, neither *Arevalo* nor *Alli* bind this Court, whereas *Rodriguez* does.

[6] In addition, Plaintiffs have not yet had no opportunity to craft a request for injunctive relief that might fit within Section 1252(f)(1)'s exception clause for individuals "against whom proceedings . . . have been initiated."

PLS.' MOT. FOR RECONS. - 6
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

By  s/ Matt Adams
Matt Adams, WSBA No. 28287
Glenda M. Aldana Madrid, WSBA No. 46987
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
Email: matt@nwirp.org
          glenda@nwirp.org

Theodore Angelis, WSBA No. 30300
Todd Nunn, WSBA No. 23267
Heidi Craig Garcia, WSBA No. 41399
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
(206) 623-7580
(206) 623-7022 (fax)
Email: theo.angelis@klgates.com
          todd.nunn@klgates.com
          heidi.garcia@klgates.com

Cecillia Wang (*pro hac vice*)
Stephen Kang (*pro hac vice*)
ACLU IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
(415) 343-0950 (fax)
Email: cwang@aclu.org
          skang@aclu.org

Carmen Iguina (*pro hac vice*)
ACLU OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 417-2211 (fax)
Email: ciguina@aclusocal.org

Kristen Jackson (*pro hac vice*)
Talia Inlender (*pro hac vice*)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 385-2977

PLS.' MOT. FOR RECONS. - 7
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

(213) 385-9089 (fax)
Email: kjackson@publiccounsel.org
tinlender@publiccounsel.org

La Rond Baker, WSBA No. 43610
ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184
Email: lbaker@aclu-wa.org

Emily Creighton (*pro hac vice*)
Melissa Crow (*pro hac vice)*
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7500
(202) 742-5619 (fax)
Email: ecreighton@immcouncil.org
mcrow@immcouncil.org

Attorneys for Plaintiffs-Petitioners

PLS.' MOT. FOR RECONS. - 8
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

CERTIFICATE OF ECF FILING AND SERVICE

I certify that on April 27, 2015, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record:

ACLU IMMIGRANTS' RIGHTS PROJECT
ACLU OF SOUTHERN CALIFORNIA

 s/ Ahilan T. Arulanantham
Ahilan Arulanantham *(pro hac vice)*
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 977-5297 (fax)
Email:  aarulanantham@aclusocal.org

PLS.' MOT. FOR RECONS. - 9
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297