Honorable Thomas R. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.E.F.M., a minor, by and through his Next Friend, Bob Ekblad, et al.,<br><br>                Plaintiffs-Petitioners,<br>   v.<br><br>Loretta Lynch, Attorney General, United States, et al.,<br><br>                Defendants-Respondents. | No. 2:14-cv-01026<br><br>DEFENDANTS' MOTION TO DISMISS AS MOOT THE CASES OF J.E.F.M., J.F.M., D.G.F.M., M.A.M., AND J.E.V.G<br><br>NOTING DATE: July 10, 2015 |

DEFENDANTS' MOTION TO DISMISS AS MOOT 1
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

Defendants move this Court to dismiss Plaintiffs J.E.F.M., J.F.M., D.G.F.M., M.A.M., and J.E.V.G. from this case as moot because: a) they no longer have active claims for relief; and b) the alleged fear of harm prompting their request for relief—i.e., that they will be ordered removed during a merits hearing in which they were an unrepresented minor—has been shown to be unsubstantiated.[1] *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) ("It is the duty of counsel to bring to the federal tribunal's attention, without delay, facts that may raise a question of mootness."). Of the eleven named Plaintiffs who have been parties to this case, only three— Plaintiffs J.E.V.G., F.L.B., and M.A.M.—remain in pending removal proceedings. And of those three Plaintiffs, only F.L.B. possesses a viable claim that he could conceivably be ordered removed as an unrepresented minor.[2]

It is well-settled that under Article III of the Constitution, a federal court's jurisdiction is limited to live cases and controversies. U.S. Const. art. III, § 2, cl. 1. In order for a federal court to exercise jurisdiction over a claim, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990). And although a Plaintiff may have Article III standing when a Complaint is filed, events post-dating the filing of the

---

[1] On June 19, 2015, the Court denied Plaintiffs' motion to certify class, ECF No. 117. *See* ECF No. 160. Therefore, the relation back doctrine cannot apply here to salvage Plaintiffs' moot claims. *See, e.g., Pitts v. Terrible Herbst*, 653 F.3d 1081, 1089 (9th Cir. 2011).

[2] There are many intervening events that are reasonably likely to occur in F.L.B.'s case that could also render his claim moot. For instance: 1) F.L.B. could obtain asylum via the same non-adversarial USCIS process successfully used by Plaintiffs J.E.F.M., J.F.M., and D.G.F.M; 2) F.L.B. could obtain an attorney before his next hearing on August 17, 2016 either through his own effort or as part of the new funding for counsel announced by the Department of Health and Human Services, *see* ECF No. 159; or 3) F.L.B. could receive a continuance for his merits hearing on his asylum claim until after his 18th birthday.

DEFENDANTS' MOTION TO DISMISS AS MOOT 1
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

complaint can moot out claims and preclude a finding of standing.  *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000) (describing mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).").

Here, events since the filing of the lawsuit have mooted out most of the Plaintiffs' claims:

On February 10, 2015, Plaintiff G.M.G.C. and Plaintiff S.R.I.C.'s claims were voluntarily dismissed without prejudice.  ECF 107.

In its April 13, 2015 Order, the Court dismissed A.E.G.E. and G.D.S.'s claims without prejudice for lack of ripeness because removal hearings have not been scheduled against these named Plaintiffs.  ECF 114 at 7.  The Court also dismissed G.J.C.P.'s claim because the Court lacked jurisdiction over Plaintiff's collateral attack on an order of removal in absentia. *Id.* at 9.

On May 6, 2015, Plaintiffs J.E.F.M., J.F.M., and D.G.F.M., had their cases administratively closed by an immigration judge because they had pending asylum applications with USCIS, and on May 26, 2016, they were granted asylum status.  *See* ECF No. 154, Ex. A., at 1.

Plaintiff M.A.M.'s removal proceedings had been continued to October 15, 2015, to allow him to pursue non-adversarial Special Immigrant Juvenile ("SIJ") status. During that period on May 13, 2015, he received SIJ status.  *See* ECF No. 154, Ex. A., at 1.

Plaintiff J.E.V.G. obtained several continuances in his case to obtain counsel. He has now obtained counsel before his next hearing on August 19, 2015, which will take place after

DEFENDANTS' MOTION TO DISMISS AS MOOT 2
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

his 18th birthday. *See* ECF No. 154, Ex. A., at 1.

The only remaining Plaintiff in this action is F.L.B. Plaintiff F.L.B. was granted a continuance until August 17, 2016, to allow him time to file an asylum application. *See* ECF No. 154, Ex. A.

Consequently, Plaintiffs J.E.F.M., J.F.M., D.G.F.M., M.A.M., and J.E.V.G. should be dismissed from this case because they no longer have viable claims for relief. The events described post-dating the initiation of this lawsuit preclude these Plaintiffs from asserting an ongoing personal interest in the resolution of this lawsuit. Even if the Court ruled in the remaining Plaintiff's favor, that ruling would not redress any ongoing injury to these Plaintiffs, as there can no longer be one. Accordingly, Plaintiffs J.E.F.M., J.F.M., D.G.F.M., M.A.M., and J.E.V.G. should be dismissed from this case because the obtaining of counsel and/or relief in their cases has rendered moot their claims for prospective relief.

DEFENDANTS' MOTION TO DISMISS AS MOOT 3
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

| | |
|---|---|
| DATED:  June 29, 2015 | Respectfully Submitted, |
| | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| | LEON FRESCO<br>Deputy Assistant Attorney General |
| | WILLIAM C. PEACHEY<br>Director, District Court Section<br>Office of Immigration Litigation |
| | WILLIAM C. SILVIS<br>Assistant Director |
| | EREZ R. REUVENI<br>Senior Litigation Counsel |
| | SARAH S. WILSON<br>Trial Attorney |
| | s/Nicole N. Murley<br>NICOLE MURLEY<br>Trial Attorney<br>Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 616-0473<br>Nicole.Murley@usdoj.gov |

DEFENDANTS' MOTION TO DISMISS AS MOOT 4
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 29, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

s/ Nicole N. Murley
NICOLE N. MURLEY
Trial Attorney

DEFENDANTS' MOTION TO DISMISS AS MOOT 5
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000