UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.E.F.M., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA E. LYNCH, et al., <br><br> Defendants. | C14-1026 TSZ <br><br> ORDER |

By Minute Order entered June 19, 2015, docket no. 160, the Court DENIED the previously deferred portion of defendants' motion to hold all deadlines in abeyance, docket no. 133, and DENIED without prejudice plaintiffs' motion for class certification, docket no. 117, indicating that it would explain its reasons in a separate order.  Before the Court could issue such order, defendants filed two motions, one for clarification of the above-described Minute Order and for a protective order, docket no. 163, and another to dismiss as moot the claims of five of the six remaining plaintiffs, docket no. 162.  Having reviewed all papers filed in support of, and in opposition to, the additional motions, as well as the two earlier motions, the Court now enters the following order.

**Background**

At the time this action commenced, the six remaining plaintiffs were juveniles who asserted, on behalf of themselves and others similarly situated, a due process right to

ORDER - 1

have attorneys appointed to represent them at government expense during the course of removal proceedings.  By Order entered April 13, 2015, docket no. 114, the Court concluded that it has jurisdiction to consider the remaining plaintiffs' constitutional claims, except to the extent that plaintiffs seek class-wide injunctive, as opposed to declaratory, relief.  Defendants sought, and the Court granted, a certification pursuant to 28 U.S.C. § 1292(b), and an interlocutory appeal concerning the jurisdictional issues is now pending before the United States Court of Appeals for the Ninth Circuit.

Providing no basis other than their intent to seek review, defendants asked the Court to stay this matter.  <u>See</u> Defs.' Mtn. (docket no. 133).  The Court declined to enter a stay because defendants are unlikely to prevail before the Ninth Circuit on their argument that the Court lacks jurisdiction, plaintiffs might not remain juveniles for the duration of the appellate process, and discovery can be accomplished in the interim.  In their more recent motion for "clarification," which is in fact a motion for reconsideration, defendants argue for the first time that this case is exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1).  Defendants further contend that discovery is limited to the administrative record, and they seek a protective order along those lines.  Defendants do not explain, however, why they failed to raise these issues in their original motion to hold all deadlines in abeyance.[1]

---

[1] Defendants' assertion that discovery is limited to the administrative record appeared only in their reply brief, <u>see</u> docket no. 154, and their reliance there on the Administrative Procedure Act ("APA") for this proposition is misplaced.  Although the APA provides the waiver of sovereign immunity necessary for plaintiffs to pursue this case, it is not the statute under which plaintiffs bring suit; rather, plaintiffs invoke 28 U.S.C. § 1331, which confers on the Court jurisdiction over civil actions arising under the Constitution of the United States.

ORDER - 2

After plaintiffs filed their motion for class certification, but before the Court ruled on it, plaintiffs J.E.F.M., J.F.M., and D.G.F.M. were granted asylum status. *See* Exs. A, A-1, & A-2 to Reply (docket no. 154-1) (asylum status granted on May 26, 2015). Similarly, while plaintiffs' motion for class certification was pending, plaintiff M.A.M. received relief in the form of a grant of special immigrant juvenile ("SIJ") status. *See id.* at Exs. A & A-3 (SIJ status granted May 13, 2015). Another named plaintiff, J.E.V.G., retained counsel and his removal proceedings were continued to August 19, 2015, which is after J.E.V.G.'s 18th birthday. *See id.* at Ex. A. Defendants assert that the right-to-counsel claims of these five plaintiffs are now moot and should be dismissed from this action.

