1

Honorable Thomas S. Zilly

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9   F.L.B., a minor, by and through his Next Friend,
    Casey Trupin; et al.,                                    Case No.   2:14-cv-01026-TSZ
10
                        Plaintiffs-Petitioners,              DEFENDANTS' MOTION TO
11          v.                                               EXTEND CASE MANAGEMENT
                                                             DEADLINES
12   Loretta E. LYNCH, Attorney General, United
     States; et al.,                                         NOTING DATE: December 11, 2015
13
                        Defendants-Respondents,
14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO EXTEND DEADLINES
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

1    Defendants, by and through their counsel of record, hereby submit the following Motion

2 to Extend Case Management Deadlines. Although the parties are actively and diligently

3 engaged in discovery and in litigating this case, good cause exists to extend the case

4 management deadlines.

5    **I.    The recent motions for class certification and to file a Third Amended**
        **Complaint provide good cause for reasonable extension of the case**
6        **management deadlines**

7    When the Court set the current Case Management Deadlines on August 28, 2015,[1]

8 which were based on the dates that the parties proposed in their Joint Status Report of May 29,

9 2015, this case was in a significantly different posture than it is today.  At that time, there was

10 no pending motion for class certification, because the Court had denied Plaintiffs' second

11 attempt to certify a class on June 16, 2015 (ECF No. 160). Additionally, as the Court's Order

12 on class certification and Defendants' motion to dismiss indicated, the trial scheduled for May

13 2, 2016 included only three Plaintiffs: F.L.B., M.A.M., and J.E.V.G.  ECF No. 174 at 8.

14 Finally, when the Court set the current case management deadlines, the Ninth Circuit had not

15 yet granted Defendants' petition for permission to appeal the denial of the motion to dismiss for

16 lack of subject matter jurisdiction concerning Plaintiffs' constitutional claim—which is the

17 only claim presently before the Court.

18

19 _____

20 [1] In its Minute Order dated August 28, 2015 (ECF No. 176), the Clerk noted that "[t]hese dates
are set at the direction of the Court after reviewing the joint status report and discovery plan
21 submitted by the parties."  ECF No. 176.  The parties had filed the Joint Status Report and
Discovery Plan on May 29, 2015. ECF No. 155.  At that time (May 2015), the parties had a
22 threshold dispute about the nature of discovery in this case (i.e. whether solely "record
discovery" was permitted under the APA as opposed to "extra-record discovery") that was
23 resolved on August 27, 2015. (ECF No. 174).  Discovery could not begin in earnest until that
threshold issue was resolved.  Plaintiffs may argue that Defendants should have served their
24 discovery requests notwithstanding that disagreement—as Plaintiffs did—but doing so would
have been inconsistent with Defendants' principled legal position. Additionally, even if
25 Defendants had engaged in discovery earlier, Plaintiffs are now seeking to add seven additional
Plaintiffs to this case, and are making their third attempt at class certification, both of which
26 bring uncertainty into both the scope of this case going forward and the discovery necessary
before the case proceeds to trial.

MOTION TO EXTEND CASE DEADLINES - 1
Case No. 2:14-cv-01026-TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

Several intervening factors have changed the potential scope of this case, and have complicated the present case management deadlines. First, on September 17, 2015, the Ninth Circuit granted Defendants' petition for an interlocutory appeal. ECF No. 181. In the May 29, 2015 Status Report, the parties had proposed a May 2, 2016 trial date, "unless the Ninth Circuit Court of Appeals accepts an interlocutory appeal of the Court's April 13, 2015 Order on Defendants' Motion to Dismiss." ECF No. 155 at 8.[2] Accordingly, while Defendants are not requesting an indefinite extension of the case management deadlines, the fact that the Ninth Circuit may ultimately find that the Court lacks jurisdiction over Plaintiffs' constitutional claim or, alternatively, reinstate Plaintiffs' statutory claim, demonstrates that reasonable extensions of the deadlines here—while significant issues loom in the Ninth Circuit—are unlikely to delay the just resolution of this case.[3]

