Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin; et al.,<br><br>　　　　　　Plaintiffs-Petitioners,<br>　　v.<br><br>Loretta E. LYNCH, Attorney General, United States; et al.,<br><br>　　　　　　Defendants-Respondents, | Case No.  2:14-cv-01026-TSZ<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND CASE MANAGEMENT DEADLINES<br><br>NOTING DATE: December 11, 2015 |

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

The issues raised in this case contain far-reaching ramifications for the parties, the taxpayers, and America's immigration system as a whole. However, the current case management schedule significantly and unnecessarily jeopardizes the integrity of any decision that might ultimately be reached in this high stakes litigation. Defendants requested an extension of the case management deadlines for three reasons, which Plaintiffs have failed to meaningfully address.

First, the current deadlines are inconsistent with the regular order of District Court litigation. Discovery will conclude and dispositive motions will be due before the parties know: 1) which parties will remain in this case; 2) which of Plaintiffs' legal claims will remain viable; 3) whether a class will be certified; and 4) what geographic region that class would encompass. Plaintiffs have largely created this uncertainty by filing a Third Amended Complaint asserting new parties and issues and by filing yet another motion for class certification, in this already complex case, as the discovery deadlines drew near. It would be manifestly unjust to end discovery before these uncertainties are resolved and accounted for by the parties in gathering their necessary evidence.

Secondly, the current deadlines will deprive the Government of its ability to present the evidence essential to its defense. Plaintiffs allege that certain alien minors will be deprived of due process under the Fifth Amendment unless they receive taxpayer funded counsel. The Supreme Court has stated that, in order to analyze this type of claim, this Court must look at whether the Government's existing safeguards are sufficient.  However, the removal proceedings of the named Plaintiffs will not be resolved before the current trial date. This litigation will be fundamentally flawed if the Government is prevented from producing evidence showing that its existing protections are constitutionally adequate.

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 1
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

Finally, Plaintiffs have not shown that they will be harmed by the brief extension that the Government is seeking. After nearly 18 months of litigation and three complaints, the Complaint fails to offer even a single minor who has allegedly been required to complete his removal proceeding without an attorney and whose hearing violated the Due Process Clause. Additionally, Plaintiffs' citation to the number of unrepresented minors who have been ordered removed since this case was filed fails to account for the fact that overwhelming majority of cases resulted from in absentia orders—and this Court has previously found that it lacks jurisdiction to consider those challenges. For these reasons, and because Defendants have demonstrated good cause for the reasonable extension of the Case Management Deadlines, Defendants respectfully request the Court grant their motion.

### I.   Plaintiffs' decisions to file a Third Amended Complaint, and a third motion for class certification, make the current Case Management Dates untenable.

The Third Amended Complaint and renewed request for class certification have the potential to dramatically transform the scope of this case. However, they were submitted after the present deadlines were set by the Court and agreed upon by the parties based upon the previous circumstances. *See* Mot. 2-5 ECF No. 205. For example, under the present deadlines, discovery closes on January 22, 2016, and dispositive motions are due February 11, 2016, well before Defendants' response to the Third Amended Complaint is due on February 25, 2016. Mot. at 3. Additionally, the Court noted Plaintiffs' class-certification motion for February 26, 2016, so that it may first evaluate Defendants' response to the Third Amended Complaint. Mot. at 4.

Plaintiffs downplay the impact of the newly-added parties, arguing that there is no uncertainty as to the scope of this case because the Court has accepted the Third Amended Complaint. Opp at 12. But that argument misses the point. The parties have significant disagreements about which Plaintiffs have cognizable claims and against which Defendants,

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 2
Case No. 2:14-cv-01026-TSZ$_{DC}$

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

whether a class of Plaintiffs should be certified, and the definition of that class. These issues will be decided after February 26, 2016, and such decisions will determine what evidence must be gathered and analyzed in order to prepare for dispositive motions and for trial.

