UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA E. LYNCH, et al., <br><br> Defendants. | C14-1026 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on plaintiffs' third motion for class certification, docket no. 191.  Having reviewed all papers filed in support of, and in opposition to, the motion, and having telephonically discussed the matter with counsel, on the record, the Court orally denied the motion.  This Order explains the Court's reasoning.

**Background**

In their third motion for class certification, plaintiffs propose to certify a class of "[a]ll individuals under the age of eighteen (18) who are in immigration proceedings on or after July 9, 2014, without legal representation in their immigration proceedings and who are financially unable to obtain such representation." Motion at 2 (docket no. 191).

ORDER - 1

When plaintiffs filed their motion, the only remaining named plaintiffs were F.L.B., M.A.M., and J.E.V.G.  Because J.E.V.G., however, has already turned 18, he is not a member of the proposed class and is not a suitable class representative.

While plaintiffs' third motion for class certification was pending, plaintiffs sought and were granted leave to file their Third Amended Complaint, in which they realleged the previously dismissed claims of A.E.G.E. and added six other plaintiffs.  *See* Minute Order (docket no. 204); 3d Am. Compl. (docket no. 207); *see also* Order at 7-8 (docket no. 114) (dismissing A.E.G.E.'s claims without prejudice on ripeness grounds).  Given the procedural posture of the third motion to certify a class, the Court has not considered named plaintiffs other than F.L.B. and M.A.M. in deciding it.[1]  Both F.L.B. and M.A.M., who will turn 18 this year, were unaccompanied by any parent or adult when they crossed the border into the United States.  *See* 3d Am. Compl. at ¶¶ 81-83 & 86-88.  F.L.B. has no family in the United States and now resides in Washington.  *Id.* at ¶ 83.  M.A.M. currently resides in California, having been reunited with his mother, who has Temporary Protected status.  *Id.* at ¶ 87-89.  M.A.M. has been granted Special Immigrant Juvenile ("SIJ") status and is eligible for an adjustment of status to lawful permanent residence.  *Id.* at ¶ 90.

In this litigation, plaintiffs seek declaratory relief on a class-wide basis that they have a constitutional right to have attorneys appointed to represent them at government

---

[1] Because defendants anticipate moving to dismiss the claims of one or more of the new named plaintiffs, and because the proposed class definition is otherwise unworkable, recitation of the facts underlying the recently joined parties' claims and analysis of whether they have claims typical of those of putative class members would not, at this time, be an efficient use of the Court's resources.

ORDER - 2

1  expense in connection with their removal proceedings.  The operative standard for
2  assessing whether plaintiffs have such right to counsel under the Due Process Clause of
3  the Fifth Amendment is the familiar three-part balancing test first articulated in *Mathews*
4  *v. Eldridge*, 424 U.S. 319 (1976).  *See* Order at 28-29 (docket no. 114).  Under *Mathews*,
5  the following factors must be weighed:  (i) the nature of the private interest affected by
6  the government action; (ii) the risk of erroneous deprivation of such interest through the
7  procedures used, as well as the probable value of additional or substitute safeguards; and
8  (iii) the interest of the government, including the fiscal or administrative burdens that
9  additional or different procedural requirements would entail.  424 U.S. at 335.

**Discussion**

Rule 23 operates as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  To maintain a class action, plaintiffs must "affirmatively demonstrate" compliance with Rule 23.  *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011)).  The prerequisites of Rule 23 are not mere pleading standards, but rather are evidentiary thresholds.  *See id.*  Thus, plaintiffs bear the burden of proving, not just simply alleging, that all four requirements of Rule 23(a) are satisfied and that the proposed class qualifies under at least one of the three provisions of Rule 23(b).  *See id.*  Plaintiffs pursue certification solely under Rule 23(b)(2), which requires a showing that defendants have "acted or refused to act on grounds that apply generally to the class, so

ORDER - 3

1  that final injunctive relief or corresponding declaratory relief is appropriate respecting the
2  class as a whole." Fed. R. Civ. P. 23(b)(2).

3        Rule 23(a) mandates that plaintiffs prove (1) the class is so numerous that joinder
4  of all members is impracticable; (2) questions of law or fact common to the class exist;
5  (3) the representatives' claims are typical of the claims of the class; and (4) the
6  representatives will "fairly and adequately" protect the interests of the class. Fed. R. Civ.
7  P. 23(a). Commonality, within the meaning of Rule 23, requires plaintiffs to demonstrate
8  that the claims of all class members depend on "a common contention" of such nature as
9  "is capable of classwide resolution." <u>Wal-Mart</u>, 564 U.S. at —, 131 S. Ct. at 2551. The
10 test is whether the determination of the truth or falsity of such common contention "will
11 resolve an issue that is central to the validity of each one of the claims in one stroke." <u>Id.</u>
12 "What matters . . . is not the raising of common 'questions' – even in droves – but, rather
13 the capacity of a class-wide proceeding to generate common <u>answers</u> apt to drive the
14 resolution of the litigation." <u>Id.</u> (emphasis in original, quoting Richard A. Nagareda,
15 *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)).

