Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F.L.B., a minor, by and through his Next
Friend, Casey Trupin, et al.,

                 Plaintiffs,

   v.

LORETTA E. LYNCH, Attorney General,
United States, et al.,

             Defendants.

No. 2:14-cv-01026

**DEFENDANTS' PARTIAL MOTION
TO DISMISS THIRD AMENDED
COMPLAINT FOR FAILURE TO
STATE A CLAIM AND LACK OF
PROPER VENUE**

NOTE ON MOTION CALENDAR:
February 26, 2016

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

# INTRODUCTION

Plaintiffs' Third Amended Complaint seeks to establish a constitutional right to legal representation at taxpayer expense for indigent alien minors in administrative removal proceedings.[1] None of the pre-existing 11 plaintiffs has actually suffered the harm that Plaintiffs alleged was certain to occur—i.e. issuance of a removal order during a merits proceeding held without counsel. Multiple Plaintiffs obtained immigration benefits as *pro se* litigants or, in the case of J.E.V.G., obtained counsel. Therefore, Plaintiffs seek to add six new plaintiffs. *See* ECF No. 207. This effort is futile, however, because none of the new Plaintiffs presents claims for which this Court can provide relief. Further, newly named Defendant U.S. Citizenship and Immigration Services ("USCIS") does not owe nor has breached any legal duty to Plaintiffs. In addition, it has become evident that some of the pre-existing Plaintiffs should also be dismissed under Fed. R. Civ. P. 12(b)(3) and (6).

Specifically, Plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., M.R.J., and K.N.S.M. are "arriving" or non-admitted aliens—they were apprehended and placed in immigration proceedings at the border, as opposed to within the United States. The Supreme Court and the Ninth Circuit have held that such aliens have no due process entitlement to procedural protections beyond those provided by Congress. This Court has held that Plaintiffs' statutory claims for counsel must be raised in removal proceedings and not in district court; their claims for additional process under the Constitution lack a legal basis and must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

---

[1] On January 21, 2016, the Court entered an order denying Plaintiffs' Renewed Motion for Class Certification. ECF No. 225. As Plaintiffs' deadline to file an amended class certification motion is also February 4, 2016, ECF No. 224, this motion to dismiss necessarily addresses only the allegations in the Third Amended Complaint, and not class-wide relief.

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 1
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

The removal proceedings for Plaintiffs J.E.V.G. and M.A.M. have been continued beyond their 18th birthdays, and J.E.V.G.'s proceedings have been dismissed without prejudice. The Third Amended Complaint fails to plead a factual or legal basis for finding that these Plaintiffs were harmed from the continuances they have received in their immigration proceedings to this point. Plaintiffs A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. are each located outside of the Western District of Washington. Their cases are before immigration courts outside of this Court's jurisdiction. As none of the events or omissions giving rise to their claim occurred in the Western District of Washington, this Court provides an improper venue to adjudicate their claims. *See* Fed. R. Civ. P. 12(b)(3).

Finally, Plaintiffs' complaint fails to allege that Defendant León Rodríguez, Director of USCIS, owes any constitutional duty to Plaintiffs that USCIS has breached. Thus, USCIS should be dismissed from this lawsuit. *See* Fed. R. Civ. P. 12(b)(6).[2]

## PROCEDURAL HISTORY

On July 9, 2014, Plaintiffs filed a Complaint alleging that alien minors placed in removal proceedings are unlawfully denied taxpayer-funded counsel. ECF No. 1.

_____

[2] Defendants are not required to answer the remaining claims until after adjudication of Defendants' Rule 12 motion. *See* Fed. R. Civ. P. 12(a)(4); *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429 (E.D.N.Y. 2011) ("When a motion is served, Federal Rule of Civil Procedure 12(a)(4) extends time to answer claims until ten days after that motion is decided. Thus, in the interest of judicial economy and avoiding piecemeal answers, 'a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion.'"); *Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1142 (D. Idaho 2014) (holding that Rule 12(a)(4) also applies to a partial Rule 12(b) motion; *see also* 5B Wright & Miller, Federal Practice and Procedure § 1346 (3d ed.) ("[T]he weight of limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."). To the extent the Court disagrees with the majority view on this issue, *see, e.g.*, *Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (D. Mich. 1978), Defendants respectfully request that the answer deadline be extended until two weeks following the Court's decision on Defendants' motion to dismiss.

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 2
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

Specifically, they asserted that they were entitled to appointed counsel under both the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a, and the Due Process Clause in the Fifth Amendment to the U.S. Constitution. *Id.* They simultaneously moved to certify a class of Plaintiffs advancing the same claim. ECF No. 2. On September 3, 2014, Plaintiffs filed an Amended Complaint, ECF No. 73, which Defendants moved to dismiss. ECF No. 80. On October 21, 2014, Plaintiffs sought—and subsequently received—leave to file a Second Amended Complaint, ECF No. 86-1, to address deficiencies in their pleadings identified by Defendants in their Motion to Dismiss and by the Court when denying Plaintiffs' request for a preliminary injunction, ECF No. 81. *See* ECF No. 86 at 1.

