Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al.,<br><br>Plaintiffs,<br>v.<br>LORETTA E. LYNCH, Attorney General, United States, et al.,<br><br>Defendants. | No. 2:14-cv-01026<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>February 26, 2016 |

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

## INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Dismiss the Third Amended Complaint, ECF No. 239, broadly asserts that Defendants' arguments supporting dismissal have either been (1) raised and rejected by the Court or (2) waived through failure to raise them earlier. In doing so, Plaintiffs ignore Defendants' consistent attempts to clarify how their new arguments directly respond to clarifications by the Court or differ from arguments previously articulated. *See, e.g.*, ECF No. 229 at 9, 13, 14 n.11. Defendants do not re-assert any defenses actually litigated and rejected by the Court in their previous motions to dismiss.[1] An issue generally must have been "actually decided" for the law of the case doctrine to apply. *Mortimer v. Baca*, 594 F.3d 714, 720 (9th Cir. 2010); *accord United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). Moreover, this doctrine is discretionary and "designed to aid in the efficient operation of court affairs." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (internal quotation omitted). It would be highly inefficient for the parties to engage in discovery and then ask the Court to litigate further motion(s) to defeat claims that have been shown deficient at this threshold as a matter of law.

Plaintiffs also seek to avoid the inexorable cost of their decision to dramatically alter this litigation by amending their Complaint for yet a third time to add twice as many additional plaintiffs as remained in the suit prior to their amendment, each plaintiff with her own particular circumstances—e.g., location, accompanied status, nature of arrival in the United States, type of relief from removal asserted—further complicating the inherently particularized nature of this due process inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 334

---

[1] On this point, Plaintiffs misleadlinglypoint to arguments made by Defendants in opposition to class certification. *See* ECF No. 239 at 2 (referring to ECF No. 54-2 (Defendants' Opposition to Class Certification) at 7 n.5); *id.* at 7 (referring to ECF No. 54-2 at 12); *id.* at 10 (referring to ECF No. 54-2 at 10-11); Defendants do not re-assert any arguments *for claim or party dismissal* that the Court has actually ruled on. *See Mortimer*, 594 F.3d at 720.

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 1
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

(1976). Plaintiffs fail to acknowledge that, by filing an amended complaint, they superseded their prior allegations in all respects, *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and opened the door to all defenses, even those previously assertable. *See Harris v. Secretary, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 n.2 (D.C. Cir. 1997); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012); *DBSI Signature Place, LLC v. BL Greensboro, L.P.*, No. CV 05-051-SLMB, 2006 WL 1275394, at *5 (D. Idaho May 9, 2006).

## ARGUMENT

### I. Aliens Apprehended At, Or Near The Border, Such As K.N.S.M., Lack Procedural Due Process Rights Under Ninth Circuit Law.

As a threshold matter, the Court has not already resolved whether any plaintiffs should be dismissed due to their status as arriving aliens. In its Order of April 13, 2015, the Court noted that Defendants mentioned in oral argument the distinction between the rights afforded aliens subject to exclusion versus deportation but had not provided authority supporting the continuing validity of this distinction post-IIRIRA. ECF No. 114 at 28-29; *see In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) (noting that law-of-the-case preclusion doctrine "does not apply to dicta"). The Court went on to decide that the *Mathews* balancing test would govern a procedural due process claim for appointed counsel, without discussing—let alone deciding—the nature and extent of Plaintiffs' due process rights (as affected by the circumstances of their inspection by border authorities) or which Plaintiffs could assert such rights. ECF No. 114 at 28-29. Moreover, all but one of the Plaintiffs whom Defendants seek to dismiss based on their status as aliens apprehended at or near the border *had not even been added to the case yet*. There is no basis to assert that the Court actually decided Defendants' argument at that time. *See Mortimer*, 594 F.3d at 720; *Jingles*, 702 F.3d at 494.

