1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al.,

                        Plaintiffs-Petitioners,

       v.

Loretta E. LYNCH, Attorney General, United States, et al.,

                        Defendants-Respondents.

Case No.   2:14-cv-01026-TSZ

PLAINTIFFS' REPLY IN SUPPORT OF THEIR FOURTH MOTION FOR CLASS CERTIFICATION

NOTE ON MOTION CALENDAR: February 26, 2016

ORAL ARGUMENT SCHEDULED March 24, 2016

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

# INTRODUCTION

Defendants' opposition misunderstands the nature and significance of Plaintiffs' Subclass proposal. Because each Subclass is its own distinct class for purposes of Rule 23, Plaintiffs need not show commonality across the entire class, but only as to each Subclass. Plaintiffs' Subclass proposal thus dramatically alters—and narrows—the certification order they seek. Defendants also misunderstand the relationship between the Subclasses. No complication would arise from Plaintiffs' Subclass proposal because each child Plaintiff would be in (and represent) two Subclasses. If the Court rules against any Subclass on the merits, then the children in that Subclass would lose, regardless of whether they are also in another Subclass.

These errors reflect a more fundamental mistake on Defendants' part: they confuse the question whether a class should be certified with the question whether that class should prevail. If, as Defendants allege, the members of a proposed Subclass do not have meritorious claims, that is no reason to deny certification. The only relevant question at this stage is whether the narrowed classes satisfy Rule 23's commonality and other requirements.

Defendants also completely ignore the governing Supreme Court and Ninth Circuit law in this context. They never mention the *four Supreme Court cases* decided in the last 10 years that treat children "as a class" for purposes of determining what procedures apply to them in a variety of contexts. *See, e.g.*, *J.D.B. v. North Carolina*, 131 S. Ct. 2394, 2403 (2011). Nor do they address binding Ninth Circuit cases authorization certification to litigate due process claims like *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)—which ultimately included four subclasses; and *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)—a nationwide class action challenging INS's deportation procedures under *Mathews v. Eldridge*. Neither of those controlling cases can be distinguished from this one in any material respect relevant to class certification.

Finally, Defendants make separate "efficiency" arguments against certification, which appear to assume that the Court must choose between issuing "precedent" in the form of injunctive relief for individual Plaintiffs and declaratory relief for the class. But this is doubly wrong: the

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

Court can issue *both* injunctive relief for the individual Plaintiffs *and* declaratory relief for the class, and in any event declaratory relief *is* precedent. Most important, certification of a class is the only way to ensure that thousands of children have the opportunity to present their claims for appointed counsel to any federal court.

**ARGUMENT**

**I.      The Proposed Class and Subclasses Satisfy Rule 23's Commonality Requirement.**

**A.      This Court Should Not Deny Certification Because Individual Children May Suffer Differing Degrees of Harm.**

Defendants argue that the Class and Subclasses lack commonality because not all children face harm if deported. However, they make no attempt to define which children face harm and which do not. Should the Court find Defendants' argument persuasive, it may impose a definition and create a subclass to so reflect, rather than denying thousands of children who indisputably face very serious harm the opportunity to pursue this class action. *See* Dkt. 230 at 19-20.

Defendants concede that some children face grave harm if removed from the United States, *see* Dkt. 238 at 7. But this is not true of just *some* children; it is true of the overwhelming majority of children in the proposed Subclasses. Decades of cases hold that deportation can result in serious and irreparable injuries, *see, e.g.*, Dkt. 85 at 21, and that children are uniquely vulnerable to those harms, *see, e.g.*, Dkt. 24 at 10 n.5. Similarly, Plaintiffs submitted evidence from their expert and other experienced legal services providers confirming that the vast majority, if not all, of putative class members will suffer severe harm upon deportation, such as persecution or separation from family members. *See* Dkt. 230 at 18-19. In response, Defendants continue to hypothesize about the existence of children from Canada who would not suffer harm if deported, but they again fail to point to a single *actual* case of a putative class member who is unable to show harm, or to answer Plaintiffs' *evidence* that the number of such children – if indeed they exist – is vanishingly small. Dkt. 238 at 6-7. Given the absence of evidence about children who face no harm, there is no basis to deny certification for this reason.

