Honorable Thomas R. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al., | No. 2:14-cv-01026 |
| Plaintiffs-Petitioners, | DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' FOURTH MOTION FOR CLASS CERTIFICATION |
| v. | |
| Loretta E. Lynch, Attorney General, United States, et al., | NOTING DATE: February 26, 2016 |
| Defendants-Respondents. | |

DEFENDANTS' SURREPLY        -0-
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4700
FACSIMILE: (202) 305-7000

On February 26, 2016, with Plaintiffs' reply in support of their fourth motion for class certification, Plaintiffs submitted a supplemental declaration of Professor Laurence Steinberg as a preview of Professor Steinberg's yet-to-be disclosed "rebuttal expert report" to be filed "at a later stage of this case." ECF No. 242 at ¶ 3. In response to Defendants' request that Plaintiffs withdraw the improper declaration, Plaintiffs countered with their willingness to "withdraw that supplemental declaration and replace it with a full rebuttal report once such a report is filed, provided that Defendants agree that the initial supplemental declaration may remain in the record until that time." ECF No. 245-1, Email Correspondence (dated Mar. 3, 2016). Plaintiffs' proposal highlights the absurdity of their position: they contend that they are permitted to submit a new expert report (even one that does not yet exist) to support a reply brief. This is not consistent with the Federal Rules of Civil Procedure or Plaintiffs' prior arguments on the subject, *see* ECF No. 156 at 2 (arguing new evidence and argument are not properly raised in a reply brief). Plaintiffs' new evidence is impermissible and constitutes an improper attempt to submit an expert reply to Defendants' rebuttal expert report without first obtaining leave of the Court to submit such a report. For these reasons Defendants request that the Court strike Steinberg's supplemental declaration, ECF No. 242, in its entirety.

First, Steinberg's supplemental declaration is an impermissible attempt to submit new, and not previously disclosed, expert testimony to support Plaintiffs' reply brief. As Plaintiffs have previously noted, "[t]he Ninth Circuit holds generally that new evidence presented in a reply should not be considered by the district court 'without giving the non-movant an opportunity to respond.'" ECF No. 156 at 2 (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alterations omitted). The supplemental declaration violates this general principle by presenting new expert opinions to support Plaintiffs' reply briefing. *See* ECF No. 241 at 4. Plaintiffs compound the prejudice to Defendants by contending that the declaration is based on and supported by a rebuttal report that has not been produced to Defendants. ECF No. 242 at 1.

DEFENDANTS' SURREPLY -1-
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4700
FACSIMILE: (202) 305-7000

Second, the supplemental declaration cannot be viewed as a supplemental expert report, but must be properly viewed as a reply to Defendants' rebuttal report. Under Federal Rule of Civil Procedure 26(e), parties have an obligation to supplement expert reports if "the party learns that in some material respect the information disclosed is incomplete or incorrect." Here, plaintiffs' experts are not "supplementing" their opinions because of a purported incomplete or incorrect opinion, but rather are rebutting the opinions of the government's expert. *See Covington v. Memphis Publishing Co.*, No. 05-2474, 2007 WL 4615978, *3-4 (W.D. Tenn. Oct. 16, 2007) (striking expert report where it was rebuttal, rather than supplementation, and was untimely); *Sandata Technologies, Inc. v. Infocrossing, Inc.*, No. 05-09546, 2007 WL 4157163, *5 (S.D.N.Y. Nov. 16, 2007) (holding that new report properly was considered rebuttal rather than supplementation where "nearly all of the discussion . . . serves as a response to various assertions made by [the other party's] expert."); *Palmer v. Asarco Inc*., No. 03-0498, 2007 WL 2254343, at *3 (N.D. Okla. Aug. 3, 2007) ("Although parties are permitted to supplement expert disclosures, Rule 26(e) 'does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report.'"). Plaintiffs' declaration, therefore, if permitted, must be construed as an additional rebuttal report.

However, neither the parties' agreed schedule, nor the Federal Rules of Civil Procedure, contemplates the filing of an expert reply to a rebuttal expert report. Plaintiffs' suggestion that this allowance is necessitated by Defendants "late" filing of their expert report misapprehends the posture of Dr. Avram Mack's expert report, which was a rebuttal report to Steinberg's report, and was limited to issues raised therein. Such a report, therefore, must necessarily be filed *after* the initial expert report to which it is responding. Even if the timing of Defendants' rebuttal report justified some relief for Plaintiffs, they are still obligated to affirmatively seek that relief in advance of filing additional expert opinions. Because they have failed to affirmatively seek that relief, and because the submission of such information in support of a reply brief is prejudicial to Defendants, the Court should strike the supplemental declaration.

DEFENDANTS' SURREPLY   -2-
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4700
FACSIMILE: (202) 305-7000

DATED: March 4, 2016                    Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

LEON FRESCO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director

 s/ Sarah Wilson
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.:  (202) 532-4700
Fax:  (202) 305-7000
E-mail: sarah.s.wilson@usdoj.gov

DEFENDANTS' SURREPLY            -3-                    U.S. DEPARTMENT OF JUSTICE
Case No. 2:14-cv-01026                                 CIVIL DIVISION, OIL-DCS
                                                       P.O. BOX 868 BEN FRANKLIN STATION
                                                       WASHINGTON, DC 20044
                                                       TELEPHONE: (202) 532-4700
                                                       FACSIMILE: (202) 305-7000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

<u>s/ Sarah Wilson</u>
SARAH WILSON
U.S. Department of Justice

DEFENDANTS' SURREPLY  -4-
Case No. 2:14-cv-01026

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 532-4700
FACSIMILE: (202) 305-7000