Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al.,<br><br>                    Plaintiffs-Petitioners,<br><br>   v.<br><br>Loretta E. LYNCH, Attorney General, United States, et al.,<br><br>                    Defendants-Respondents. | Case No.  2:14-cv-01026-TSZ<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR FOURTH MOTION FOR CLASS CERTIFICATION<br><br>NOTE ON MOTION CALENDAR: February 26, 2016<br><br>ORAL ARGUMENT SCHEDULED: March 24, 2016 |

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT.
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

# INTRODUCTION

Plaintiffs believe that the Court's proposed class definition satisfies Rule 23 and constitutes a reasonable alternative to Plaintiffs' proposals, with two significant exceptions. First, Plaintiffs strongly object to the Court's suggestion that the class exclude children 14 or older. While that age line could be appropriate for adjudicating competency for some tasks—such as permitting children to stand trial without guardians—it is not appropriate for the highly complex task of *self-representation*. Indeed, the immigration laws do not permit children under 18 even to concede their removability. *See* 8 C.F.R. 1240.10(c). It follows that children aged 14 to 17, like their younger counterparts, share a common inability to represent themselves—a task that requires not only the competence to concede removability, but also other, far more complex tasks. Moreover, no evidence of record—including from Defendants' own expert—establishes that all or even most children ages 14 and older can represent themselves. If the Court is inclined to draw a line for children under 14, it should still certify a subclass of children aged 14 to 17.

Second, Plaintiffs strongly object to any limitation on the geographic scope of the class. The events of the past few weeks have made clear that the problem raised by this lawsuit is national in scope and arises from a uniform federal policy that forbids appointed counsel for any child. Failure to certify this class nationwide would leave thousands of indigent children with no remedy, as there is no litigation pending elsewhere in the country that will aid them.

Without waiving their prior proposed class and subclass definitions, Plaintiffs believe that the Court's alternative class satisfies Rule 23 and may provide a reasonable alternative to Plaintiffs' proposals, if slightly modified. Plaintiffs agree that the class can be limited to children "without legal representation," and who are "financially unable to retain counsel," as such children share a common need for legal representation. Plaintiffs disagree with the Court's limitation to children who are "potentially eligible for asylum" or certain other forms of relief

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 1
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

and its exclusion of children in proceedings consolidated with their parents, but believe it is a workable alternative so long as the Court implements those limitations through rigorous procedures. Specifically, it must require *all* indigent unrepresented children to be screened by an attorney in a private setting with adequate time to learn of any potential relief. In the cases of children in proceedings with parents, this screening must be sufficient to identify both any separate forms of relief that the children do not share with their parents as well as any conflicts of interest with the parent in the consolidated proceedings.

## ARGUMENT

**I. The Court Should Set the Age Limit at 18 Rather than 14 for Purposes of Defining a Class of Commonly Situated Children.**

**A. Most Relevant Governing Law and the Record Evidence Support a Limit at 18.**

The Court should set the class age limit at 18 because *all* children younger than that age, not just children under 14, share a common inability to perform the particular task at issue in this case—representing oneself in removal proceedings. Competency analysis must always be task-specific. As the Supreme Court has explained, a defendant may have "sufficient mental competence to *stand trial*" yet "lack[] the mental capacity to *conduct his trial defense* unless represented." *Indiana v. Edwards*, 554 U.S. 164, 174 (2008) (emphases added). Thus, that a child is competent to stand trial *with an attorney* does not answer the separate question of whether that child is able to proceed pro se. Whereas the former requires only that the child have a "rational and factual understanding of the nature and object of the proceedings, [the ability to] consult with the attorney or representative if there is one, and []a reasonable opportunity to examine and present evidence and cross-examine witnesses," *Matter of M-A-M-*, 25 I&N Dec. 474, 479 (BIA 2011), the latter requires that the child be able "to carry out the basic tasks needed to present his own defense without the help of counsel," *United States v. Ferguson*, 560 F.3d 1060, 1068 (9th Cir. 2009) (quoting *Edwards*, 554 U.S. at 175-76).