**Discussion**

    A.    **Class Certification**

Whether or not J.E.F.M., J.F.M., D.G.F.M., M.A.M., and J.E.V.G. remain named plaintiffs, the class that plaintiffs have proposed cannot be certified. A class of all juveniles "who are or will be in immigration proceedings on or after July 9, 2014, without legal representation in those proceedings," Plas.' Mtn. at 1 (docket no. 117), is far too broad. Such definition fails to acknowledge that class members must be indigent to make any colorable claim to a due process right to counsel at government expense. Moreover, the inclusion of juveniles who "will be" in removal proceedings runs afoul of the jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which does not allow the Court to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the

ORDER - 3

1 Attorney General to *commence* proceedings." 8 U.S.C. § 1252(g) (emphasis added).
2 Although these deficiencies could be addressed by appropriately narrowing the class, the
3 developments in the immigration proceedings involving J.E.F.M., J.F.M., D.G.F.M.,
4 M.A.M., and J.E.V.G. highlight "typicality" and "fair representation" problems that lead
5 the Court to conclude plaintiffs' motion for class certification should be denied without
6 prejudice.

7 Rule 23 operates as "an exception to the usual rule that litigation is conducted by
8 and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 133 S.
9 Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). To
10 maintain a class action, plaintiffs must "affirmatively demonstrate" compliance with
11 Rule 23. *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). The
12 prerequisites of Rule 23 are not mere pleading standards, but rather are evidentiary
13 thresholds. *See id.* Thus, plaintiffs bear the burden of proving, not just simply alleging,
14 that all four requirements of Rule 23(a) are satisfied and that the proposed class qualifies
15 under at least one of the three provisions of Rule 23(b), *see id.*, only the second of
16 which is relevant here; plaintiffs pursue certification solely under Rule 23(b)(2), which
17 requires a showing that defendants have "acted or refused to act on grounds that apply
18 generally to the class, so that final injunctive relief or corresponding declaratory relief is
19 appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

20 Rule 23(a) mandates that plaintiffs prove (1) the class is so numerous that joinder
21 of all members is impracticable; (2) questions of law or fact common to the class exist;
22 (3) the representatives' claims are typical of the claims of the class; and (4) the
23

ORDER - 4

representatives will "fairly and adequately" protect the interests of the class. Fed. R. Civ. P. 23(a). Because J.E.F.M., J.F.M., and D.G.F.M. have been granted asylum status, are no longer in removal proceedings, and do not now need the services of an attorney at government expense, they do not have claims typical of the claims of the proposed class and have little incentive to fairly and adequately protect the interests of the class. The same conclusions must be drawn about J.E.V.G., who will no longer be a juvenile when the next hearing occurs in his removal proceedings and who has retained a lawyer to represent him, rendering his situation different from those of proposed class members. Similarly, although M.A.M. remains in removal proceedings, the SIJ status conferred on him as a result of abuse, neglect, or abandonment makes him eligible to apply for a permanent resident visa and eventually citizenship, see Zheng v. Pogash, 416 F. Supp. 2d 550, 554 (S.D. Tex. 2006); see also 8 U.S.C. § 1101(a)(27)(J), and it distinguishes him from the bulk of indigent juveniles who might be in the class. Given the over-inclusive language of plaintiffs' proposed class definition, which the Court opts not to unilaterally redraft, and the significant changes in the circumstances of five of the six plaintiffs, the Court declines to certify a class at this time.

### B. Mootness

The constitutional "case or controversy" boundary of the Court's jurisdiction mandates that "an actual, ongoing controversy exist at all stages" of the proceedings. Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). A claim becomes moot when the parties' dispute resolves and is no longer "live" or when the parties "lack a legally cognizable interest in the outcome" of the litigation. Id. at 1086-87. Mootness

ORDER - 5

is a flexible standard, and dismissal is not required in the following circumstances: (i) when, after a class has been certified, the class representative's claim becomes moot; and (ii) when, before a class is certified, the class representative's claim becomes moot, but any future class certification could "relate back" to the filing of the complaint because the substantive claim challenges an action or event of short duration, which is "distinctly 'capable of repetition yet evading review.'" *Id.* at 1087-88.  The "relation back" doctrine recognizes that some claims are "so inherently transitory" that a motion for class certification cannot be decided "before the proposed representative's individual interest expires." *Id.* at 1090.