Second, on October 16, 2015, Plaintiffs filed a motion seeking leave to file a Third Amended Complaint. ECF No. 190. On December 1, 2015, the Court granted Plaintiffs' motion, and ordered that any motion or responsive pleading to the Third Amended Complaint shall be filed by February 25, 2016. ECF No. 204. Defendants intend to file a motion to dismiss the additional Plaintiffs, but until that motion is adjudicated, there is significant uncertainty as to the scope of both discovery and the trial that is scheduled for May 2016. For example, based on the present Case Management Deadlines, discovery closes on January 22, 2016, which is before Defendants' motion or responsive pleading concerning the Third Amended Complaint is due. *See* ECF Nos. 192, 204. Similarly, under the current deadlines, all dispositive motions are due on February 11, 2016, before Defendants' motion or responsive

---

[2] The inclusion of the language in the Joint Status Report concerning the interlocutory appeal to the Ninth Circuit was important to Defendants, because a May 2016 trial date does not make sense if the Ninth Circuit's ruling may ultimately vacate the results of a bench trial.

[3] After the briefing in the Ninth Circuit is complete, Defendants intend to file a motion to expedite consideration of the appeal.

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

pleading concerning the Third Amended Complaint is due. To date, Defendants have engaged in discovery based on the claims of three Plaintiffs—F.L.B., M.A.M., and J.E.V.G.—relying on the Court's Order scheduling a May 2, 2016 trial on the claims of these three individuals. *See* ECF No. 174. If the claims of these seven additional individuals are permitted to proceed in this case, Defendants need additional time to conduct discovery concerning their claims and to prepare for trial.[4]

Third, on October 16, 2015, Plaintiffs also filed a Third Motion to Certify a Class. ECF No.191. The briefing on that motion is complete, and on December 1, 2015, the Court renoted the motion to February 26, 2015, so that it could first assess any motion or responsive pleading Defendants will file in response to the Third Amended Complaint. ECF No. 204. Until the issue of class certification is resolved, however, the scope of both discovery—and ultimately the trial of this action—will likely lead to disagreements between the parties and further complications with the current case management deadlines. As mentioned above, the Court set the case management deadlines at a time when there was no pending motion for class certification. Because Plaintiffs have reinserted class certification into this case, the scope of this case—both in the number of parties and the ultimate geographic reach of the relief sought—has potentially changed dramatically, and the resources of both judicial economy and the government will be better served if class certification is determined before the discovery cutoff dates and significantly in advance of the trial date.[5]

---

[4] Defendants have already served interrogatories and requests for production on the three remaining Plaintiffs in this case, which are focused on discovering the strength of their claims for taxpayer-funded counsel under the *Mathews v. Eldridge* test. Additionally, Defendants have served notices on the three remaining Plaintiffs to take their depositions in early January, 2016. If additional Plaintiffs are added to this case and are not dismissed, Defendants intend to conduct similar discovery on the claims of the new Plaintiffs.

[5] Defendants intend to provide expert witness testimony concerning how each Plaintiff's case has been handled in accordance with the *Mathews v. Eldridge* standard, but that report and testimony will vary considerably depending on whether this is a nationwide class action, a more limited class action, or a case concerning the experiences of three Plaintiffs. A reasonable

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Despite this uncertainty, the parties are actively engaged in discovery. Counsel for the parties have had multiple communications about potential modifications of the case management deadlines, but have been unable to reach an agreement.  Given the uncertainty as to: whether this action will proceed as a class, the scope of the class, if any; the Plaintiffs who will remain after Defendants file their motion to dismiss, and the ultimate impact of the Ninth Circuit decision to grant Defendants' petition, Defendants request that the Court extend all of the case deadlines by four months.  Plaintiffs, however, are not willing to move the trial date.