Plaintiffs may not need to conduct additional discovery concerning their newly-added named Plaintiffs because, presumably, they have been aware of their claims for several months or longer. Defendants, however, have only recently been made aware of their claims, and require additional time to investigate their claims and, if necessary, serve written discovery requests and schedule their depositions. Plaintiffs should have reasonably anticipated that an extension of the Case Management Deadlines would be necessary when they made the decision to add seven new Plaintiffs into this case. *Cf. Morgan v. Laborers Pension Trust Fund for N. California*, 81 F.R.D. 669, 675 (N.D. Cal. 1979) (extending the discovery period to allow the defendant to conduct additional discovery regarding newly-named plaintiffs).

Similarly, Plaintiffs argue that their third motion for class certification "alters nothing about how this case should proceed." Opp. at 13. Again, while Plaintiffs' discovery plan may not depend on whether this case involves only 3 Plaintiffs, or 10 Plaintiffs and a certified nationwide class, the motion's disposition significantly impacts how Defendants utilize their resources in defending this case. For example, if one includes current and dismissed Plaintiffs, their next friends, individuals identified in Plaintiffs' initial disclosures and declarants in this case, there are nearly 50 potential trial witnesses in 9 different regions of the country. If this case is certified as a nationwide class, Defendants need an opportunity to depose all of these individuals. But if the class is not certified, or is certified in a smaller geographic region, the number of potential deponents decreases significantly. Allowing Defendants sufficient time to conduct discovery after the Court rules on the third motion for class certification potentially

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 3
Case No. 2:14-cv-01026-TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

permits the Government to save tens of thousands of dollars in unnecessary litigation costs.

Finally, Plaintiffs misconstrue Defendants' argument concerning the Ninth Circuit's decision to grant the petition for interlocutory appeal. Defendants' motion does not request a stay of all proceedings in this case, as Plaintiffs argue. Instead, the motion raises the indisputable fact that the parties specifically suggested the May 2, 2016 trial date in the Joint Status Report "unless the Ninth Circuit Court of Appeals accepts an interlocutory appeal of the Court's April 13, 2015 order on Defendants' Motion to Dismiss," to demonstrate that both parties recognized that the potential appeal would have a significant impact on the trial date.[1] Mot. at 3. Accordingly, now that the Ninth Circuit has accepted the interlocutory appeal, the May 2, 2016 trial date is no longer viable.  The reasonable extension that Defendants request in their motion would provide a brief period of time to see whether the Ninth Circuit's critical guidance can be obtained before trial without substantially delaying these proceedings.

## II. The Court has not addressed whether Defendants are entitled to provide evidence of the outcomes of named Plaintiffs' removal proceedings.

This Court has indicated that Plaintiffs' administrative records alone would be insufficient basis to provide meaningful review of Plaintiffs' constitutional claims. Defendants' argument here, however, is distinct. As set forth in Defendants' motion, a critical part of the test articulated in *Mathews v. Eldridge* is "the fairness and reliability of the existing . . . procedures, and the probable value, if any, of additional procedural safeguards." 424 U.S. 319, 343; Mot. at 4-6.  Thus, in this case, the reliability of the applicable existing procedures can only be fully evaluated at the end of the named Plaintiffs' removal proceedings. Requiring Defendants to proceed to trial absent evidence of the outcome of these proceedings would skew any determination of the sufficiency of the current procedural protections. By extending the Case

---

[1] That point is significant to the extent that the Court adopted the May 2, 2016 trial date based on the dates the parties agreed to and provided in the Joint Status Report. *See* ECF No. 176.

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 4
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

Management Deadlines and trial date past the conclusion of removal proceedings for at least a few of the representative Plaintiffs, the parties—and the Court—will be likely be able to consider this critical evidence, which Plaintiffs themselves concede to be probative.

Likewise, if the Court certifies a class, Defendants should have an opportunity to show that, in the cases the Plaintiffs themselves submit are most representative of the entire class they seek to certify, the existing procedural safeguards comply with due process. Forgoing this inquiry could yield an incongruous result: a nationwide class is granted declaratory relief based on the *Mathews* test, but the existing procedural safeguards were sufficient to protect the Due Process rights of the representative Plaintiffs.  Extending the case deadlines could avoid this result.