16       The Court must "probe behind the pleadings" and engage in a "rigorous analysis"
17 as to whether the prerequisites for a class action have been satisfied. <u>Behrend</u>, 133 S. Ct.
18 at 1432. The Court's inquiry will necessarily "entail some overlap with the merits" of the
19 underlying claims because class certification considerations are generally "enmeshed" in
20 the factual and legal issues associated with the causes of action being pursued. <u>Walmart</u>,
21 564 U.S. at —, 131 S. Ct. at 2551-52; <u>see also Behrend</u>, 133 S. Ct. at 1432; <u>Ellis v.</u>
22 <u>Costco Wholesale Corp.</u>, 657 F.3d 970, 981 (9th Cir. 2011) ("[I]t is not correct to say a
23

ORDER - 4

district court *may* consider the merits to the extent that they overlay with class certification issues; rather, a district court *must* consider the merits if they overlap with the Rule 23(a) requirements." (emphasis in original)).

Although plaintiffs frame a common question, namely whether they are entitled to counsel at government expense in removal proceedings, that question cannot be answered on a class-wide basis for the class that plaintiffs have proposed. *See* *Ellis*, 657 F.3d at 981 ("[I]t is insufficient to merely allege any common question . . . .  Instead, [a plaintiff] must pose a question that 'will produce a common answer to the crucial question . . . .'" (citations omitted)).  As defined, the proposed class includes juveniles who face no potential harm if removed to their country of origin (for example, the Canadian teenager or the Australian or Danish exchange student hypothesized by defendants, *see* Resp. at 7 n.4 (docket no. 197); Resp. at 5 n.4 (docket no. 135); Tr. (Sep. 3, 2014) at 74:13-18 (docket no. (113)), and therefore cannot make the requisite showing of a protected interest for purposes of the *Mathews* analysis.  In addition, as defined, the proposed class includes juveniles who, because of age, education, intelligence, language skills, and/or experience, might be fully capable of navigating through immigration proceedings without an attorney and thus cannot show, under the *Mathews* balancing test, that their interests outweigh those of the government.  Finally, as defined, the proposed class does not distinguish between unaccompanied minors and juveniles who arrive and/or reside with one or both parents, a factor that might affect available services and how immigration proceedings are conducted.  *See* Order at nn.22, 27, & 28 (docket no. 114).

ORDER - 5

Plaintiffs' overly broad class definition precludes the Court from concluding that questions of law or fact common to the class exist.  Moreover, because the proposed class is so expansive, the Court cannot deem F.L.B.'s and M.A.M.'s claims to be typical of those of the class.  Neither F.L.B. nor M.A.M. is similarly situated to juveniles who came to the United States with a parent or guardian, and because both F.L.B. and M.A.M. are nearing the age of 18, they are not representative of a large percentage of class members, some of whom might be too young to have "capacity."  See RCW 9A.04.050 (defining the ages at which children are per se (under 8) or presumed (between 8 and 12) unable to form the mens rea to commit a crime).  In addition, M.A.M. is in a different situation than perhaps the bulk of the proposed class because he has already qualified for SIJ status and is eligible to receive a "green card."  Finally, no showing has been made that F.L.B. and M.A.M., who reside in Washington and California, respectively, have claims that are typical of those of minors in immigration proceedings in other states or regions of the country.

Whether these deficiencies can be addressed by appropriately narrowing the class is unclear.  The due process analysis might well require the type of individualized inquiry that would render this matter unsuitable for class treatment.  Moreover, given the Court's inability to grant class-wide injunctive relief, see Order at 36-38 (docket no. 114), the utility of class certification, as opposed the persuasive or binding effect of this Court's or an appellate court's decision on the right-to-counsel issue, is uncertain.  The complexity and expense associated with certifying a class might far outweigh any efficiency gained in managing this litigation.

ORDER - 6

**Conclusion**

For the foregoing reasons, plaintiffs' third motion for class certification, docket no. 191, is DENIED without prejudice. Any renewed motion to certify a class shall be filed by February 4, 2016, and noted for February 26, 2016. *See* Minute Order (docket no. 224).

IT IS SO ORDERED.

Dated this 20th day of January, 2016.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 7