On April 13, 2015, the Court granted in part and denied in part Defendants' Motion to Dismiss. ECF No. 114. While the Court permitted Plaintiffs' constitutional claim to proceed, the Court dismissed the statutory claim under the INA, holding that it lacked jurisdiction because such claims must be asserted in removal proceedings and appealed, if at all, to the Board of Immigration Appeals and then to the respective Court of Appeals. *Id.* at 18–22; *see* 8 U.S.C. §§ 1252(a)(5), (b)(9). Further, it dismissed Plaintiffs G.D.S. and A.E.G.E. for lack of ripeness to their claims because removal proceedings had not commenced in their cases. ECF No. 114 at 6–7. The Court also dismissed G.J.C.P. for lack of jurisdiction, holding that her right-to-counsel claim was essentially a collateral attack that sought to circumvent the statutory restrictions on challenging a removal order issued in absentia. ECF No. 114 at 11; *see* 8 U.S.C. §§ 1229a(b)(5), 1252(g). Finally, the Court struck Plaintiffs' request for class-wide injunctive relief pursuant to 8 U.S.C. § 1252(f)(1). ECF No. 114 at 36–38.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

## A. Third Amended Complaint

On October 16, 2015, Plaintiffs filed a motion for leave to file a third amended complaint. ECF No. 190. Defendants did not oppose amendment, but alerted the Court to deficiencies with the proposed amendments. ECF No. 196. The Court granted Plaintiffs leave to amend, ECF No. 204, and the Third Amended Complaint was filed on December 4, 2015. ECF No. 207. The Third Amended Complaint adds claims by new Plaintiffs E.G.C., A.F.M.J., L.J.M., M.R.J., J.R.A.P., and K.N.S.M., and reasserts claims by A.E.G.E. that were previously dismissed as unripe. *See* ECF No. 114 at 7–8; ECF No. 207 at ¶¶ 18, 21–26. The Complaint also adds USCIS Director Leon Rodriguez as a Defendant in his official capacity.

## B. Allegations Concerning Individual Plaintiffs

According to the Third Amended Complaint and Plaintiffs' related filings,[3] Plaintiffs' relevant individual circumstances are:

A.E.G.E.— A relative left A.E.G.E. at the Port of Eagle Pass, Texas, where removal proceedings were instituted against him on April 13, 2014. He was released to the care of his

---

[3] In support of their Third Motion to Certify a Class, Plaintiffs attached the Notices to Appear ("NTAs") issued to A.E.G.E., E.G.C., A.F.M.J., L.J.M., and M.R.J. by immigration authorities upon their entrance into the United States. ECF No. 191-1, Exs. A–I. Exhibit A to this motion is the I-213 Record of Deportable/Inadmissible Alien completed for K.N.S.M. by CBP after apprehending her. Although a court generally may not consider matters outside the pleadings on a Rule 12(b)(6) motion, it "may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it." *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (citation omitted). To the extent that the information cited from these documents is not actually recited or alluded to in the Third Amended Complaint, which it often is, it is necessary to Plaintiffs' allegations as it establishes why these minors are in immigration proceedings at all. Further, the authenticity of these documents—which Plaintiffs themselves filed, except for K.N.S.M.'s I-213 record—cannot reasonably be contested. Thus, the Court may consider these documents without converting this motion to one for summary judgment under Fed. R. Civ. P. 12(d). *See Johnson*, 793 F.3d at 1007.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

mother in Los Angeles, California, where his removal hearing is scheduled. ECF No. 207 at ¶¶ 93–94; ECF No. 191-1 at 8.

E.G.C.—E.G.C. arrived at the border at the Otay Mesa Port of Entry on or about November 13, 2013, with his mother and sisters. Officers from U.S. Customs and Border Protection ("CBP"), Department of Homeland Security ("DHS"), immediately took E.G.C. and his family into custody, placed them in removal proceedings and paroled them into the United States pending those proceedings. ECF No. 207 at ¶ 108; ECF No. 191-1 at 12.

A.F.M.J., L.J.M., and M.R.J.— These siblings arrived at the San Ysidro Port of Entry with their mother on September 21, 2014, where they applied for admission. The family was placed in removal proceedings and paroled into the country to pursue asylum and related relief. ECF No. 207 at ¶¶ 111–19; ECF No. 191-1 at 16, 20, 24.

K.N.S.M.—K.N.S.M. and her mother were apprehended by CBP agents shortly after wading across the Rio Grande River, approximately 0.55 miles southeast of the Eagle Pass Port of Entry. They expressed a fear of returning to their country of origin, were issued Notices to Appear, and were released on recognizance. They currently live in Ontario, California. K.N.S.M. is in removal proceedings in Los Angeles, California. Ex. A (redacted Form I-213, Record of Deportable/Inadmissible Alien); ECF No. 207 at ¶¶ 125, 126.

J.E.V.G.—J.E.V.G. entered the United States near McAllen, Texas and was apprehended by CBP agents shortly thereafter. He currently resides with his half-sister in Houston, Texas, where he is in removal proceedings. J.E.V.G. has obtained counsel, attained age 18, and has had his removal proceedings terminated. ECF No. 207 at ¶¶ 104–06.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

M.A.M.—M.A.M resides with his mother in California, where his removal

proceedings are pending.  Without counsel representing him in his removal proceedings,

M.A.M. obtained a Special Immigrant Juvenile visa and is now eligible to apply for

adjustment of status on this basis.  *See* 8 U.S.C. § 1101(a)(27)(J)(i).  His next removal hearing

is scheduled for February 2016, by which time he will have attained age 18.  ECF No. 207 at

¶¶ 88–90.[4]

J.R.A.P.—J.R.A.P. lives with his mother in Miami, Florida, where he is in removal

proceedings.  *Id.* at ¶¶ 121–22.

## STANDARD OF REVIEW

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to

allege a cognizable legal theory or fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).  As a general rule, an amended complaint supersedes the

original complaint in all respects. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Because

of this superseding effect, the amended complaint opens the door for defendants to raise new

and previously unmentioned affirmative defenses.  *See Harris v. Secretary, U.S. Dep't of

Veterans Affairs*, 126 F.3d 339, 343 n.2 (D.C. Cir.1997); *In re WellPoint, Inc. Out-of-Network

---

[4] Plaintiffs kept J.E.F.M., J.F.M., and D.G.F.M. in the Third Amended Complaint despite the
Court's dismissal of their claims with prejudice.  ECF No. 174 at 8.  On January 14, 2016, the
Court re-dismissed these Plaintiffs' claims with prejudice.  ECF No. 224 at ¶ 2.  The Court
also re-dismissed the claims by G.J.C.P., previously dismissed without prejudice, as well as
Plaintiffs' cause of action alleging a violation of 8 U.S.C. § 1229a(b).  *Id.*

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 6
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

*UCR Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012) ("Courts in this Circuit therefore have permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available.")