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 2
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

As noted in Defendants' motion, the distinction between the procedural rights afforded excludable aliens apprehended at or near the border, and deportable aliens apprehended after being present in the U.S. for some time, has permeated federal law for centuries and continues after IIRIRA's administrative consolidation of exclusion and deportation proceedings.[2] *See, e.g., Sevilla v. I.N.S.*, 33 F. App'x 284, 286 (9th Cir. 2002). Plaintiffs look to *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc), yet that plaintiff was not an excludable alien but resided in the U.S. for many years and had originally entered on a student visa, *id.* at 885. Despite its broad phrasing, in holding that Oshodi, like other individuals in removal proceedings, was entitled to due process, the court cited *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and *Reno v. Flores*, 507 U.S. 292, 306 (1993), both of which specifically state only that the Fifth Amendment provides aliens with due process "in deportation proceedings." *See Oshodi*, 729 F.3d at 889. As for *Jie Lin v. Ascroft*, 377 F.3d 1014 (9th Cir. 2004), it held that the effective denial of the alien's *statutory* right to retain counsel violated his Fifth Amendment due process rights. *Id.* at 1034. This is consistent with Defendants' argument, which is not that aliens apprehended at or near the border lack procedural rights entirely, only that the Constitution does not endow them with *extra* procedural protections *respecting their admission* beyond those granted them by Congress through statute, as the Supreme Court, the Ninth Circuit, and this District have recognized. *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950);[3] *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011); *Garcia*

---

[2] Plaintiffs provide no legal authority for their intimation that the difference between exclusion and deportation lacks any meaning in this context post-IIRIRA. ECF No. 239 at 3. And, contrary to Plaintiffs' argument, the fact that *Phan v. Reno*, 56 F. Supp. 2d 1149 (W.D. Wash. 1999), recognized that the longtime resident alien at issue there was deportable—and thus the lesser rights of an excludable alien did not apply—in no way erodes *Phan*'s clear recognition of the continuing legal distinction between these two classes of aliens. *Id.* at 1154.
[3] Plaintiffs' assertions notwithstanding, *Mezei* and *Knauff*'s recognition of the lesser

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 3
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

*de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1141 (9th Cir. 2008); *Li v. Eddy*, 259 F.3d 1132, 1134 (9th Cir. 2003), *vacated as moot*, 324 F.3d 1109 (9th Cir. 2003)); *Phan v. Reno*, 56 F. Supp. 2d 1149, 1154 (W.D. Wash. 1999).

Plaintiffs confuse matters by discussing their statutory rights to full and fair procedures under the Immigration and Nationality Act ("INA") to adjudicate their claims to relief from removal. *See, e.g.*, 8 U.S.C. § 1229a(b)(4). Those claims are no longer at issue in this litigation. ECF No. 114 at 19-22. The Due Process Clause does not provide those Plaintiffs who apprehended at or near the border with additional procedural protections beyond those provided in statute. *See Mezei*, 345 U.S. at 212; *Barajas-Alvarado*, 655 F.3d at 1088. Contrary to Plaintiffs' styling of the issue, they are not claiming a due process violation based on immigration courts' erroneous application of a statutory procedure, *see United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049-50 (9th Cir. 2004), or denial of their ability to seek a particular relief from removal, *see Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir. 1984). Rather, they claim that Plaintiffs were deprived of a wholly new right nowhere provided for in statute: taxpayer-funded appointed counsel in immigration proceedings. These are wholly separate issues. *See Angov v. Lynch*, 788 F.3d 893, 898 n.3 (9th Cir. 2015) ("Angov was clearly given fair access to all his statutory rights. What he asks for instead are due process protections that go beyond those which Congress has provided him. But, as an alien who has never entered the United States, those protections are unavailable to him.").

Finally, it is not Defendants' position, but Plaintiffs' formalistic misinterpretation of Congressional intent and Supreme Court precedent, that generates any disparity in rights between aliens who approach ports of entry versus those apprehended while entering illegally.

---

procedural rights afforded excludable aliens remains precedential. *See, e.g., Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1449 (9th Cir. 1995), *superseded by statute on other grounds as recognized in Xi v. U.S. I.N.S.*, 298 F.3d 832, 837 (9th Cir. 2002).