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

Defendants further claim that because the proposed Subclasses could include some children who have no viable claim for remaining in the United States, whose liberty interests would allegedly be lesser, there can be no uniform application of the *Mathews* due process framework. *See* Dkt. 238 at 6. However, courts routinely establish due process rules that apply uniformly to immigration proceedings, regardless of any alleged differences in the liberty interests at stake. *See, e.g.*, *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005) (due process requires that noncitizens in removal proceedings be given a reasonable opportunity to confront and cross-examine witnesses); *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) (hearing on the merits must be translated into a language an alien can understand in order to comply with due process).

Having failed to rebut Plaintiffs' showing of harm, Defendants confuse the inquiry by arguing that some individuals in the proposed Subclasses lack a protected interest "in obtaining a purely discretionary form of relief from removal." Dkt. 238 at 5-6. But the cases they cite are about substantive due process, which the Ninth Circuit has distinguished from procedural due process claims like those here. As Defendants' own authority explains:

> Our holdings in *Munoz* [], and *Tovar-Landin* [], that since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a *substantive* interest protected by the Due Process clause, are not to the contrary. For purposes of prejudice analysis, *procedural due process* and ineffective assistance of counsel claims, which are predicated on the right to a full and fair hearing, are not affected by the nature of the relief sought.

*Fernandez v. Gonzales*, 439 F.3d 592, 602 n.8 (9th Cir. 2006) (internal quotation marks and citations omitted) (first emphasis in original). Consistent with this rule, the Ninth Circuit has on numerous occasions recognized constitutional due process violations where immigration petitioners were deprived of an opportunity to seek discretionary relief. *See, e.g.*, *United States v. Arias-Ordonez*, 597 F.3d 972, 977-78 (9th Cir. 2010) (affirming district court finding of due process violation where Immigration Judge ("IJ") failed to inform immigrant of ability to seek discretionary reopening and voluntary departure relief); *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049-51 (9th Cir. 2003) (finding due process violation where IJ failed to inform

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

immigrant of right to apply for discretionary § 212(c) relief).

For these reasons, the Court should reject Defendants' arguments that children's allegedly differing levels of harm undermine certification.

## B. This Court Should Not Deny Certification Because Individual Children May Have Differing Capacities to Represent Themselves.

Defendants also ask the Court to decline certification because some children are supposedly capable of representing themselves. Again, however, they make no attempt to define which children are capable and which not. As with harm, the Court retains authority to impose a definition and create a subclass, rather than denying thousands of children who indisputably lack the capacity to represent themselves the opportunity to pursue this class action. *See* Dkt. 230 at 19-20.

In any event, Defendants' arguments with respect to capacity are flawed. Plaintiffs have presented expert testimony from Dr. Steinberg, whose work has been repeatedly cited by the Supreme Court, showing that the Court should draw the capacity line at age 18. *See* Dkt. 212, Ex 1; *see also Roper v. Simmons*, 543 U.S. 551, 574 (2005) (rejecting argument that "some under 18 have already attained a level of maturity some adults will never reach" because "a line must be drawn"). While Defendants have offered a conflicting expert opinion, their experts' view rests on a misreading of Dr. Steinberg's work. *See* Supp. Declaration of Laurence Steinberg, ¶¶3-9.

But the Court need not resolve this dispute now. Under Ninth Circuit law, Defendants' assertion that some children below 18 can represent themselves goes to Plaintiffs' claim on the merits, and the Ninth Circuit has clearly held that this Court has "no license to engage in free-ranging merits inquiries at the certification stage." *Stockwell v. City and County. of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014). Rather, the Court should certify the class now, and modify the class definition as appropriate if it ultimately concludes that some definable group of children have the capacity to represent themselves.

Defendants also fail to reconcile their position with the immigration laws, as well as their

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

own regulations, policy memos, and other guidance that already make age-based generalizations based on capacity, drawing the line at 18. Dkt. 117 at 14. Most of the "safeguards" to which Defendants point *apply only to children under 18. Id*. at 14-15.[1]

Defendants make a distinct argument that the success of 10-year-old J.E.F.M. and his siblings proves that some children have adequate capacity. However, they ignore that the F.M. siblings secured pro bono representation before the asylum office, *see* Dkt. 207 ¶¶13-15, and also fail to acknowledge the Government's incentive to ensure that the Named Plaintiffs are not ordered removed, *see, e.g.*, Dkt. 97 at 10 n.6, even as thousands of other children meet that fate.