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 2
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

Defendants have already acknowledged in the immigration context the critical distinction established by the Supreme Court in *Edwards*—between the greater capacity needed for self-representation and the lesser capacity needed to stand trial. In the context of mental health cases, Defendants have adopted a definition of competency to represent oneself that requires more than competency to stand trial. *See Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG DTBX, 2014 WL 5475097, at *6 (C.D. Cal. Oct. 29, 2014) (describing pro se competency standard). Plaintiffs' expert applied that definition to this case, *see* Dkt. 212-1, Ex.1, at 8-9; and Defendants' expert neither contested its use nor suggested an alternative, *see* Dkt. 237-1 at 5 n.1.

That children under 18 share a common characteristic defined by their lack of capacity to represent themselves also follows from existing immigration law governing children's cases. As Defendants themselves have repeatedly emphasized, the immigration laws do not permit children under 18 to even concede their removability unless they are accompanied by an attorney or certain other adults. *See* 8 C.F.R. 1240.10(c). Plaintiffs have explained elsewhere why that regulation fails to protect children in either theory or practice, *see* Dkt. 152 at 7, but the rule it establishes supports Plaintiffs' view as to the appropriate age line: if federal regulations already recognize that children under 18 cannot even make concessions of removability, how can the law require them to undertake far more complex tasks, such as deciding which forms of relief to apply for and presenting evidence and argument to support such applications? Nor is the regulation governing concessions the only place where the federal immigration laws treat age 18 as the critical dividing line. The Trafficking Victims Protection Act, since its inception, has provided protection to children under 18. *See* 6 U.S.C. 279(g). In this respect, the immigration laws mirror the line most commonly used in other constitutional contexts. As the Supreme Court has stated, "[d]rawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. . . . However, a line must be

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 3
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

drawn . . . The age of 18 is the point where society draws the line for many purposes between childhood and adulthood." *Roper v. Simmons*, 543 U.S. 551, 574 (2005).

Finally, no evidence of record—including from Defendants' own expert—justifies drawing a line at age 14. Plaintiffs' expert, whose work has been repeatedly cited by the Supreme Court, has stated that the appropriate dividing line in this context is age 18, because it is "impossible to imagine" that any child under 18 possesses the abilities needed to satisfy the pro se competency definition applicable in the immigration context. Dkt. 212-1, Ex.1 ¶45. In response, Defendants' expert says that "*some* persons under the age of 18" can represent themselves, Dkt. 237-1 ¶11 (emphasis added), but critically, he does not opine that *all or even most* children ages 14 and older *can* represent themselves. Although Defendants' expert report is flawed for a number of reasons—including because it erroneously conflates competency to stand trial with competency to represent oneself, *see, e.g., id.* at 13 (referring to research showing that some adolescents are competent *to stand trial* in criminal court, even though none are, as a matter of law, competent to *represent themselves* in criminal court)—the critical point for certification purposes is that the report does *not* opine that all children ages 14-17 are competent to represent themselves. Indeed, it does not even mention 14 as a possible dividing line. No evidence supports categorically excluding such children.

Thus, even were the Court inclined to credit Defendants' expert in whole or part, it should still at a minimum certify a subclass of children aged 14 to 17 to allow them to pursue the claim that they are entitled to a determination as to whether they need counsel.[1]

---

[1] If the Court took this approach, Plaintiff F.L.B. could serve as a representative of the 14-17 subclass, *see* Dkt. 1 ¶14, while the other Plaintiffs could serve as representatives of the 0-13 group. *See* Dkt. 95 ¶21; Dkt. 207 ¶¶21-26. Both groups would plainly satisfy numerosity, and the analysis as to Rule 23's other requirements should be the same as for Plaintiffs' proposals. *See* Susan Terrio,"'Life Ended There': Rare Interviews with the Children of America's Border Disaster," POLITICO, Jul. 10, 2014, *available at* http://www.politico.com/magazine/story/2014/07/children-border-detention-108788_Page5.html#ixzz3zzMLxF9G) (24% of children in custody were under the age of 14 as of 2013).