On the question of mootness, the Court reaches different conclusions with respect to M.A.M. and J.E.V.G. than as to the three siblings, J.E.F.M., J.F.M., and D.G.F.M. Defendants concede that the grant of SIJ status to M.A.M. did not entirely moot his right-to-counsel claim, and he still faces the remote possibility of removal.  Defs.' Reply at 3 (docket no. 172).  Thus, defendants' motion to dismiss M.A.M. as a plaintiff is DENIED, but without prejudice to renewing the motion in the event M.A.M. is granted a permanent resident visa.

Although J.E.V.G., who has secured counsel to represent him in his removal proceedings, might not be an appropriate class representative, his individual claim is not moot.  J.E.V.G. will turn 18 before any substantive decision is issued in his removal proceedings, and his claim that, while still a juvenile, he should have received the assistance of an attorney at government expense constitutes a "live" controversy.  Thus, defendants' motion to dismiss J.E.V.G. as a plaintiff is also DENIED without prejudice.

ORDER - 6

Plaintiffs concede that J.E.F.M., J.F.M., and D.G.F.M. are protected from removal because they have been granted asylum and that their right-to-counsel claims are moot. The three F.M. siblings have received the ultimate relief they desired, and they no longer need the interim remedy they sought in this case of having an attorney appointed to represent them at government expense in removal proceedings. They lack a "legally cognizable interest" in the outcome of this litigation, and defendants' motion to dismiss them as plaintiffs is GRANTED. The right-to-counsel claims of J.E.F.M., J.F.M., and D.G.F.M. are DISMISSED with prejudice as moot.

### C. Scope of Discovery

Defendants' contention that they are exempt from initial disclosures lacks merit. Rule 26(a)(1)(B)(i), on which defendants rely, exempts from the requirement of initial disclosure only actions for "review on an administrative record." This case does not qualify. See supra note 1. The very reason the Court has jurisdiction in this matter is because the constitutional right-to-counsel claim at issue cannot be developed at the agency level and any administrative record would be insufficient to provide a basis for meaningful judicial review. See Order at 16-18 (docket no. 114). The Court therefore DENIES defendants' motion for "clarification" or reconsideration and their request for a protective order. Plaintiffs will be permitted to conduct discovery related to the factors set forth in Mathews v. Eldridge, 424 U.S. 319 (1976), including statistical evidence concerning the risk of erroneous removal decisions through the procedures currently used and financial data associated with the appointment of counsel for all indigent juveniles and any less expansive, alternative schemes.

### D. Scheduling Order

The Court declines plaintiffs' invitation to treat defendants as having waived their substantive objections to the previously propounded discovery requests or to require defendants to produce documents within only three days. Instead, the Court DIRECTS defendants to serve their responses, including any objections, to the previously propounded discovery requests and DIRECTS both sides to serve their initial disclosures, to the extent they have not already done so, within thirty-five (35) days of the date of this Order. Based on the parties' Joint Status Report, docket no. 155, the Court SETS a bench trial date of May 2, 2016, and will issue a separate scheduling order.

### Conclusion

Having now stated the grounds for previously denying plaintiffs' motion for class certification, docket no. 117, and defendants' motion to hold all deadlines in abeyance, docket no. 133, the Court further ORDERS:

(1) Defendants' motion for "clarification" and for a protective order, which is treated as a motion for reconsideration, docket no. 163, is DENIED.

(2) Defendants' motion to dismiss, docket no. 162, is GRANTED in part and DENIED in part as follows: the claims of plaintiffs J.E.F.M., J.F.M., and D.G.F.M. are DISMISSED with prejudice as moot, and defendants' motion as to plaintiffs M.A.M. and J.E.V.G. is DENIED without prejudice.

(3) A bench trial as to the constitutional claims of the remaining plaintiffs, namely F.L.B., M.A.M., and J.E.V.G., is SCHEDULED for May 2, 2016; a scheduling order will be separately issued.

ORDER - 8

IT IS SO ORDERED.

Dated this 27th day of August, 2015.

                                                         Thomas S. Zilly
                                                         United States District Judge