**II.**     **Granting the requested extension of the case management deadlines is also necessary to provide Defendants a fair trial that includes an opportunity to present the evidence necessary to defend the adequacy of their procedures**

Under the test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 343 (1976), the Supreme Court held that "the fairness and reliability of the existing  . . . procedures [is] [c]entral to the evaluation of any administrative process . . ."  By Plaintiffs' own admission, the sole nature of the due process violation claimed in this case is that the Government "will force them to appear unrepresented in complex, adversarial court proceedings against trained ICE attorneys." ECF No. 190-1 at ¶38.  But this was not the case for former Plaintiffs J.E.F.M., J.F.M., and D.G.F.M.—whose claims were resolved in a non-adversarial asylum proceedings before USCIS— and it will likely not be the case for many of the existing and putative plaintiffs in this case.   Plaintiffs cannot raise a due process claim that the existing process is flawed in cases where they are either: 1) successful in obtaining relief without appointed counsel before an immigration judge or before USCIS; or 2) are at least provided a non-adversarial process to present their claim in the first instance and are then provided a "second bite at the apple" to again pursue their claims before an immigration judge.

---

extension of the case management deadlines will likely allow time to resolve these important issues and allow the parties to focus on the issues to present in dispositive motions and at trial.

MOTION TO EXTEND CASE DEADLINES - 4
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

In this case, there are significant hearings in the immigration proceedings of named Plaintiffs—who are the chosen representatives of the proposed class—that will occur *after* the discovery cutoff and trial in this case under the current deadlines. It is imperative to Defendants' defense of this case—and to their ability to receive a fair trial—that the Court allow the procedural safeguards that have been developed to ensure that minors' cases are treated fairly to play out in the cases of Plaintiffs' chosen class representatives so that the Court can fairly evaluate "the fairness and reliability of existing procedures." The next hearings for Plaintiffs M.A.M. and F.L.B. are in February and August 2016, respectively.  Accordingly, the requested extension of the case management deadlines would allow the parties—and the Court—to see what is actually happening in the cases of the designated representative Plaintiffs before ruling on the adequacy of those safeguards.

Though Defendants are not requesting a stay of these proceedings, and are simply seeking an extension of deadlines, Defendants note that other courts have opted to do so in similar situations where there are parallel proceedings which could impact the ultimate issues to be determined in their courts. Federal district courts have the power to stay ongoing proceedings 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, No. C10-1919Z, 2012 WL 2343279, at *3 (W.D. Wash. June 20, 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). Where there is an independent proceeding related to a matter before the trial court, the Court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Id.* (quoting *Mediterranean Enters., Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily

MOTION TO EXTEND CASE DEADLINES - 5
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

controlling of the action before the court." *Leyva v. Certified Grocers of California, LTD.,* 593 F.2d 857, 863 (9th Cir. 1979). However, in *Leyva*, the Ninth Circuit stated that a stay pending resolution of independent proceedings in that case "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims." *Id.* at 864. Courts consider the following factors in determining whether a stay is appropriate: (1) "the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis*, 299 U.S. at 254.

Here, as to the first factor of analysis, no damage would result from requested extension, because both Plaintiffs and Defendants would benefit from the full development of the record. First, to the extent that Plaintiffs' removal proceedings produce evidence that is adverse to Plaintiffs' position, such a result does not weigh against issuing an extension. *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) ("Any prejudice that the plaintiff would experience "by the delay in the sense that evidence will be obtained, or rulings made, as a result of the [administrative] proceedings, which will adversely affect the claims which [the plaintiff] asserts in the district court . . . . is not the kind of prejudice which should move a court to deny a requested postponement. If [the plaintiff] is prejudiced by such an eventuality it will be because the [administrative] proceedings demonstrate a weakness in its case. And if its case is weak, justice will be served by having that fact revealed prior to the district court trial."); *see also, e.g.*, *Negotiated Data Solutions, LLC v. Dell Inc.*, No. CV-03-05755 JSW, 2008 WL 4279556, at *1 (N.D. Cal. Sept. 16, 2008). Further, even if this Court ultimately finds that Plaintiffs' Due Process rights were infringed upon, Plaintiffs would not be unduly prejudiced by the brief extension. As Defendants have previously noted, all of the existing case law on a party's right to counsel examines the issue after a party initially proceeded without the benefit

MOTION TO EXTEND CASE DEADLINES - 6
Case No. 2:14-cv-01026-TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

of counsel, and where the Court found that counsel was Constitutionally warranted, *see, e.g.*, *In re Gault*, 387 U.S. 1 (1967), the Court reversed and remanded the proceedings to conform with its holding. The same can be done in this case.[6]