**III.    Plaintiffs have not shown that the requested extension will harm their interests.**

Plaintiffs suggest that they, and thousands of other unrepresented minors, will suffer irreparable harm "should Defendants be allowed to drag out this case." Opp at 6.  The Government, however, is not seeking to indefinitely delay this case, but simply aims for the case management schedule in this case to proceed in regular order, such as: 1) amended complaint is filed; 2) responsive filing is considered; 3) the Court decides whether to certify a class; 4) the parties have an opportunity to conclude discovery based on the guidance provided by the Court in adjudicating these motions; 5) dispositive motions are then filed on narrower issues; and 6) a trial is held, if necessary, in which the Government can show the Court what happened in at least some significant number of the named Plaintiffs' cases.

As a suggestion of prejudice, Plaintiffs continue to cite news articles reporting the number of unrepresented minors that have been ordered removed. Opp. at 6.  Plaintiffs omit the undisputed fact that the overwhelming majority of these removal orders are entered in absentia,

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 5
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

because the minor does not appear for his or her removal proceedings. For example, as EOIR data that was provided in response to discovery requests propounded by Plaintiffs show, of the 6,150 unrepresented UACs who received removal orders between July 18, 2014 and August 25, 2015, 5,859 of those cases (or 95 percent) were the result of in absentia orders.[2] This Court previously ruled, however, that it lacked subject matter jurisdiction to review the claim of dismissed Plaintiff G.J.C.P., who was ordered removed in absentia, under 8 U.S.C. § 1252(g). ECF No. 114 at 11. Once the in absentia cases are removed from the calculations, the EOIR data shows that, in approximately 72 percent of the proceedings in which the unrepresented UAC actually shows up to Court, his or her case is completed without that minor being ordered removed.[3] Again, after monitoring the juvenile dockets in several courts and having had 18 months to find such individuals, Plaintiffs' complaint has not alleged the facts of even a *single* individual who received an unfair hearing.  Consequently, there is simply no reason in this record for the Court to proceed with the current irregular case management schedule that threatens to compromise the integrity of the ultimate constitutional determination. The interests of justice will be served by granting the Government's motion and briefly extending the deadlines in the manner set forth therein.

---

[2] This data was provided to Plaintiffs in response to their First Request for Production of Documents to Defendants Lynch and Osuna on October 6, 2015, as EOIR000547-EOIR000588 (attached hereto as Exhibit "A").  The figures cited are taking the total number of removal orders issued to unrepresented UACs list on EOIR000556, and the number of removal orders issued to unrepresented UACs in absentia on EOIR000557.

[3] The number is calculated by taking the total number of removal orders on EOIR000556 and subtracting the number of in absentia removal orders from EOIR000557.  The total number of unrepresented UAC in absentia cases on EOIR000557 is then subtracted from the total number of closed unrepresented UAC cases on EOIR000556. The number of non in absentia removals (291) is then divided by the non in absentia total cases (1035), yielding .28—meaning that when an unrepresented UAC appears at his or her immigration proceedings, 72 percent of the time the case will be completed without the unrepresented UAC being ordered removed.

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 6
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

| | |
|---|---|
| DATED:  December 11, 2015 | Respectfully Submitted, |
| | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| | LEON FRESCO<br>Deputy Assistant Attorney General |
| | WILLIAM C. PEACHEY<br>Director, District Court Section<br>Office of Immigration Litigation |
| | EREZ R. REUVENI<br>Senior Litigation Counsel |
| | NICOLE MURLEY<br>Trial Attorney |
| | SARAH S. WILSON<br>Trial Attorney |
| | s/William C. Silvis<br>WILLIAM C. SILVIS<br>Assistant Director<br>Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 307-4693<br>William.silvis@usdoj.gov |

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 7
Case No. 2:14-cv-01026-TSZ

U S  DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O  BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

s/William C. Silvis<br>
WILLIAM C. SILVIS<br>
Assistant Director

REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES - 8
Case No. 2:14-cv-01026-TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, 20044
TELEPHONE: (202) 307-4693
FACSIMILE: (202) 305-7000