> **I.     The Court should dismiss Plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., M.R.J., and K.N.S.M. because they are non-admitted aliens who lack a legal basis to assert procedural due process claims and are limited to raising statutory claims over which this Court has recognized its lack of jurisdiction.**

Plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., M.R.J., and K.N.S.M. fail to state cognizable claims for relief. Their constitutional claims should be dismissed because, as aliens seeking to enter the United States who were apprehended at the border, they have no procedural due process rights with respect to their admission and their procedural protections are limited to those provided by Congress by statute. *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004) ("[E]xcludable aliens have no constitutional right to the same procedures afforded deportable aliens in the admission process."). And, their statutory claims should be dismissed on the same jurisdictional grounds as the identical claims previously raised by other Plaintiffs. *See* ECF No. 114 at 19–22.

Plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., M.R.J., and K.N.S.M. lack any constitutional right to counsel at government expense in their immigration proceedings, given their status as non-admitted aliens. It is well-settled that "aliens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country." *United States v. Verdugo–Urquidez*, 494 U.S. 259, 271 (1990). Aliens identified at the border who have not had any contact with the United States—even if they are subsequently paroled into the territorial United States during the

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 7
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

resolution of their claims for admission—are not entitled to any process other than that provided by statute. *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011); *see Mezei*, 345 U.S. at 212 ("[A]n alien on the threshold of initial entry stands on a different footing: 'Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'"); *Alvarez-Garcia*, 378 F.3d at 1097–98; *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1141 (9th Cir. 2008) (reiterating that non-admitted aliens lack procedural due process rights concerning their admission).

Longstanding Supreme Court precedent distinguishes among aliens who have been lawfully admitted, those who are physically present in the United States, albeit illegally, for some meaningful period of time, and those who have never entered and have yet to form a connection to the country, with the latter lacking constitutional procedural due process rights. *See Verdugo-Urquidez*, 494 U.S. at 270–71 (collecting cases); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982), *Chew v. Colding*, 344 U.S. 590, 596 n.5 (1953); *cf. Johnson v. Eisentrager*, 339 U.S. 763, 770 (1950) (describing sliding scale and distinguishing between unlawful presence, lawful presence, and lawful presence accompanied by other ties to the United States like "preliminary declaration of intention to become a citizen"). Because these Plaintiffs[5]

---

[5] K.N.S.M.'s case is slightly different than her counterparts in that she did not present herself at a port of entry but was apprehended after wading across a river forming the international border approximately 0.55 miles from a port of entry. However, this minor difference in circumstances does not functionally separate her from the Plaintiffs who straightforwardly applied for admission at the border. *See* 8 U.S.C. § 1225(a)(1). As K.N.S.M. was apprehended after only making it the equivalent of five city blocks past the port of entry, and lacked any pre-existing ties with the United States, she similarly lacks constitutional due process protections beyond those authorized by Congress. *See Kaoru Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903) (distinguishing alien "who has entered the country clandestinely, and who has been here for too brief a period to have become, in any real sense, a part of our population" from other aliens for due process purposes in deportation proceedings); *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1173–76 (D.N.M. 2014) (holding that

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

were apprehended at the border and lack ties to or any meaningful temporal presence in this country, their procedural protections are limited to those provided by statute and thus differ from other Plaintiffs whom the Court has held to state a due process claim cognizable under *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* ECF No. 114 at 29.

In its April 13, 2015 Order, the Court noted:

> At oral argument, counsel for defendants seemed to suggest that *Mathews* would apply with respect to "deportable" aliens, but not as to "inadmissible" aliens. Defendants, however, have cited no authority to support the proposition that such distinction can now be drawn, in the context of analyzing what process is due to such individuals, in light of IIRIRA's merger of matters involving inadmissible and deportable aliens into one proceeding known as "removal."

ECF No. 114 at 28–29. However, while "deportable" and "inadmissible" aliens are, since the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), both potentially subject to "removal" proceedings, *see Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 854 n.6 (9th Cir. 2004), the fundamental principle that the degree to which an alien enjoys procedural constitutional protections depends upon whether and to what extent he or she has formed a connection to the United States, *see Verdugo–Urquidez*, 494

---

constitutional status of aliens apprehended shortly after illegally entering the United States, notwithstanding the fact they are physically present in the United States, is "assimilated" to the status of an arriving alien who had never entered, such that their procedural due process rights, if any, are limited to those authorized by Congress); *accord Garcia de Rincon*, 539 F.3d at 1141. While Plaintiffs may contend that *United States v. Raya-Vaca*, 771 F.3d 1195, 1203 (9th Cir. 2014) indicates otherwise, that case is inapposite: it is a *criminal* reentry case, in which an alien has a right to "some meaningful review" of a prior removal order if it is a predicate for the criminal offense. *See Barajas*, 655 F.3d at 1083–85. By contrast, K.N.S.M.'s claim concerns only procedures to be employed in administrative removal of a non-admitted alien who is clearly assimilated to the status of an arriving alien, *Mezei*, 345 U.S. at 214, and who lacks the substantial pre-existing connections to this country held by the alien in criminal proceedings in *Raya-Vaca*, 771 F.3d at 1198–99. *See Verdugo–Urquidez*, 494 U.S. 259, 271. Further, as the Ninth Circuit has recognized, to hold otherwise creates a "perverse incentive" for arriving aliens "to evade immigration checkpoints altogether and thereby acquire constitutional protections" that aliens who lawfully present themselves for inspection at the border do not themselves have. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 973 (9th Cir. 2004).