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 4
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

Under Supreme Court precedent, procedural constitutional rights do not depend upon arbitrary contingencies like how many minutes or miles an alien can elude border authorities, but on whether an alien has lived in or formed connections with the U.S. such that he has a greater protectable interest in not being wrongfully removed than someone immediately apprehended. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990).[4]

For this reason, the constitutional rights of K.N.S.M.—who was apprehended 0.55 miles from the border after wading across the Rio Grande, ECF No. 229 at 8 n.5[5]—respecting her admission assimilate to those of an alien apprehended at the border itself. *See Kwong Hai Chew v. Colding*, 344 U.S. 590, 597-99 (1953); *Mezei*, 345 U.S. at 214; *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1173-76 (D.N.M. 2014), *vacated as moot*, 2015 WL 745248 (D.N.M. Sept. 23, 2015).[6] To hold that K.N.S.M., by illegally crossing the

---

[4] Plaintiffs point to out-of-circuit authority purporting to show that Congress has created a liberty interest for aliens apprehended at or near the border that merits full due process protection. *See* ECF No. 239 at 6 n.2 (citing *Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir. 1984)). *Augustin*, however, held only that "limited due process rights attach," which there meant the right to avoid blatantly inaccurate translation during the hearing and to be adequately informed of the nature of the hearing and that the alien's counsel had withdrawn. 735 F.2d at 37-38. *Augustin* did not say that such "limited" rights encompassed Government-funded counsel nor are the *Augustin* rights in tension with the statutory due process rights provided for under the INA, *see* 8 U.S.C. § 1229a(b)(4)(C), unlike this case, which is specifically foreclosed by 8 U.S.C. § 1229a(b)(4)(A); and 8 U.S.C. § 1362.

[5] While Plaintiffs ask the Court not to consider K.N.S.M.'s I-213 form because their Complaint did not "mention" it, they (1) do not dispute its authenticity and (2) rely on its confirmation that K.N.S.M. was apprehended by border authorities in Texas "[s]oon after crossing the border," ECF No. 207 at ¶ 125, to argue (wrongfully) that she should have the full constitutional rights of an alien who formed some substantial connection to the country after illegally entering. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (citation omitted).

[6] Plaintiffs pluck out-of-context Supreme Court language that appears to suggest that merely stepping foot over the border conveys the panoply of constitutional rights afforded an alien who has lived in the United States and formed equities here, thus requiring heightened protection against wrongful removal. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Such statements in *Zadvydas* and *Diaz*, however, refer to aliens apprehended after they had resided in the U.S. or "in some manner become part of the population," which K.N.S.M. has not. *M.S.P.C.*, 60 F. Supp. 3d at 1173. *Zadvydas* itself recognized that the nature of constitutional protections afforded to an alien "may vary depending upon status and circumstance." 533 U.S. at 694.

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 5
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

border only to be immediately apprehended practically within sight of the port of entry where her peers appeared, warrants the greater procedural protections of an alien whose presence, however illegal, has served to build up equities in this country, is to elevate form over function and ignore longstanding Supreme Court precedent. *See Verdugo-Urquidez*, 494 U.S. at 271. Such a ruling would mean that an individual apprehended within minutes of illegally evading a port of entry has acquired a liberty interest in being admitted into the U.S., turning 100-plus years of case law[7] on its head and dramatically diminishing the plenary authority of Congress and the Executive to set the terms and conditions for admission of aliens.

## II. The Potential Derivative Citizenship Claims of A.F.M.J. And L.J.M. Do Not Dictate That They Are Constitutionally Entitled to Appointed Counsel

Plaintiffs claim that A.F.M.J. and L.J.M. are "unquestionably" entitled to procedural due process in the adjudication of their "bona fide" derivative citizenship claims. ECF No. 239 at 9. Plaintiffs do not substantiate this derivative citizenship claim with sufficient factual support so as to label the claim "bona fide" on this motion. *See* 8 U.S.C. § 1433(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007) (holding that complaint must contain sufficient factual allegations to support a "plausible" claim). Defendants do not deny that Plaintiffs have rights including the chance to present and prove a potential derivative citizenship claim during statutorily full and fair removal proceedings. *See* 8 U.S.C. § 1229a(b)(4). And, during those proceedings, the immigration judge will have a statutory duty to develop the record, *see id.*, which will include asking Plaintiffs questions about the nature of any claims for citizenship that they might have. None of the cases cited by Plaintiffs, however, establishes that the mere assertion of a derivative citizenship claim, without more,

---

[7] *See, e.g.*, *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903); *cf. United States v. Pacheco-Medina*, 212 F.3d 1162, 1163-64 (9th Cir. 2002) (no "entry" if after illegally crossing border alien is "deprived of [his] liberty and prevented from going at large within the" U.S.).