Finally, Defendants recycle their argument that the due process test under *Mathews* is too individualized to permit class treatment. That claim is irreconcilable with *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) and *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998), both of which required the certification of broad classes raising due process challenges in the immigration context. As those cases and others make clear, courts frequently apply *Mathews* to establish general rules that apply to a given type of proceeding, thereby permitting certification of a class of individuals all of whom must go forward in such proceedings.

## C.     The "Unaccompanied" Subclass Satisfies Commonality.

Notably, Defendants do not challenge Plaintiffs' proposed Subclass of "accompanied" children, that is, children "whose removal proceedings are consolidated with those of a parent." *Compare* Dkt. 230 at 14-15 *with* Dkt. 238 at 8-10. Nor could they: they want A.F.M.J., L.J.M., and M.R.J. dismissed precisely *because* their mother joins them in proceedings. *See* Dkt. 229 at 19-21. Instead, Defendants dispute the Unaccompanied Subclass's commonality.

Defendants argue that children with parents present in the United States are fundamentally different from those without, as parents may be a "sufficient . . . safeguard." Dkt. 238 at 9. This is

---

[1] As Plaintiffs have previously noted, Defendants' most knowledgeable witness on the subject has taken the position that three-year-old children can be taught immigration law. Dkt. 202-1, Ex. F at 69:23-70:3. That this witness is a supervisory IJ responsible for training IJs throughout the country on how to provide fair hearings to children only underscores the need for this Court to certify a class.

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

wrong on the facts. Plaintiffs' expert report and declarations show that parents alone cannot safeguard their children's rights in removal proceedings—evidence that remains unrebutted. *See, e.g.*, Dkts. 212, Ex. 2; 233; 234. It is also wrong on the law because, as Plaintiffs have explained, parents, as non-attorneys, are *not allowed* to represent their children in federal court. *See, e.g.*, *Johns v. County. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also* Dkt. 230 at 11-17. That parents can make *some* decisions for their children—the proposition for which Defendants cite *Troxel v. Granville*, 530 U.S. 57, 66 (2000), and *United States v. Suchite Casasola*, 670 F.3d 1023, 1029 (9th Cir. 2012)—does not mean that they can act as their children's *lawyers* in complex legal proceedings. Significantly, Defendants' own programs pay for counsel for children in removal proceedings who are living with their parents. *See* Dkt. 212, Ex. 2 ¶57.

Defendants next complain that the Subclass lumps in children protected by the Trafficking Victims Protection Reauthorization Act ("TVPRA") with those who are not,[2] Dkt. 238 at 9-10. But they have produced no *evidence* that the TVPRA is sufficient to protect Plaintiffs' due process rights. To the contrary, Plaintiffs have presented substantial evidence that its safeguards are illusory without counsel. *See, e.g.*, Dkts. 61; 57; 212, Ex. 2; 233. Though Defendants hold up the F.M. siblings as poster children for the TVPRA's effectiveness, they ignore that an attorney represented these children at their "non-adversarial" asylum interview. *See* Dkt. 207 ¶¶13-15. Mere citation to the TVPRA's protections cannot, therefore, defeat commonality in this Subclass.

**D. Defendants' Existing Safeguards Do Not Defeat Commonality.**

Defendants also tout the availability of safeguards short of counsel to undermine commonality, but these arguments fare no better. Dkt. 238 at 10-13. *First*, Defendants' uniform policy is to deprive all putative class members of the common safeguard sought here: appointed counsel. A single common deprivation suffices for certification. *Cf. Parsons v. Ryan*, 754 F.3d 657, 679 (9th Cir. 2014) (certifying class of inmates exposed to inadequate healthcare because all

---

[2] Contrary to Defendants' claim, E.G.C. falls within the TVPRA's parameters because he meets the statutory definition of an "unaccompanied alien child," and is therefore entitled to adjudication before the asylum office. *See* Dkts. 207 ¶108; 231, Ex. E at 3.

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

were subject to deficient policy).