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 4
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025


**B. State Laws, Including Those Cited in the Court's Minute Order, Reinforce That Children Under 18 Have Sufficiently Common Diminished Capacity To Require Additional Protections.**

State law further buttresses the lines drawn by the U.S. Supreme Court, federal immigration laws, and the evidence presented in this case, for two reasons. First, state laws from various contexts overwhelmingly recognize the diminished capacity of children under 18 as compared to adults. Second, in the various contexts that the Court references, whenever *the state* acts against the child, the child is also provided with representation. Thus, the various state laws cited by the Court reinforce the generally accepted principle that where a child must litigate against the government in adversarial proceedings, the child must be provided legal representation. *Cf.* Dkt. 114 at 30 ("The removal proceedings at issue in this case pit juveniles against the full force of the federal government.").

As in federal immigration and constitutional law, Washington, California, Florida, and Texas law all provide special age-based protections to children in the legal system, and for the most part draw the line at age 18. *See*, *e.g.*, RCW 13.40.020(15) (setting line at 18 for Juvenile Offender Cases); RCW 13.34.030(2) (same for Child Welfare and Dependency cases); RCW 13.32A.030(4) (same for Children In Need of Services and At Risk Youth); RCW 28A.225.010(1) (same for Truancy proceedings); Fla. Stat. Ann. § 985.03(7) (same for juvenile delinquency proceedings); Fla. Stat. Ann. § 39.01(12) (same for "proceedings relating to children," including child abuse, custody, etc.); Tex. Fam. Code Ann. § 101.003(a) (same for suits affecting the parent-child relationship); Cal. Welf. & Inst. Code § 101(a) (same for juvenile court jurisdiction); Cal. Fam. Code § 6500 (same for the term "minor" in the Family Code); Cal. Welf. & Inst. Code § 602 (same for minors who committed offenses that would be crimes); Cal. Welf. & Inst. Code § 601(a) (same for "minors habitually disobedient or truant"). *But see* Tex. Fam. Code Ann. § 51.02(2) (setting line at 17 for juvenile delinquency proceedings).

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 5
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

And while courts are permitted to adjudicate the rights of children under 18 in these various types of proceedings, the general principle established is that children receive appointed counsel whenever the state is represented. *See*, *e.g.*, RCW 13.32A.160(1)(c) (requiring appointed counsel in Child in Need of Services); RCW 13.32A.192(1)(c) (requiring appointed counsel in At-risk Youth proceedings); RCW 13.34.100(7) (youth under 18 can request counsel and youth over age 12 must be informed of their right to request counsel in dependency proceedings); RCW 13.34.267(6) (requiring counsel be appointed for youth ages 18–21 in extended foster care); RCW 13.34.215(3) (requiring counsel be appointed for a child filing a petition to reinstate parental rights).[2]

Thus, Defendants advocate a system unlike virtually all other legal systems in our country, insofar as it pits children against "the full force of the federal government," including its trained prosecutors, in adversarial proceedings without providing those children with legal representation.

This Court's minute order, Dkt. 248, points to several exceptions to the general rule distinguishing children under 18 from adults, but none of those exceptions authorize children to represent themselves against trained prosecutors in adversarial proceedings. As explained, *supra* at 2-3 (citing *Edwards*, 554 U.S. at 174), the fact that some children under 18 may be competent *to stand trial*, or in some instances to be *charged* as adults, does not mean that they have the greater capacity required to *represent themselves*.