As to the second factor of analysis, inequity would result to Defendants—and, indeed, potentially to Plaintiffs—if the parties were forced to proceed on an incomplete record.[7] Defendants would be deprived of an opportunity to present the full panoply of procedural protections as applied to all Plaintiffs in this case. While Defendants have, in prior briefing, generally described these protections, *see, e.g.*, ECF 80, at 22–24, such protections may only be properly evaluated in this case if Defendants demonstrated *how* such safeguards successfully prevent infringement upon each Plaintiff's Due Process rights. *Cf. Elec. Frontier Found. v. Office of Dir. of Nat. Intelligence*, No. C 08-01023 JSW, 2009 WL 773340, at *3 (N.D. Cal. Mar. 23, 2009) (granting a discretionary stay to allow the plaintiff time to review new administrative guidelines that bore on its case).

Finally, as to the third factor of analysis, briefly extending the litigation pending the completion of Plaintiffs' removal proceedings is in the interests of the orderly course of justice. Because Plaintiffs' removal proceedings directly bear on this litigation, a reasonable extension

---

[6] As to whether Plaintiffs' removal proceedings "will be concluded within a reasonable time in relation to the urgency of the claims," Defendants submit that because Plaintiffs' claims cannot be properly evaluated without the full record of their removal proceedings, however long those proceedings take will necessarily be within a reasonable time in relation to the urgency of their claims.

[7] According to the Ninth Circuit, "*Landis* cautions that "if there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255). Because, as stated *supra*, a stay will not work any damage, Defendants do not have to make out a clear case of hardship or inequity to demonstrate that a stay is appropriate. *See, e.g.*, *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV 08-5773 JSW, 2009 WL 1010842, at *4 (N.D. Cal. Apr. 14, 2009). In the alternative, however, Defendants argue that the inequity described *infra*, namely the lack of a full evidentiary record on which to base their defense, constitutes a clear case of inequity.

MOTION TO EXTEND CASE DEADLINES - 7
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

would aid in the complete and efficient collection of relevant proof in this case. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya,* 593 F.2d at 863–64; *see also FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 WL 361128, at *3 (N.D. Cal. Feb. 11, 2008).

Accordingly, given the importance of Plaintiffs' removal proceedings to the ultimate issues to be determined in this case, the Court should grant the requested four-month extension of the case management deadlines, or alternatively, an extension of the case management deadlines and a stay of the trial, to allow the resolution of the pending motions and the representative Plaintiffs' immigration proceedings.

### III.    Proposed Schedule

In light of the uncertainty concerning the scope of this case, and for good cause shown, Defendants hereby request a modest, four-month extension of the current case deadlines to allow the Court to address the pending motions for class certification and Defendants' motion or responsive pleading concerning the Third Amended Complaint, and for the parties to adjust their discovery obligations and trial preparation accordingly.

| Deadline | From | To |
| --- | --- | --- |
| Disclosure of expert testimony | December 2, 2015 | April 4, 2015 |
| Discovery motions filed by | December 23, 2015 | April 18, 2015 |
| Discovery complete by | January 22, 2016 | May 23, 2016 |
| Dispositive motions filed by | February 11, 2016 | June 13, 2016 |
| All motions in limine filed by | March 31, 2016 | August 1, 2016 |
| Pretrial order due | April 18, 2016 | August 18, 2016 |
| Trial briefs, et al., due by | April 18, 2016 | August 18, 2016 |
| Pretrial conference | April 22, 2016 | August 23, 2016 |

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

| | | |
|---|---|---|
| Bench trial | May 2, 2016 | September 7, 2016 |

DATED:  December    1, 2015                    Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

LEON FRESCO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

EREZ R. REUVENI
Senior Litigation Counsel

NICOLE MURLEY
Trial Attorney

SARAH S. WILSON
Trial Attorney

s/William C. Silvis
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 307-4693
William.silvis@usdoj.gov

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

<u>s/William C. Silvis</u>
WILLIAM C. SILVIS
Assistant Director

MOTION TO EXTEND CASE DEADLINES - 10
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000