---

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 9
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

U.S. at 271, remains unchanged. *See, e.g., Sevilla v. I.N.S.,* 33 F. App'x 284, 286 (9th Cir. 2002) ("[A]n arriving alien is in the same position as those aliens termed 'excludable' before the permanent changes to IIRIRA took effect in 1997.").  As arriving aliens identified at the border—"excludable" under the pre-IIRIRA regime—A.E.G.E., E.G.C., A.F.M.J., L.J.M., and K.N.S.M are subject to the Supreme Court's rule that non-admitted aliens have no due process right to procedural protections beyond those Congress grants via statute.  *See Mezei,* 345 U.S. at 212; *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543–44 (1950).

Moreover, the Ninth Circuit continues to recognize distinctions between: (1) the procedural rights due aliens identified while present within United States territory versus those who enter the immigration adjudicatory process while outside the United States, even if later paroled in,[6] and (2) the rights afforded aliens, even if within the United States following illegal entry, depending on whether they are in criminal or civil proceedings.  *See Angov*, 788 F.3d at 898–99; *Barajas-Alvarado*, 655 F.3d at 1084; *Wong v. United States*, 373 F.3d 952, 971 (9th Cir. 2004) (recognizing that the "entry fiction"—that an alien seeking admission has not entered the country even if physically present under parole—"appears determinative of the procedural rights of aliens with respect to their applications for admission"); *cf. Pena v. Lynch*, 804 F.3d 1258, 1261–62 (9th Cir. 2015) (distinguishing rights of aliens apprehended shortly after entering illegally in civil versus criminal proceedings).  And more to the point, the Ninth Circuit has held that there is no legal basis to support a claim that non-admitted

---

[6] Defendants also note that this District has recognized post-IIRIRA that non-admitted aliens have no due process right to procedural protections beyond those authorized by Congress. *See Phan v. Reno*, 56 F. Supp. 2d 1149, 1153–54 (W.D. Wash. 1999) (citations omitted).

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 10
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

aliens subject to the entry fiction "have a right to representation" in civil proceedings. *See Barajas-Alvarado*, 655 F.3d at 1088; *Alvarez-Garcia*, 378 F.3d at 1097–98.

Plaintiffs have suggested that Supreme Court and Circuit precedent do not govern the right-to-counsel claim they premise on the due process clause for non-admitted aliens who are placed in removal proceedings under 8 U.S.C. § 1229a. ECF No. 201 at 10. However, to date, Plaintiffs have cited no case supporting the distinction they would draw. As the Supreme Court has explained, any procedural right to appointed counsel for non-admitted aliens can only flow from statute, *see Knauff*, 338 U.S. at 543-44, and no such statute exists.

While A.E.G.E., E.G.C., A.F.M.J., L.J.M., M.R.J., and K.N.S.M. were not yet parties to this suit when the Court dismissed Plaintiffs' statutory claims for lack of jurisdiction, their statutory claims are indistinguishable from the INA claims that the Court has already dismissed for lack of jurisdiction. Like the other Plaintiffs, these new Plaintiffs must exhaust the statutory claim for additional procedural protection within their removal proceedings. *See* ECF No. 114 at 18–22. Because these Plaintiffs have no basis to assert a freestanding constitutional due process claim to taxpayer-funded counsel, they have no remaining avenue for relief in this case and should be dismissed.[7]

---

[7] This argument also further underscores why class certification is not warranted in this case. In applying the *Mathews v. Eldridge* test, Plaintiffs cannot credibly argue that the liberty interest of a minor alien who has just arrived in the United States looking for work is the same as the liberty interest of a lawful permanent resident minor alien who has been in the United States several years and seeks to avoid removal to a country in which he or she asserts a claim of past or future torture. Cases cited by Plaintiffs to support their claimed liberty interest— which addressed deportation of resident aliens, not exclusion of non-admitted aliens, where the equities are different—reinforce that not all aliens in removal proceedings are similarly situated. *See Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948) (stating that deportation is "*at times* the equivalent of banishment o[r] exile" because "it is the forfeiture for misconduct of a residence in this country") (emphasis added); *Delgadillo v. Carmichael*, 332 U.S. 388, 391 (1947) (stating that deportation of resident aliens "*can be* the equivalent of banishment or

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

1

2

3

**II.** **The Court should dismiss Plaintiffs J.E.V.G. and M.A.M. because they are, or will be by the time of their next removal hearings, no longer minors and have not plausibly alleged prejudice as a result of being unrepresented during those proceedings conducted before they attained adult status.**

4

5

M.A.M. will turn 18 prior to his next removal hearing and before this motion is adjudicated.[8] J.E.V.G. not only has already turned 18, his removal proceedings have also now been terminated without prejudice, so he no longer has a need for taxpayer-funded counsel. *See* Exhibit B (redacted motion to terminate proceedings and IJ order); *see also* ECF No. 174 at 7 (dismissing Plaintiffs J.E.F.M., J.F.M, and D.G.F.M. because they received relief from removal in their immigration proceedings). M.A.M. and J.E.V.G. should be dismissed because the Third Amended Complaint does not allege any prejudice that they suffered due to the absence of counsel in the proceedings they participated in as minors.