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 6
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

takes an individual out of the realm of aliens apprehended at or near the border. ECF No. 239 at 9-10. Rather, unlike this case, the cited cases (1) included proffers of evidence to support the citizenship claims, (2) dealt with resident aliens or different types of proceedings than removal, or (3) otherwise addressed manifestly different scenarios than are present here. *See, e.g., Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922) (noting that petitioners "supported the claim by evidence sufficient, if believed, to entitle them to a finding of citizenship" and were not "seeking entry"); *Schneiderman v. United States*, 320 U.S. 118, 123 (1943) (a denaturalization proceeding); *Brown v. Holder*, 763 F.3d 1141, 1144 (9th Cir. 2014) (addressing the citizenship claim of a lawfully admitted alien); *Rivera v. Ashcroft*, 394 F.3d 1129, 1138 (9th Cir. 2004), *superseded by statute as recognized in Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007) (undisputed facts showed that the petitioner possessed an Oregon birth certificate).[8]

### III. A.F.M.J., L.J.M., And M.R.J., Due To Their Mother's Participation, Have No Stronger Claim to Appointed Counsel Than An Adult Lacking Such A Right.[9]

First, contrary to Plaintiffs' protestations, Defendants do not deny that the Court is obligated to accept the truth of Plaintiffs' factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, Plaintiffs' assertions that, for example, existing statutory

---

[8] Moreover, Plaintiffs are not constrained to present derivative citizenship claims through the forum of adversarial removal proceedings. They can also file citizenship applications from their country of removal or apply for a passport at the U.S. embassy there—i.e., non-adversarial settings where Plaintiffs do not contend that appointed counsel are constitutionally required. They may also seek administrative closure or a continuance of their removal case in order to pursue their citizenship claims with USCIS (a process which has already proven fruitful for adjudicating the asylum claims of J.E.F.M., D.G.F.M., and J.F.M.).

[9] Although Plaintiffs protest that the Court has already addressed this issue, the only similar argument *respecting dismissal*—as opposed to class certification—they point to concerned M.A.M., whose circumstances Plaintiffs concede to be different than A.F.M.J., L.J.M., and M.R.J., who not only, like M.A.M., have a parent in the U.S., but unlike M.A.M. are alleged to be in consolidated removal proceedings with that parent. *See* ECF No. 239 at 10. In fact, M.A.M. is in a completely different posture given his claim for SIJ status.

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 7
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

protections are insufficient and children are unable to effectively participate in removal proceedings without appointed counsel, *see* ECF No. 239 at 11, are legal conclusions not entitled to the assumption of truth at this stage. *See Iqbal*, 556 U.S. at 678.

Second, the Third Amended Complaint does *not*, as Plaintiffs claim, allege that A.F.M.J., L.J.M., and M.R.J.'s individual claims to asylum and derivative citizenship have been allegedly "ignored" specifically "because all three children lack the resources to hire private counsel," ECF No. 239 at 11, or "that their mother—presumably out of ignorance of the law—is not pursuing her children's independent asylum claims and claims to United States citizenship," *id.* at 13. Rather, the Complaint draws no causal line between the alleged failure to address such claims and the lack of counsel and does not suggest that their mother is failing to represent the children's interests or has any conflict. *See* ECF No. 207 at ¶¶ 111-19.

Finally, Defendants argue neither that a lay parent provides a minor with adequate "legal representation" nor that all children are capable of participating in immigration proceedings to the same extent as adults. Defendants simply note that adult aliens generally have no right to appointed counsel in immigration proceedings despite any lack of legal acumen, a proposition Plaintiffs do not and cannot dispute. *See, e.g.*, *Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005); *Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 933 (9th Cir. 1986); *United States v. Gasca-Kraft*, 522 F.2d 149, 152 (9th Cir. 1975); *Murgia-Melendrez v. INS*, 407 F.2d 207, 209 (9th Cir. 1969).[10] Regardless of any possible

---

[10] *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997), upon which Plaintiffs rely, is entirely inapposite. *Johns* addressed a parent who attempted to file a lawsuit in federal court *pro se* on behalf his son—that is, the father attempted to extend his own legal prerogative to *legally represent* himself to assert the case of another. *Id.* at 866-67. Persons in removal proceedings do not have the same latitude of one voluntarily instituting a suit and by default appear without counsel unless they exercise their statutory right to obtain it. And, removal proceedings of parents are routinely consolidated with those of their children. Finally, Defendants do not claim that A.F.M.J., L.J.M., and M.R.J.'s mother is an effective legal representative, only that she is a competent adult promoting their interests in their

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 8
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

competency issues of some youth, when a minor's parent shares her removal proceedings and knows—indeed, is the obvious source of—the information underlying the child's claim, the adult's competency compensates for any lack thereof by the child. Due to their mother's participation, A.F.M.J., L.J.M., and M.R.J. have no stronger basis to assert an entitlement to appointed counsel than an adult alien, who undisputedly lacks that right.