*Second*, Ninth Circuit law makes clear that class treatment is appropriate for due process challenges to nationwide immigration policies, even where some variation exists.[3] *See* Dkt. 230 at 23 (citing *Walters*, 145 F.3d at 1046 ("it would be 'a twisted result' to permit an administrative agency to avoid nationwide litigation . . . by pointing to minor variations in procedure")); *see also Rodriguez*, 591 F.3d at 1122-24 (certifying class of immigrants subject to prolonged detention who challenged failure to provide bond hearings, despite variations in governing detention statutes and their attendant procedures).

*Third*, Defendants present no evidence that their safeguards minimize the risk of erroneous deprivation. *See* Dkt. 238 at 10-11, 13. Given that Plaintiffs have shown that these procedural niceties do nothing to protect children, they do not bear on commonality. *See* Dkts. 57; 59; 61; 63; 101-03; 202; 202-1; 212-1, Ex. 2; 233; 234; 236; *see also* Dkts. 152 at 6-8; 201 at 7-9. Indeed, the record reflects that representation is the one safeguard measurably impacting children's outcomes. *See* Dkts. 202 ¶¶ 2-8; 202-1; 212-1, Ex. 3. All putative class members, by definition, lack this common protection, and the application of other ineffectual safeguards cannot alter that fact.

## E. Plaintiffs' Alternative Request Is Not a "Fail-Safe" Class.

Defendants fundamentally misunderstand Plaintiffs' alternative argument. Plaintiffs argue that a class should be certified even if the Court doubts that *all* children are entitled to appointed counsel, because the Court can still fashion appropriate relief so long as *some* children require counsel - specifically, it can establish a classwide procedure to determine which children are so entitled. Dkt. 230 at 3.

Defendants' responses are meritless. Dkt. 238 at 14-15. They argue that the Court must probe the merits to determine the propriety of certification, but it need only do so to locate the

---

[3] Defendants claim that the risk of deprivation "widely varies" depending on available safeguards across courts, Dkt. 238 at 13, but this cannot be squared with their previous position that they apply or make available the same procedural safeguards for all children, regardless of location. *See* Dkt. 80 at 21-23. Even accepting Defendants' current claim, these variations do not undermine commonality under controlling Ninth Circuit law as noted above.

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

common question that Plaintiffs have identified: whether all class member children are entitled to a determination as to their right to appointed counsel. Defendants next attempt to characterize Plaintiffs' proposal as a "fail-safe" class, citing cases where classes were defined solely by reference to which individuals could win relief. *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (class of persons charged taxes "at rates higher than permitted" was impermissible because it defined class by reference to the merits determination). But those cases are wholly inapposite. The class or subclass definitions under Plaintiffs' alternative proposal are not defined by reference to which children are entitled to appointed counsel, but rather, which children are entitled to a procedure to determine who requires counsel. Defendants also argue that the relief involved would be "infeasible," but this disregards that *entitlement* to the procedure for determining whether counsel is required does not call for any individualized inquiry, and that *application* of the procedure itself would take place for each child at the immigration court level, not before this court.

## II. The Class and Subclasses Satisfy Rule 23(b)(2)'s Typicality Requirement.

As Defendants acknowledge, typicality is satisfied where the interests of the proposed subclass representatives "align[] with the interests of the[ir] [sub]class." Dkt. 238 at 15 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). But they err in claiming that minor factual characteristics of the Named Plaintiffs undermine typicality. To the contrary, Plaintiffs and proposed Subclass members have all suffered the "same or similar injury"— deprivation of their right to appointed counsel. And they share a core interest, unimpeded by intra-class conflict or antagonism: securing legal representation in their immigration proceedings.[4]

Defendants again argue that no class may be certified because the *Mathews* due process analysis is necessarily fact-dependent, requiring individualized assessments for every child. Dkt. 238 at 16. But "minor differences . . . do[] not render [class representatives'] claims a typical." *La*

---

[4] *Hanon* and *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) held that typicality is not satisfied where class representatives are too focused on defenses unique to them. *See* 976 F.2d at 508-09; 657 F.3d at 984-85. Here, there are no individual defenses that would create a conflict between Plaintiffs and proposed class members.

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

*Duke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985). The Ninth Circuit has found typicality

satisfied in far more diverse classes challenging immigration procedures. *See, e.g.*, *Rodriguez*, 591

F.3d at 1124 (certifying single class of immigration detainees seeking bond hearings who were

"detained under different statutes and [were] at different points in the removal process and hence

[did] not raise identical claims" because "they all . . . raise[d] similar constitutionally-based

arguments"); *see also* Dkt. 230 at 10. Defendants fail to explain how this case differs from those.