For example, the Court's order references statutes establishing that, in some limited

---

[2] Similarly, *see* Cal. Welf. & Inst. Code § 317(c)(1) (right to appointed counsel in dependency proceedings); Cal. Welf. & Inst. Code § 366.26(f) (right to appointed counsel in hearings terminating parental rights or establishing guardianship of children); Cal. Welf. & Inst. Code § 634 (right to appointed counsel in juvenile temporary custody hearing); *In re Kevin S.*, 6 Cal. Rptr. 3d 178, 197 (Ct. App. 2003) (applying rule to require counsel for child on first appeal); Tex. Fam. Code Ann. § 107.012 (mandatory appointment of counsel for child in termination of parental rights proceedings initiated by government); Fla. Stat. Ann. § 985.033 (right to counsel in juvenile delinquency proceedings). *See also Kenny A. ex rel. Winn v. Perdue*, 356 F. Supp. 2d 1353 (N.D. Ga. 2005), (federal district court applied *Mathews* factors and held that there is a constitutional due process right to appointed counsel and effective legal representation for a child of any age at every stage of a dependency proceeding).

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 6
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

circumstances, children under 12 may be *charged* for a juvenile offense, and that children under 18 may sometimes be *charged* as adults; but these do not in any way demonstrate that such children are permitted to *represent themselves* in those juvenile or criminal proceedings. As the above statutory citations show, they are not. Indeed, in *Kent v. United States*, 383 U.S. 541, 553-54 (1966), the Supreme Court held that where the state seeks to charge a juvenile as an adult, it must provide a hearing with the "effective assistance of counsel," while in *In re Gault*, 387 U.S. 1 (1967), it held that children in juvenile delinquency proceedings are entitled to appointed counsel.

To be clear, Plaintiffs do not argue that children cannot be *placed* in immigration proceedings, i.e., that they cannot "stand trial." However, the capacity to stand trial—i.e., to commit a crime or removable offense and then stand accountable for it with a lawyer's aid— requires far less than the capacity to *defend oneself* at trial. While arguments can be made that children under 14 lack the capacity even to stand trial in removal proceedings and suffer the accompanying civil penalties, this case does not present that question. Instead, Plaintiffs argue only that children lack the capacity to *represent themselves* in removal proceedings—a claim that is in line with other federal adversarial legal proceedings involving children in this country, as well as the state rules mentioned above. *See, e.g.*, *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997) (children under 18 cannot litigate in federal court without an attorney).

This Court also pointed to the ability, in *exceptional* circumstances, of some children to seek an order of emancipation before turning 18, *see* RCW 13.64.050, but such proceedings do not pit the child against a government prosecutor. If even contested, the opposing side in an emancipation proceeding is the child's parent or other guardian, who has no right to appointed representation. Moreover, even in that unusual context, children must satisfy the heavy burden of demonstrating by "clear and convincing evidence" that they have the ability to manage their financial affairs, as well as their social, educational, and nonfinancial affairs. *See* RCW

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 7
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

13.64.050(1). And even emancipated children remain subject to juvenile offender laws. *See* RCW 13.64.060(2).[3]

## II. The Court Should Certify a Nationwide Class.

Plaintiffs also strongly object to any geographic limitation on the class. As the events of the last few weeks have made clear, the problem Plaintiffs challenge is a nationwide concern arising from a uniform federal policy: that Defendants require children to go forward in immigration proceedings absent appointed counsel, even though the government is always represented. Defendants previously suggested that a nationwide class is inappropriate due to "different safeguards and practices employed by immigration courts. . . in different jurisdictions." Dkt. 238 at 22. However, the only evidence Defendants presented that even implied the existence of any regional variation was the deposition testimony of Judge Weil. *See, e.g., id.*; Dkt. 197 at 24. Whatever weight this Court wants to give to his testimony, at best it only expressed uncertainty over whether any regional variation exists. By contrast, neither Judge Weil nor anyone else speaking for Defendants has disputed that the government never appoints counsel for children in *any* part of the country, even though it is *always* represented by a prosecutor. Denying nationwide certification on the basis of Defendants' paltry evidence would therefore be contrary to governing law. *See, e.g.*, *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (rejecting government's reliance on minor regional variations).[4] Most important, failure to certify a nationwide class would leave thousands of pro se children— including children as young as 3 or 4—entirely unable to present their claims.