6

7

8

9

10

11

12

13

Any relief these Plaintiffs could potentially receive from participation in this suit would necessarily have to have arisen from the proceedings that took place before their 18th birthday. Even under Plaintiffs' proposed reading of the Fifth Amendment's Due Process Clause, their only claim is that it entitles alien *minors* to taxpayer-funded counsel in removal proceedings. *See, e.g.*, ECF No. 207 at ¶¶ 132, 145. They make no such claim as to adults in

14

15

16

17

18

19

20

21

22

23

24

25

exile") (emphasis added). And, without constitutional recognition of a liberty interest for arriving aliens in their admission to the United States, such Plaintiffs cannot satisfy the first prong of the *Mathews* test. This Court's recognition of a liberty interest in admission would likely be cited in numerous other contexts in an effort to substantially weaken a number of existing immigration enforcement statutes and regulations governing arriving aliens. This could substantially diminish the Executive's current legal authority to maintain a secure border and would almost certainly contravene the past 125 years of immigration case law. *See, e.g.*, *Ekiu v. United States*, 142 U.S. 651 (1892).
[8] The Third Amended Complaint does not expressly state M.A.M's date of birth. Nevertheless, M.A.M.'s Notice to Appear ("NTA"), a document supplied by Plaintiffs and necessary to M.A.M.'s claim, establishes that he will have turned 18 by the time of his next removal hearing in February 2016. *See* ECF No. 191-1 at 5; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)). Defendants can supply an unredacted copy of the NTA to chambers if the Court wishes.

26

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 12
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

removal proceedings (age 18 and over), whose lack of constitutional entitlement to taxpayer-funded counsel is well established. *See, e.g.*, *Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005); *United States v. Gasca-Kraft*, 522 F.2d 149, 152 (9th Cir. 1975); *Murgia-Melendrez v. INS*, 407 F.2d 207, 209 (9th Cir. 1969).

To the extent that the Court has concluded that Plaintiffs' constitutional claim is collateral to their removal proceedings, *see* ECF No. 114 at 16, these Plaintiffs cannot make the required showing of prejudice for any due process claim they could assert arising from their brief, non-prejudicial participation in removal proceedings before reaching adulthood. "'As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him.'" *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (quoting *Padilla v. Ashcroft*, 334 F.3d 921, 924–25 (9th Cir. 2003)).[9] This requires sufficiently alleging "'plausible scenarios in which the outcome of the proceedings would have been different'" if greater procedural protection was provided. *Id.* (quoting *Walters v. Reno*, 145 F.3d 1032, 1044 (9th Cir. 1998)); *see Iqbal*, 556 U.S. at 678. But Plaintiffs do not allege that an immigration court has rendered an adverse decision in M.A.M.'s proceedings or J.E.V.G.'s now-terminated proceedings, let alone that any such decision would plausibly have been different had counsel been present while Plaintiffs were under 18. *See Morales-Izquierdo*, 486 F.3d at 495. Plaintiffs have not

---

[9] *Montes-Lopez v. Holder*, 694 F.3d 1085 (9th Cir. 2012), where the Ninth Circuit held that prejudice need not be shown to establish a violation of the statutory right to counsel during an immigration proceeding, does not indicate otherwise. *Montes-Lopez* specifically noted that it addressed a claim of denied right to counsel arising on direct review and not in a collateral challenge to the integrity of their immigration proceedings, which is what Plaintiffs are essentially bringing here. *Id.* at 1093. Further, *Montez-Lopez* addressed the statutory right to counsel, and Plaintiffs' statutory claim has been dismissed. *Id.*

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 13
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

alleged that J.E.V.G. suffered any prejudice during the period he was unrepresented, nor could they plausibly do so in light of the termination of his removal proceedings. M.A.M. was able to obtain Special Immigrant Juvenile status from USCIS—even without appointed counsel in his removal proceedings—while under age 18. *See* 8 U.S.C. § 1101(a)(27)(J)(i).[10] Further, the Third Amended Complaint does not indicate how their claims now differ from any individual placed into removal proceedings after reaching age 18, who undisputedly lacks any right to taxpayer-funded counsel. *See Magallanes-Damian v. INS*, 783 F.2d 931, 933 (9th Cir. 1986). For these reasons, J.E.V.G. and M.A.M. should be dismissed.[11]

**III. Plaintiffs A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. should be dismissed for improper venue, as they neither reside in nor are in immigration proceedings within the jurisdiction of this Court; alternatively, their claims should be severed due to improper joinder.**

Plaintiffs (1) A.E.G.E., M.A.M., and K.N.S.M., (2) J.E.V.G., and (3) J.R.A.P. live in, and are in immigration proceedings in, California, Texas, and Florida, respectively. The Third Amended Complaint's venue section is silent as to these Plaintiffs' connection to this forum. *See* ECF No. 207. Unless and until this case is certified for a nationwide class of plaintiffs, these Plaintiffs' claims before this Court should be dismissed for improper venue. These Plaintiffs should bring their cases in their respective jurisdictions and let this matter be resolved through the combined wisdom of the federal courts.

---

[10] The special immigrant juvenile provisions of the INA "created a method for abused, neglected, and abandoned immigrant children to become lawful permanent residents of the United States." *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 252 (C.D. Cal. 2008).

[11] To be clear, Defendants do not argue that these Plaintiffs' claims are moot upon turning age 18, an issue the Court has already addressed. *See* ECF No. 174 at 6. Rather, these Plaintiffs suffer from a pleading deficiency. The Complaint does not allege how they were prejudiced by their pre-age-18 removal proceedings or how their cases were adversely affected by having been commenced without counsel prior to their 18th birthday, as opposed to being commenced without counsel *after* their 18th birthday, a scenario they do not challenge as unlawful.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

The federal venue statute provides that a civil action against an officer or agency of the United States may:

> [B]e brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e)(1). If the court determines that venue is improper, it may dismiss the case, or, in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. State of Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982). Generally, where there are multiple parties and/or claims, "'the plaintiff must establish that venue is proper as to each defendant and as to each claim.'" *Allstar Marketing Grp., LLC v. Your Store Online LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (quoting *Kelly v. Echols*, No. Civ. F05118 AWI SMS, 2005 WL 2105309, at *11 (E.D. Cal. Aug. 30, 2005)). On a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).