### IV. J.E.V.G. And M.A.M. Now Fall Outside Of Plaintiffs' Theory Of The Case.

Contrary to Plaintiffs' argument, Defendants are not trying to graft a prejudice requirement onto the *Mathews* analysis. *See* ECF No. 114 at 28-29. Claiming that minors must show prejudice to be entitled to appointed counsel under *Mathews* is very different than arguing, as Defendants actually do, that J.E.V.G. and M.A.M.—who are no longer minors, have received at least preliminarily favorable decisions (J.E.V.G.'s removal proceedings were dismissed without prejudice and M.A.M. was awarded Special Immigrant Juvenile status by USCIS) and, more importantly, who have not alleged that the absence of appointed counsel during their childhood has at all harmed their interest in avoiding removal—no longer belong in a case premised on a theory that minors are substantially incapable of establishing defenses to removal absent appointed counsel. That is, J.E.V.G. and M.A.M.'s factual histories contradict Plaintiffs' legal theory and justification for relief. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted) (noting that "lack of a cognizable legal theory" is grounds for dismissal"). Further, absent any allegation of prejudice, the Third Amended Complaint does not indicate how J.E.V.G. and M.A.M. now differ from aliens initially placed into removal proceedings after reaching age 18, who undisputedly lack a right to appointed counsel. *See, e.g., Magallanes-Damian*, 783 F.2d at 933.[11]

---

proceedings, and thus they should have no greater right to appointed counsel than an adult.
[11] Defendants have already noted how *Montes-Lopez v. Holder*, 694 F.3d 1085 (9th Cir. 2012) is readily distinguishable. ECF No. 299 at 13 n.9. Plaintiffs now cite two cases that, if

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 9
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

## V. Defendants Did Not Waive Their Venue Objection.

As noted *supra*, substantial local and nationwide authority supports permitting Defendants to still assert previously unmentioned defenses in light of Plaintiffs' decision to, for a third time, dramatically redefine the scope of this case. *See Loux*, 375 F.2d at 57; *In re WellPoint*, 903 F. Supp. 2d at 893; *see also Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014); *Mount v. LaSalle Bank Lake View*, 926 F. Supp. 759, 763 (N.D. Ill. 1996). Further, Defendants' venue defense against the claims of K.N.S.M. and J.R.A.P., who were only added in the Third Amended Complaint, have been undeniably raised at the first opportunity to do so. Moreover, previous iterations of the Complaint made it appear likely that this case would advance as a class action. As the Court's rulings have made it increasingly clear that Plaintiffs' attempts to certify a class are unlikely to succeed, however, removing out-of-circuit or –district claims based on improper venue and misjoinder would now be an efficient manner of appropriately narrowing the claims the Court must decide in this case. *See Banko v. Apple, Inc.*, No. 13-02977 RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013) (citation omitted) ("Although Rule 12(g) 'technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion . . . [courts] often exercise their discretion to consider the new arguments in the interests of judicial economy."); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1059 (D. Md. 1991); *Fed. Exp. Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 949 (W.D. Tenn. 1999); *cf. In re Westinghouse Sec. Litig.*, No. CIV. A. 91-354, 1998 WL 119554, at *6 (W.D. Pa. Mar. 12, 1998). Here, judicial economy is served: given the particularized nature of the due process

---

anything, *harm* their cause: *Walters v. Reno*, 145 F.3d 1032, 1043-44 (9th Cir. 1998), which assumed the need to show prejudice because the parties agreed to that effect, and *Ching v. Mayorkas*, 725 F.3d 1149, 1156-57 (9th Cir. 2013), which (1) held, *by contrast with removal proceedings*, that whether the prejudice element applies to visa petition proceedings was an open question and (2) determined that the petitioner had "established sufficient prejudice."

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 10
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

inquiry and the different resources available in different immigration courts, if the Court finds that venue and/or joinder is improper as to the out-of-district or out-of-circuit Plaintiffs, the Court can focus on the properly venued parties and need not incur the additional burden of determining the constitutionality of differing scenarios in far-flung locales.