Next, Defendants claim that F.L.B. is not typical of any class or Subclass because he is 17,

Dkt. 238 at 16-17,[5] and because "[y]oung children comprise a substantially greater percentage of

the subclasses than seventeen year-olds." Dkt. 238 at 17. But this assertion ignores the wealth of

constitutional law, immigration law and policies, and expert evidence that recognizes legally

significant similarities among *all* children under 18 years of age, entitling them to uniform

constitutional treatment, *see supra*, Part I.B. This Court also expressed concerning on this point,

citing RCWA 9A.04.050, which addresses the ability of children to form the mens rea necessary to

be found culpable of committing crimes, to suggest that differences in age might defeat

commonality. Dkt. 225 at 6. But "hav[ing] sufficient capacity to understand the act or neglect, and

to know that it was wrong" for the purposes of *criminal liability* is a far cry from having the

requisite capacity to *represent oneself* in high-stakes, emotionally-charged, and complex legal

proceedings. Some children under 18 might well have the former capacity, whereas Plaintiffs have

adduced substantial evidence showing that all children 18 lack the latter.

Similarly, Ninth Circuit law (and this Court's prior decision on the question) forecloses

Defendants' assertion that K.N.S.M. is an atypical representative of the Entered Subclass because

she was apprehended shortly after arrival. *See* Dkt. 239 at 7-9 *see also* Dkt. 65 at 10 n.6. Under

governing law, her due process rights are not balanced "differently," *see* Dkt. 238 at 17; she has

---

[5] Notably, Plaintiff F.L.B. was 15 years old at the time this action was first commenced. *See* Dkt. 1 ¶14. That he is 17 years old now does not render him atypical of the Subclass he seeks to represent, for the typicality analysis should refer back to his circumstances at the time the complaint was filed. *See* Dkt. 191 at 4-5 n.3 (citing, inter alia, *Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)); Dkt. 230 at 6 n.3. But regardless of the time period this Court references, it is clear that F.L.B. faces the same injury as all proposed Subclass members. *See* Dkt. 201 at 12.

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

the same interests as all other Entered Subclass members in fair removal proceedings.[6]

Finally, Defendants wrongly assert that the Unaccompanied Subclass lacks a typical representative because A.E.G.E., K.N.S.M., E.G.C., and J.R.A.P. are "present in the United States with family." *See* Dkt. 238 at 18-19. First, F.L.B. is not present in the country with family and is thus a typical representative even under Defendants' flawed analysis. Second, as explained above, the presence of parents or guardians in a child's life does not alter the *Mathews* analysis. *See* Dkts. 239 at 10-17; 201 at 4-6; 65 at 4-7.

## III. Certifying a Nationwide Class or Subclasses for Declaratory Relief Would Most Efficiently Serve Rule 23(b)(2)'s Purposes.

Defendants' assert that declaratory relief will serve little purpose for the proposed class members, *see* Dkt. 238 at 19-20, but Rule 23(b)(2) *expressly provides* for certification to seek declaratory relief, and requires no balancing test before certification. Fed. R. Civ. P. 23(b)(2); *see also* Dkt. 230 at 21-22; Fed. R. Civ. P. 23(c)(5). Defendants offer no authority to counter the plain language of the rule. Instead, they suggest that an injunction in an individual case will have greater potential to influence other cases. Dkt. 238 at 20. But there is no need to choose; the Court can *both* grant individual injunctive relief and class-wide declaratory relief. Moreover, a classwide declaration that indigent pro se children are entitled to appointed counsel would provide at least some relief to thousands of children who will never be able to bring their own lawsuits.[7]

Defendants' attacks on F.L.B.'s typicality, *see* Dkt. 238 at 16-17, only underscore the need

---

[6] For the same reason, Defendants' allegation that the Entered Subclass lacks an adequate representative because none of them was "admitted to the United States" also fails. *See* Dkt. 238 at 17-18 n.4. Their claim that "admitted" children "stand on different legal footing than [children] who have not been admitted," *see id.*, overlooks that all Subclass members have been placed in removal proceedings before an IJ, where *all* respondents enjoy the protections of the Due Process Clause. *See, e.g.*, Dkt. 230 at 11 (citing *Oshodi*, 729 F.3d at 889, and *Jie Lin*, 377 F.3d 1014 (9th Cir. 2004)). Indeed, this Court has already rejected this distinction in conducting this very analysis. *See* Dkt. 114 at 28-29.