## III. The Court's Proposed Class Definition Satisfies the Requirements of Rule 23.

---

[3] Moreover, state law makes clear that while emancipation allows the youth to enter into contracts based on their showing of financial independence, and allows for the youth to give informed consent to health care services, it does not change the youth's status with respect to criminal laws, voting, or other legal health and safety regulations. *See* RCW 13.64.060(2).

[4] Defendants also cited testimony of Steven C. Lang about representation through the Baltimore Representation and Remote Access Initiatives, Dkt. 238 at 22, but represented children were *never* part of Plaintiffs' proposed class. *See, e.g.*, Dkt. 2 at 2 (limiting class to children "without legal representation"); Dkt. 230 at 1 (same).

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 8
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

Without waiving their prior proposed class and subclass definitions, Plaintiffs believe that the Court's proposal satisfies Rule 23 and otherwise presents a reasonable alternative. Plaintiffs have no objection to the class being limited to children "without legal representation," and who are "financially unable to retain counsel," as children with those two characteristics share a common need for legal representation.[5] Moreover, because the Court's proposed class, as written, appears to exclude children who are eligible for important forms of relief,[6] Plaintiffs respectfully propose that the Court clarify that the scope of qualifying relief specified in the class definition includes any relief established by Congress, as follows: "(iv) potentially eligible for asylum under 8 U.S.C. 1158 or other remedies under the Immigration and Nationality Act." So long as the Court defines that limitation to include all remedies made available by Congress, and implements it through a method that permits all unrepresented children to be screened by an attorney in a private setting with adequate time to investigate any qualifying potential relief, Plaintiffs acknowledge that this definition could group together children with a common interest in the proceedings and lead to a workable system that protects the due process rights of most—though not all—of Plaintiffs' proposed class members.[7]

---

[5] As explained in Plaintiffs' response to Defendants' motion to compel, Dkt. 251, the mechanism for implementing these limitations must not permit children who otherwise fit within the class to go forward without representation. Where the government believes that a child or the adults legally responsible for that child have sufficient funds, but the child has appeared in court without representation, the Immigration Judge must either appoint counsel or direct the adults in question to retain counsel. If the judge appoints counsel the Government may seek reimbursement from the child or the parents, but in neither case can the judge proceed against the unrepresented child. *See id.* at 5-6 (citing RCW 13.40.140(2), Cal. Welf. & Inst. Code § 700, and 18 U.S.C. 5034).

[6] Plaintiffs continue to maintain that the appointed counsel right should not turn on the availability of relief. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1093-94 (9th Cir. 2012) (holding that immigrant unlawfully denied his right to counsel need not demonstrate prejudice in order to obtain relief). However, even if the Court disagrees, as written the Court's proposal may not encompass several categories of children who plainly deserve protection, such as victims of crime and human trafficking in the United States, for whom Congress made U and T visa relief available. *See* 8 U.S.C. 1101(a)(15)(U); 1101(a)(15)(T).

[7] Judges obviously could not conduct such screenings. *See, e.g.*, *Kenny*, 356 F. Supp. 2d at 1361 (requiring appointed counsel for children in part because "[j]udges, unlike child advocate attorneys, cannot conduct their own investigations and are entirely dependent on others to provide them information about the child's circumstances.").

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

Similarly, while Plaintiffs maintain that all unrepresented children should be appointed counsel, they acknowledge the Court's tentative determination that, for purposes of class certification, children in consolidated proceedings with one or both parents may be in a substantially different position from children in proceedings alone.[8] However, Plaintiffs note that in at least some cases, as with A.F.M.J. and L.J.M., children in proceedings with their parents have entirely independent claims that their parents are either unable or unwilling to pursue, thereby situating such children similarly to other children in the putative class. Moreover, conflicts of interest may exist between a child and parent in consolidated proceedings. Where such conflicts exist, there should be no dispute that separate representation is required. *See, e.g.*, *Kenny A. ex rel. Winn v. Perdue*, 356 F. Supp. 2d 1353, 1358-59 (N.D. Ga. 2005) (finding right to appointed counsel in child dependency proceedings, and that parent cannot protect child's interests because the parent has an inherent conflict with their child).