Plaintiffs' allegations make clear that A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. do not live in the Western District of Washington, and that no part of the events underlying this action—their entrance into the United States and involvement in immigration proceedings—occurred (or will occur) in this District. *See* 28 U.S.C. § 1391(e)(1)(B)-(C). Therefore, venue can only be proper in this District if Defendants reside here. *Id.* §

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

1391(e)(1)(A).  The Ninth Circuit has not addressed the issue of where a government official or agency "resides" for purposes of §1391(e), although at least one district court in the Ninth Circuit refused to find venue proper under § 1391(e) in a suit against an agency merely because two subordinate officials working in the District were named as defendants.  *See Kings Cty. Econ. Cmty. Dev. Ass'n v. Hardin*, 333 F. Supp. 1302, 1304 (N.D. Cal. 1971).  The District of Columbia Circuit and district courts in the Second Circuit have held that a government official "resides" under § 1391(e) in the place where her duties are performed. *See Lamont v. Haig,* 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978); *Springle v. City of New York*, No. 11 CIV 8827 NRB, 2013 WL 592656, at *8 (S.D.N.Y. Feb. 14, 2013) ("[C]ourts in this Circuit have held that "residence for the purpose of venue is where the officials perform their duties."); *see also Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds sub nom. Florida Dep't of Health & Rehab. Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981) (noting that under section 1391(b), the general venue statute, "[t]he general rule in suits against public officials is that a defendant's residence for venue purpose is the district where he performs his official duties.").  For its part, the Seventh Circuit has limited the residence of agencies under § 1391(e) to their national headquarters. *See Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978) (holding that permitting a government agency to be sued in any district where it has an office "would mean that a plaintiff could file a suit in any district regardless of how remote that district's contact may be with the litigation").

Regardless of whether the Court adopts the D.C. or Seventh Circuit's approach, Plaintiffs A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. do not have a plausible claim

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 16
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

with any venue foothold in this District. Under the Seventh Circuit's rule, none of the agencies sued here have their national office in the State of Washington, and therefore Plaintiffs A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. have no basis for venue in this District. *See Reuben H. Donnelley Corp.*, 580 F.2d at 267. Under the D.C. Circuit's broader view, venue is potentially proper against only Defendants Bryan Wilcox and Lisa McDaniel, as they are officials at ICE's Seattle Field Office. However, A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. have no cognizable claim against the Seattle ICE office, Wilcox and/or McDaniel—Plaintiffs allege neither that that office has custody of these Plaintiffs nor that these local officials are playing any role in their immigration proceedings, which are transpiring in other states. *See Iqbal*, 556 U.S. at 679.[12]

Moreover, section 1391(e), by its own terms, provides for joinder of additional parties who do not independently satisfy the venue requirements "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1391(e)(1). Federal Rule of Civil Procedure 20(a)(1) permits joinder of plaintiffs if (1) they assert a right to relief arising out of or related to the

---

[12] Two Circuits have held, however, that not all plaintiffs in a case have to meet the venue requirements of § 1391(e). *Sidney Coal Co. v. Soc. Sec. Admin.*, 427 F.3d 336, 345-46 (6th Cir. 2005); *Exxon Corp. v. F.T.C.*, 588 F.2d 895, 898–99 (3d Cir. 1978). This view, of course, undermines the general rule that venue must be proper as to all claims. *See, e.g., Allstar Marketing Grp.*, 666 F. Supp. 2d at 1126; *see also Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001) (noting, with potential class actions, courts' holding that venue "requirements to suit must be satisfied for each and every named plaintiff for the suit to go forward"). Further, while Congress admittedly intended to loosen restrictions on suing the government, section 1391(e) accomplished that aim by ending the pre-existing requirement that all such suits must be brought in Washington, D.C. *See Reuben H. Donnelley Corp.*, 580 F.2d at 267 (explaining that "the manner in which Congress chose to effectuate this objective" of broadening the number of places in which government officers or agencies may be sued "was by adding additional venue choices to a plaintiff"). Congress did not, however, intend to permit "a suit in any district regardless of how remote that district's contact may be with the litigation," *see id.*, which Plaintiffs A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. would be doing by asserting their claims here, far from (1) their residences, (2) the events involved in their claims for counsel in immigration proceedings, and (3) the presence of any Defendant offices or agents bearing any nexus to their claims.

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 17
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

same transaction or occurrence or series of transactions or occurrences; and (2) their claims share a common question of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citations omitted). A court may, in its discretion, sever misjoined parties "so long as no substantial right will be prejudiced by the severance." *Id.* (citing Fed. R. Civ. P. 21).

Plaintiffs' generalized claim that they each have failed to receive taxpayer-funded counsel in violation of the Constitution fails to establish either a unified transaction or occurrence or a common question of law or fact. *See id.* The particular resources available to immigration courts to assist minors in proceedings vary from jurisdiction to jurisdiction, including the availability of pro bono counsel through Government-funded programs or otherwise. *See* Deposition of Acting Assistant Chief Immigration Judge Jack H. Weil 18:21–28:21; 33:17–20; 62:13–65:13; 79:16–24; 89:23–93:3; 153:3–6; 147: 9–12; 28:9–17, ECF No. 219, Ex. D; *cf.* ECF No. 225 at 6 ("[N]o showing has been made that F.L.B. and M.A.M., who reside in Washington and California, respectively, have claims that are typical of those of minors in immigration proceedings in other states or regions of the country."). Moreover, as noted, some Plaintiffs are non-admitted aliens intercepted at the border while others are not, which differentiates the degree of procedure to which these two groupings of Plaintiffs can lay a claim. *See, e.g.*, *Alvarez-Garcia*, 378 F.3d at 1097–98. In sum, there is neither the same transaction or occurrence nor a sufficiently identical question of law or fact to permit joinder of Plaintiffs' claims. *See Coughlin*, 130 F.3d at 1349–51 (holding that district court did not abuse discretion in holding that plaintiffs' mandamus petitions, united only by common allegation of delay, could not be permissively joined); *Harris v. Spellman*, 150 F.R.D. 130, 132 (N.D.Ill.1993) (finding no common series of occurrences under Rule 20 where, even