As for their substantive argument, Defendants point to *Railway Labor Executives' Assn. v. Interstate Commerce Commn.*, 958 F.2d 252, 256 (9th Cir. 1992). This case's passing reference to *Exxon Corp. v. F.T.C.*, 588 F.2d 895, 898-99 (3d Cir. 1978), without any analysis of the issue by the Ninth Circuit panel or consideration of conflicting theories of venue under 28 U.S.C. § 1391(e) from other circuits, *see, e.g.*, *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978), hardly constitutes a circuit holding that only one plaintiff in a suit against the government need be properly venued. *In re Magnacom Wireless, LLC*, 503 F.3d 984, 993-94 (9th Cir. 2007) ("In our circuit, statements made in passing, without analysis, are not binding precedent."). Moreover, the brief reasoning in the parenthetical reference to *Exxon Corp.* in *Railway Labor*—"in order to avoid a multiplicity of similar suits in different courts," *Railway Labor*, 958 F.2d at 256—does not apply here. The variation in Plaintiffs' migration circumstances and the nature of the claims they assert, as well as in the resources available to different immigration courts, means that the particularized due process inquiries in this case are not similar, and thus there is no compelling efficiency rationale for one court to undertake them all. *See* ECF No. 229 at 18. Similarly, in asserting that Plaintiffs are properly joined, Plaintiffs ignore these individual permutations as well as the particularized nature of the due process inquiry itself. *See Mathews*, 424 U.S. at 334. There is no "pattern or policy" of "forcing unrepresented children to defend themselves." ECF No. 239 at 22. Rather, based on their assessment of the competency of individual minors, immigration judges make use of available resources to

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 11
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

provide pro bono counsel or alternative measures to protect the minors' interests. *See generally* Weil Deposition, ECF No. 219, Ex. D.

### VI.   Plaintiffs Have Not Stated A Claim For Relief Against Defendant USCIS.

Plaintiffs acknowledge that their primary reason for naming USCIS as a defendant is to obtain discovery from the agency, *see* ECF No. 239 at 24, and not because the agency is liable for any alleged misconduct. This is improper. *See Iqbal*, 556 U.S. at 678. They now claim that USCIS is implicated in their denial of due process theory because "USCIS adjudicates asylum applications from many unaccompanied children in removal proceedings and refers them back to court with findings." ECF No. 239 at 24. This assertion is erroneous for two reasons. First, it misstates the role of USCIS, which does not, in fact, refer the case "with findings" as a magistrate does for a district court. Rather, USCIS makes its own independent finding of eligibility and refers the case to the IJ for *de novo* review only if it denies the application. Second, they do not contest that USCIS's adjudications are non-adversarial. *See, e.g.*, *Cospito v. Att'y Gen. of U.S.*, 539 F.3d 166, 171 (3d Cir. 2008). Plaintiffs also do not claim that USCIS has any role to play in providing them an attorney during their removal proceedings. Plaintiffs' theory is that minor aliens require counsel to counterbalance the ICE attorneys arguing for their removal. ECF No. 207 at ¶¶ 38–39, 71. However, it does not follow that appointed counsel would be required before USCIS, where strictly non-adversarial interviews are conducted by neutral arbiters with no ICE attorneys present arguing for removal. *See* 8 C.F.R. § 1208.9(b). Counsel of applicant's choosing is already permitted and such counsel's role in asylum interviews is *de minimis*. As Plaintiffs do not (and cannot) state a claim against USCIS, USCIS should be dismissed as a Defendant.

### CONCLUSION

Defendants request that the Court dismiss Plaintiffs' claims as stated in ECF No. 229.

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 12
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

DATED: February 26, 2016

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant
Attorney General

LEON FRESCO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director

*s/ Joseph A. Darrow*
JOSEPH A. DARROW
Office of Immigration Litigation—DCS
Civil Div., U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-2445
Fax: (202) 305-7000
E-mail: joseph.a.darrow@usdoj.gov

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 13
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of February 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

s/ Joseph A. Darrow
JOSEPH A. DARROW
Trial Attorney
Office of Immigration Litigation
District Court Section
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-2445
Fax: (202) 305-7000
E-mail: joseph.a.darrow@usdoj.gov

DEFENDANTS' REPLY REGARDING
PARTIAL MOTION TO DISMISS - 14
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000