[7] As one legal scholar has noted, some of the most "momentous" constitutional law decisions in modern history have taken the form of declaratory judgments, and their precedential value is undisputed. *See* Samuel L. Bray, *The Myth of the Mild Declaratory Judgment*, 63 Duke L.J. 1091, 1120 (2014). Indeed, if declaratory judgments were nonbinding, they would be unconstitutional advisory opinions. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 243 (1937) (rejecting contention that declaratory relief was tantamount to advisory opinion because the "effect" of the judgment would be "final and conclusive as to the matters thus determined"). *See* Dkt. 230 at 22 (citing, inter alia, *Khoury v. Asher*, 3 F. Supp. 3d 877, 892 (W.D. Wash. 2014)).

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

for classwide declaratory relief in this case. If F.L.B. prevails on his individual claim, but no class is certified, Defendants undoubtedly will argue that the ruling for him does not apply to other children. They would have to bring their own lawsuits. Most will never do so, and those that somehow can will needlessly multiply proceedings that could be avoided now, by this Court.

Defendants' reliance on the "add[ed] legal complexity" created by Plaintiffs' Subclasses is obviously meritless. *See* Dkt. 238 at 19. The Ninth Circuit in *American Timber & Trading Co. v. First Nat'l Bank*, 690 F.2d 781, 786-87 (9th Cir. 1982), affirmed a district court's creation of a fourth subclass where each member of it was also a member of one of three preexisting subclasses. Such overlapping subclasses are common. *See, e.g.*, *Franco-Gonzalez v. Napolitano*, No. CV 10-02211 DMG DTBX, 2011 WL 11705815 (C.D. Cal. 2011) (certifying a main class and two subclasses, with overlapping subclass members).[8] Nor is there any merit to Defendants' claim that this case "becomes unmanageable should the Court find relief is *not* available to the arriving subclass, but *is* available to the unaccompanied subclass." Dkt. 238 at 1. The case would be perfectly manageable in that hypothetical: all children in the Arriving Subclass are *not* entitled to relief, even if they are also in the Unaccompanied Subclass. Determining membership in each Subclass and the effects of that membership would be straightforward.

Defendants make a distinct argument that Plaintiffs have "failed to prove" that their claims are typical of those facing children elsewhere in the country. Dkt. 238 at 23. But Defendants have already admitted that pro se, indigent children throughout the country lack appointed counsel, even though—throughout the country—the Government is represented by an attorney. Dkt. 231, Exs C-D. It is this uniform policy that Plaintiffs challenge.

Relatedly, Defendants argue that a nationwide class would "violate the principles of intercircuit comity." Dkt. 238 at 21. But comity concerns arise if the court's order would

---

[8] *See also e.g.*, *Tiro v. Pub. House Investments, LLC*, 288 F.R.D. 272, 279 (S.D.N.Y. 2012); *Davis v. City of New York*, 296 F.R.D. 158, 167-68 (S.D.N.Y. 2013); *M.D. v. Perry*, 294 F.R.D. 7, 31, 66-77 (S.D. Tex. 2013); *Dockery v. Fischer*, No. 3:13-CV-326-WHB-JCG, 2015 WL 5737608, at *14, 19 (S.D. Miss. 2015); *Becher v. Long Island Lighting Co.*, 172 F.R.D. 28, 31 (E.D.N.Y. 1997).

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

"contradict or interfere with any order issued by a court in any other jurisdiction." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011). There is no such risk here; this case has been pending for nearly two years, and *there is no other litigation* elsewhere in the country on this question. Defendants point to *Aguilar v. U.S. ICE*, 510 F.3d 1, 9, 11 (1st Cir. 2007), but this Court has already found this supports Plaintiffs' position. Dkt. 114 at 13.[9]

Defendants also ignore the numerous orders certifying nationwide class actions (including some from this district), challenging immigration enforcement practices. *See* Dkt. 191 at 9 n.6. Courts consistently find it proper to certify nationwide classes where, as here, (1) no other similar cases are currently pending in other jurisdictions, and (2) the plaintiffs are challenging a nationwide policy or practice. *See* Dkt. 191 at 9 n.6 (collecting cases).