Therefore, Plaintiffs believe that the Court's tentative ruling should be effectuated by including children in consolidated proceedings with a parent as a subclass, as Plaintiffs have proposed, *see* Dkt. 230 at 3, but limiting the relief for which such children may be eligible. Under this modified proposal, such children would be entitled to an interview with a screening attorney, but only those children with claims independent from their parents or those who have a conflict of interest with their parents would be entitled to separate legal representation.[9]

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court certify the class proposed in its order with the modifications as set forth above.

---

[8] The Court's proposal also suggests that children in consolidated proceedings with a legal guardian may stand on different footing. However, unlike a parent, a legal guardian may not include a child as a derivative on any application for relief. A child in consolidated proceedings with a legal guardian necessarily must state an independent claim for relief. For that reason, among others, Plaintiffs respectfully request that the Court strike this portion of its proposed class definition.

[9] Defendants have never contested Plaintiffs' definition of "immigration proceedings." Plaintiffs thus assume that the Court's definition of "removal proceedings" is coterminous with Plaintiffs' definition. *See* Dkt. 207 at 5 n.6.

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 10
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

DATED this 21st day of March, 2016.

        NORTHWEST IMMIGRANT RIGHTS PROJECT

        By   s/ Matt Adams
            Matt Adams, WSBA No. 28287
        Glenda M. Aldana Madrid, WSBA No. 46987
        615 2nd Avenue, Suite 400
        Seattle, WA 98104
        (206) 957-8611
        (206) 587-4025 (fax)
        matt@nwirp.org
        glenda@nwirp.org

        ACLU IMMIGRANTS' RIGHTS PROJECT
        ACLU OF SOUTHERN CALIFORNIA

        By   s/ Ahilan Arulanantham
            Ahilan Arulanantham (*pro hac vice*)
        1313 West 8th Street
        Los Angeles, CA 90017
        (213) 977-5211
        (213) 417-2211 (fax)
        aarulanantham@aclusocal.org

        Theodore J. Angelis, WSBA No. 30300
        Todd Nunn, WSBA No. 23267
        Heidi Craig Garcia, WSBA No. 41399
        K&L GATES LLP
        925 Fourth Avenue, Suite 2900
        Seattle, WA 98104
        (206) 623-7580
        (206) 623-7022 (fax)
        theo.angelis@klgates.com
        todd.nunn@klgates.com
        heidi.garcia@klgates.com

        Cecillia Wang (*pro hac vice*)
        Stephen Kang (*pro hac vice*)
        ACLU IMMIGRANTS' RIGHTS PROJECT
        39 Drumm Street
        San Francisco, CA 94111
        (415) 343-0770
        (415) 343-0950 (fax)
        cwang@aclu.org
        skang@aclu.org

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 11
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

Carmen Iguina (*pro hac vice*)
ACLU OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 417-2211 (fax)
ciguina@aclusocal.org

Kristen Jackson (*pro hac vice*)
Talia Inlender (*pro hac vice*)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 385-2977
(213) 385-9089 (fax)
kjackson@publiccounsel.org
tinlender@publiccounsel.org

Margaret Chen, WSBA No. 46156
ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184
mchen@aclu-wa.org

Kristin Macleod-Ball (*pro hac vice*)
Melissa Crow (*pro hac vice*)
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7500
(202) 742-5619 (fax)
kmacleod-ball@immcouncil.org
mcrow@immcouncil.org

Attorneys for Plaintiffs-Petitioners

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 12
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025

CERTIFICATE OF ECF FILING AND SERVICE

I certify that on March 21, 2016, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record:

    s/ Matt Adams
Matt Adams
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
matt@nwirp.org

PLS.' SUPP. BR. ISO
FOURTH CLASS CERT. MOT. - 13
Case No. 2:14-cv-01026-TSZ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. 206-957-8611
Fax. 206-587-4025