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

though each plaintiff claimed his disciplinary hearing was constitutionally inadequate, "the hearings were conducted by different people at different times to consider different charges"). The substantive rights of A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. would not be prejudiced by severing their claims, *see Coughlin*, 130 F.3d at 1351, as they can bring suit in jurisdictions actually bearing a connection to their claim—i.e., where they reside and are in immigration proceedings. The Court should dismiss the claims asserted by Plaintiffs A.E.G.E., M.A.M., J.R.A.P., J.E.V.G., and K.N.S.M. without prejudice based on improper venue, or sever them due to misjoinder. *See* 28 U.S.C. § 1406(a); Fed. R. Civ. P. 21.[13]

### IV. The Court should dismiss Plaintiffs A.F.M.J., L.J.M., and M.R.J. because they allege being placed in immigration proceedings together with their mother, and thus have no greater claim to appointed counsel than an adult.

The Third Amended Complaint alleges that A.F.M.J., L.J.M., and M.R.J. came to the United States with, live with, and have their removal proceedings scheduled with their mother. ECF No. 207 at ¶¶ 22–24. They thus provide the Court with no basis to reasonably infer that they require greater procedural protection than their mother.

It is well-settled that adults generally have the ability to represent themselves in immigration proceedings. *See, e.g.*, *Magallanes-Damian*, 783 F.2d at 933 ("Deportation hearings are deemed to be civil, not criminal, proceedings. . . . As a consequence, petitioners have no constitutional right to counsel under the sixth amendment."). Courts have recognized that a parent or other guardian necessarily speaks for a child too young to articulate his or her

---

[13] Additionally, the Court has certified jurisdictional issues that are currently pending before the Ninth Circuit. ECF No. 160; *J.E.F.M. v. Lynch*, No. 15-80113 (9th Cir. filed June 29, 2015). The Fifth and Eleventh Circuits, within whose jurisdiction J.E.V.G. and J.R.A.P. reside, respectively, may take different views on such issues. Plaintiffs should not be permitted to make an end run around possibly divergent rulings from those circuits by inappropriately adding these distant Plaintiffs to this Washington-based action.

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 19
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

own claim. *See Oforji v. Ashcroft*, 354 F.3d 609, 619 (7th Cir. 2003) (Posner, J., concurring) ("[I]n the case of a child, especially a small one, the parent will ordinarily be the child's proper representative and therefore authorized to file the asylum claim on the child's behalf."); *Gonzalez v. Reno*, 212 F.3d 1338, 1349–54 (11th Cir. 2000) (upholding as reasonable INS policy determination that six-year-old child applying for asylum must be spoken for by an adult, typically a parent absent exceptional circumstances); *Polovchak v. Meese*, 774 F.2d 731, 735 (7th Cir. 1985) ("[T]he parents know the child-his motivation, his interests-better than any other party, save possibly the child himself."); *Johns v. Dep't of Justice*, 624 F.2d 522, 524 (5th Cir. 1980) (noting, in immigration context, that "[i]n most cases, parents or foster parents may properly appear for minors").

As noted, Plaintiffs' legal theory is that capacity issues allegedly associated with youth distinguish children from the general rule that there is no right to government-appointed counsel in immigration proceedings. *See, e.g.*, ECF No. 207 at ¶ 45 ("Because of their age, children lack the ability to assert defenses and claims to relief by themselves."); *id.* at ¶ 46 ("[C]hildren possess a reduced capacity to comprehend the consequences of their actions and decisions, and they are often more receptive to adult influence[.]"); *id.* at ¶ 54 ("Children, by reason of their lack of capacity, cannot carry out these functions.").[14] But such capacity

---

[14] Plaintiffs also assert that minors require taxpayer-funded counsel due to the complexity of immigration proceedings and children's lack of legal sophistication. *See, e.g.*, ECF No. 207 at ¶¶ 38, 40–43, 50, 52, 53. However, as even Plaintiffs themselves at times acknowledge, these difficulties are no different than those experienced by adults in immigration proceedings, *see id.* at ¶ 48 ("[T]he civil removal orders issued against children in immigration proceedings bear the same consequences as those issued against adults."); *id.* at 50 (noting child's need to timely appeal to the BIA "[j]ust like an adult"), and, indeed, persons in federal civil proceedings generally. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.").

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 20
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

issues, if any, are irrelevant to the cases of A.F.M.J., L.J.M., and M.R.J. Each of them is effectively in the same position as an adult in immigration proceedings because they are allegedly accompanied by their mother in their proceedings. Indeed, for one-year-old M.R.J., and likely three-year-old L.J.M. as well, only their mother or another adult *could* communicate the information necessary for a court to assess the minor's entitlement to relief from removal. Moreover, Plaintiffs' allegations make no suggestion that there is a conflict of interests between mother and children. Indeed, the Third Amended Complaint expressly alleges that the mother "is truly dedicated to [each child's] best interest in this case," whose aim is to obtain counsel for the children's individual proceedings. *See id.* at ¶¶ 114, 117, 119. As a result, Plaintiffs' very allegations indicate that A.F.M.J., L.J.M., and M.R.J., by virtue of their mother's presence, lack the alleged incompetency of children that Plaintiffs cite in support of their asserted constitutional right to appointed counsel for minors in immigration proceedings.

Accordingly, A.F.M.J., L.J.M., and M.R.J. have pleaded themselves out of court by alleging facts showing that they fall outside their theory of constitutional relief. *See Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (explaining that a plaintiff can plead himself out of court if he "plead[s] facts which establish that he cannot prevail on" his claim) (internal quotation omitted). They should therefore be dismissed.[15]

---

Accordingly, there is no colorable legal basis for alleging that lack of legal training, shared by all lay persons, young and old, entitles a minor to government-provided counsel.