Defendants next assert that inconsistencies in their own procedures counsel against a nationwide class. Dkt. 238 at 22. But again, Defendants never appoint counsel for children, on a uniform, nationwide basis. Thus, the differences to which they point have no bearing on whether the Court can certify a class to decide whether children are entitled to appointed counsel. As the Ninth Circuit has held, minor regional variations in procedure cannot defeat nationwide certification when it comes to immigration enforcement. *See Walters*, 145 F.3d at 1046.

Most importantly, nationwide certification is the *only* way to ensure that thousands of pro se children around the country can challenge the Government's failure to appoint counsel. *Cf. Rodriguez*, 591 F.3d at 1123 (certifying class in part due to "severe practical concerns that would likely attend [plaintiffs] were they forced to proceed alone"). If the Court does not certify nationwide, those children will be deported without the chance to argue that they deserve a lawyer.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court certify the Main Class and/or the proposed Subclasses as set forth above.

---

[9] Defendants cite one case where a court rejected nationwide certification, but that case involved material differences across different geographic regions. *See Shvartsman v. Apfel*, 138 F.3d 1196, 1201 (7th Cir. 1998) (affirming certification limitation because of geographic differences and plaintiffs' primary reliance on Seventh Circuit law).

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

DATED this 26th day of February, 2016.

ACLU IMMIGRANTS' RIGHTS PROJECT
ACLU OF SOUTHERN CALIFORNIA

By  s/ Ahilan Arulanantham
    Ahilan Arulanantham (*pro hac vice*)
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 417-2211 (fax)
aarulanantham@aclusocal.org

NORTHWEST IMMIGRANT RIGHTS PROJECT

By   s/ Matt Adams
    Matt Adams, WSBA No. 28287
    Glenda M. Aldana Madrid, WSBA No. 46987
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
matt@nwirp.org
glenda@nwirp.org

Theodore J. Angelis, WSBA No. 30300
Todd Nunn, WSBA No. 23267
Heidi Craig Garcia, WSBA No. 41399
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
(206) 623-7580
(206) 623-7022 (fax)
theo.angelis@klgates.com
todd.nunn@klgates.com
heidi.garcia@klgates.com

Cecillia Wang (*pro hac vice*)
Stephen Kang (*pro hac vice*)
ACLU IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
(415) 343-0950 (fax)
cwang@aclu.org
skang@aclu.org

PLTFS.' REPLY ISO 4TH CLASS CERT. MOT. - 13
Case No. 2:14-cv-01026-TSZ

1  Carmen Iguina (*pro hac vice*)
   ACLU OF SOUTHERN CALIFORNIA
2  1313 West 8th Street
   Los Angeles, CA 90017
3  (213) 977-5211
   (213) 417-2211 (fax)
4  ciguina@aclusocal.org

5  Kristen Jackson (*pro hac vice*)
   Talia Inlender (*pro hac vice*)
6  PUBLIC COUNSEL
   610 South Ardmore Avenue
7  Los Angeles, CA 90005
   (213) 385-2977
8  (213) 385-9089 (fax)
   kjackson@publiccounsel.org
9  tinlender@publiccounsel.org

10 Margaret Chen, WSBA No. 46156
   ACLU OF WASHINGTON FOUNDATION
11 901 Fifth Avenue, Suite 630
   Seattle, WA 98164
12 (206) 624-2184
   mchen@aclu-wa.org
13
   Kristin Macleod-Ball (*pro hac vice*)
14 Melissa Crow (*pro hac vice*)
   AMERICAN IMMIGRATION COUNCIL
15 1331 G Street NW, Suite 200
   Washington, DC 20005
16 (202) 507-7500
   (202) 742-5619 (fax)
17 kmacleod-ball@immcouncil.org
   mcrow@immcouncil.org
18
   Attorneys for Plaintiffs-Petitioners
19

20

21

22

23

24

25

26

# CERTIFICATE OF ECF FILING AND SERVICE

I certify that on February 26, 2016, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record:

 s/ Ahilan Arulanantham
Ahilan Arulanantham (*pro hac vice*)
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 417-2211 (fax)
aarulanantham@aclusocal.org

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297