[15] This argument logically extends to all Plaintiffs in so far as the Complaint alleges that presumably competent adults are assisting Plaintiffs, even if they are not in removal proceedings with them. *See* ECF No. 207 at ¶¶ 13-26, 75, 77, 80, 85, 91, 95, 102, 110, 114, 117, 119, 123, 127. While Plaintiffs refer in various ways to minors allegedly being incompetent as a result of their youth, *see* ECF No. 207 at ¶¶ 1, 5, 38, 42, 43, 45, 46, 50, 51,

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

**V.    The Court should dismiss Defendant USCIS because Plaintiffs do not allege any actionable misconduct by the agency.**

Although the Third Amended Complaint names the USCIS Director as a Defendant in his official capacity—thus implicating the agency itself—Plaintiffs nowhere claim that USCIS is responsible for causing the alleged constitutional violation underlying this action.

To survive a Rule 12(b)(6) motion, a plaintiff's allegations must "support the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. The plaintiff's factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In particular, plaintiffs "must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citation and internal quotation marks omitted). Either insufficient factual allegations or "the lack of a cognizable legal theory" will independently support dismissal under Rule 12(b)(6). *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

Regarding USCIS, the Third Amended Complaint alleges only that: (1) USCIS "is responsible for adjudicating applications for certain forms of relief from removal for children in immigration proceedings," ECF No. 207 at ¶ 31; (2) USCIS granted asylum to former Plaintiffs J.E.F.M., J.F.M., and D.G.F.M., who were represented by pro bono counsel, *id.* at ¶¶ 75, 77, 79; and (3) USCIS granted Plaintiff M.A.M.'s self-petition for Special Immigrant

---

52, 53, 54, 55, 101, 105, and having to speak for or otherwise represent themselves during removal proceedings, *id.* at ¶¶ 1, 5, 41, 43, 44, 50, 51, 59, 75, 84, these allegations entirely ignore the ameliorative effect of potential assistance from a competent adult.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

Juvenile visa status, which he prepared with the assistance of a nonprofit legal services organization, *id.* at ¶ 90.

Adjudications before USCIS are a distinct and separate process from removal proceedings in immigration court. *Ching v. Mayorkas*, 725 F.3d 1149, 1154 (9th Cir. 2013) (noting that "statutory protections provided in removal proceedings do not apply to adjudications of I–130 visa petitions"). Proceedings before USCIS, unlike removal proceedings, are inherently non-adversarial. Asylum officers use interviews to elicit facts necessary to establish the appropriate immigration status; there is no government attorney arguing against granting relief. *See* 8 C.F.R. § 1208.9(b) (providing that even though an applicant "may" have counsel if he chooses, "[t]he asylum officer shall conduct the interview in a nonadversarial manner"). Courts have recognized that USCIS proceedings are non-adversarial, even going so far as to find them to be non-adjudicatory, or at least insufficiently judicial for res judicata purposes. *See, e.g.*, *Cospito v. Att'y Gen. of U.S.*, 539 F.3d 166, 171 (3d Cir. 2008); *Andrade v. Gonzales*, 459 F.3d 538, 545 (5th Cir. 2006); *Mugomoke v. Hazuda*, No. 13-CV-00984-KJM-KJN, 2014 WL 4472743, at *9 (E.D. Cal. Sept. 11, 2014). Further, USCIS lacks authority to order removal. Therefore, the legal theory underlying Plaintiffs' complaint—that minor aliens require counsel to counterbalance the ICE attorneys arguing for their removal, ECF No. 207 at ¶¶ 38–39, 71—is inapplicable to the non-adversarial USCIS application proceedings and thus does not support a claim against USCIS.[16]

---

[16] Plaintiffs implicitly acknowledge this fact: their Complaint focuses on counsel in removal proceedings supervised by EOIR and does not claim a right to counsel in USCIS interviews. *See, e.g.*, ECF No. 207 at ¶ 134 n. 26 ("Plaintiffs define "immigration proceedings" as any

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 23
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

Moreover, Plaintiffs have actually alleged *favorable* process or outcomes in USCIS proceedings—namely, that they (1) received the assistance of counsel and (2) received the immigration status applied for. Plaintiffs thus fail to allege a concrete scenario in which a minor filing an application with USCIS was denied the procedure necessary to establish her claim. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (explaining that a plaintiff alleging a procedural due process violation must demonstrate both "(1) a *deprivation* of a constitutionally protected liberty or property interest, and (2) a *denial* of adequate procedural protections" (emphasis added)).

For these reasons, Plaintiffs fail to advance a legal theory under which USCIS violated any of Plaintiffs' rights. *See Balistreri*, 901 F.2d at 699. Defendant USCIS should therefore be dismissed from this suit.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss all claims (1) by Plaintiffs J.R.A.P., J.E.V.G., M.A.M., A.E.G.E., E.G.C., A.F.M.J., L.J.M., M.R.J., and K.N.S.M, and (2) against Defendant USCIS.

DATED: February 4, 2016

Respectfully Submitted,


BENJAMIN C. MIZER
Principal Deputy Assistant
Attorney General

LEON FRESCO
Deputy Assistant Attorney General

proceeding that occurs before an Immigration Judge or the Board of Immigration Appeals.").

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 24
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director

 *s/ Joseph A. Darrow*
JOSEPH A. DARROW
Office of Immigration Litigation—DCS
Civil Div., U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel.:  (202) 598-2445
Fax:  (202) 305-7000
E-mail: joseph.a.darrow@usdoj.gov

DEFENDANTS' MOTION TO DISMISS
THIRD AMENDED COMPLAINT - 25
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of February 4, 2016, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to all parties of record.

<u>s/ Joseph A. Darrow</u>
JOSEPH A. DARROW
Trial Attorney
Office of Immigration Litigation
District Court Section
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel.:  (202) 598-2445
Fax:  (202) 305-7000
E-mail: joseph.a.darrow@usdoj.gov

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000