Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> Loretta Lynch, Attorney General, United States, et al., <br><br> Defendants-Respondents. | No. 2:14-cv-01026 <br><br> DEFENDANTS' SUPPLEMENTAL BRIEF ON PLAINTIFFS' FOURTH MOTION FOR CLASS CERTIFICATION <br><br> NOTING DATE: February 26, 2016 <br><br> ORAL ARGUMENT SCHEDULED: March 24, 2016 |

## INTRODUCTION

In its March 10, 2016 Order, the Court asked the parties to address whether a revised class definition proposed by the Court should be certified under Federal Rule of Civil Procedure 23(a) and (b)(2). Defendants appreciate and share the Court's concern for the welfare of the minors covered by the Court's proposed definition. That is why Defendants have allocated considerable resources toward providing assistance where possible to minors in removal proceedings and also continually advocate for additional resources. The difficulty presented by this case, however, is that it is nearly impossible to define a class of alien minors in removal proceedings that does not contain significant case-dispositive factual, legal, and procedural differences. The wide variation is problematic because certification of any class must take into account decades of Supreme Court precedent which instruct that the due process analysis conducted under *Mathews v. Eldridge*, 424 U.S. 319 (1976), is fact-intensive and, therefore, does not readily lend itself to categorical class treatment.

Plaintiffs' attempt to certify a class of all unrepresented indigent alien minors in removal proceedings far exceeds the limitations of the *Mathews* test. The Court's most recent order correctly identifies at least three important limiting legal principles, each of which fatally undermines Plaintiffs' proposed class/subclasses. First, all alien minors cannot be placed into one universal class given the variations in their age, intelligence, education, and ability to comprehend removal proceedings. Second, the presence of a parent or legal guardian to assist a minor during a removal proceeding is a critical component of the due process analysis. And, third, many removals do not implicate a protection claim, and, thus, do not trigger a common due process concern. These proposed limitations to Plaintiffs' proposed class/subclasses are critical, and aid significantly in narrowing the issues requiring adjudication.

Despite this substantial progress, many critical case-dispositive variations nevertheless remain. First, the proposed class does not distinguish between the procedural acts of placing a minor in removal proceedings—which serves important monitoring and accountability functions—and the more significant act of requiring the minor to move forward with a proceeding on the merits. Moreover, even though the Court acknowledges that the assistance of a

1

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

parent or legal guardian at the removal hearing is a significant component of the due process analysis, the Court's proposal does not treat unaccompanied minors differently from minors residing with parents or legal guardians who are not in a consolidated removal proceeding but are nonetheless available to assist the minor. Finally, Supreme Court precedent holds that aliens apprehended at or near the border are entitled only to the procedures authorized by Congress and implemented by the Executive, yet the Court's proposal would treat minors in this group identically to minors who have either been admitted or developed substantial ties to the United States. At a minimum, these limitations are essential to crafting a class that states a claim capable of classwide adjudication.

In the event the Court is inclined to proceed with certifying a class, it is important to note that an appropriately-narrowed version of the Court's proposed class (which takes into account the important legal issues described above) cannot be certified at this time because none of the named Plaintiffs are representatives of such a class. Plaintiffs' ongoing difficulty in identifying a qualified class representative is a direct result of the numerous safeguards and procedures Defendants have in place to ensure the fundamental fairness of removal proceedings. The practical effect of these safeguards is that immigration proceedings simply do not move forward on the merits if a young child is standing alone before the immigration court. As a result, Defendants submit that the class proposed by the Court cannot be certified at this time.[1]

## I. Defendants do not object to the Court's analogy to state law.

In its March 10, 2016 Order, the Court requested briefing regarding whether, "in assessing the ability of juveniles to navigate through removal proceedings without an attorney," the Court "should be guided" by various state laws regarding minimum ages at which individuals may be presumed competent to perform particular tasks. ECF 248 at 2. The laws cited by the

---

[1] Defendants note that the Court has directed Plaintiffs to file the transcript of the deposition of Assistant Chief Immigration Judge Jack Weil. To the extent that the Court has questions about statements made by Judge Weil describing his personal experience teaching basic immigration law concepts in a classroom setting, those statements should not be understood as describing what is occurring in immigration courts across the nation or what is being provided in the form of training to immigration judges. The Department does not teach three and four year olds immigration law and expect them to represent themselves in immigration court. Indeed, Defendants are not aware of any instance where a three or four year old was required to represent him/herself in immigration court proceedings without the assistance of a parent, guardian, or other adult advocate.

2

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

Court may be helpful in determining whether there is a minimum age at which a minor may be presumed competent to "navigate through removal proceedings" without a parent or guardian. Determining a minimum age of presumed competence, however, is a separate question from assessing a due process right to counsel at government expense under a proper *Mathews* analysis. Under *Mathews*, age or competence alone is not determinative of a right to counsel, especially where an adult is present to assist the child. Nevertheless, Defendants recognize that the state laws cited by the Court suggest that some individuals under the age of fourteen may not have the ability to represent themselves in immigration proceedings without the assistance of a parent, legal guardian, or other adult advocate. If the Court certifies a class, Defendants do not object to limiting the class to individuals under the age of fourteen so long as the class definition also accounts for all other factors material to an appropriate application of the *Mathews* test. Only after evaluating those factors would a court be able to determine whether government-paid counsel is required as a matter of constitutional due process.

**II.     The class proposed by the Court is overbroad.**

The Court has proposed a class consisting of:

> All individuals under the age of fourteen (14) who are (i) in removal proceedings on or after July 9, 2014, [[within the boundaries of the Ninth Judicial Circuit,]] which are not consolidated with the removal proceedings of a parent or legal guardian; (ii) without legal representation in such removal proceedings; (iii) financially unable to retain counsel; and (iv) potentially eligible for asylum under 8 U.S.C. § 1158 or other relief because of conditions in the family of origin or country of citizenship.

ECF 248 at 1.[2] The Court's proposed definition makes a number of necessary improvements to the Plaintiffs' proposed class, but remains overbroad in three important respects. It encompasses

---

[2] As set out in Defendants' opposition to Plaintiffs' Fourth Motion for Class Certification, Defendants agree with the Court's inclination that a nationwide class is not appropriate here for at least three reasons. ECF 238 at 21-23. First, the complexity of the legal question presented by this case would benefit from consideration by different federal courts. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (Nationwide class actions are disfavored because they "may have a detrimental effect by foreclosing adjudication by a number of different courts and judges."). Second, a nationwide injunction would conflict with the judgment of that of the First Circuit, *see, e.g., Aguilar v. U.S. ICE*, 510 F.3d 1 (1st Cir. 2007). Finally, a nationwide class is either unmanageable or would ignore important differences in the immigrant populations and the programs available in different geographic locations. The programs and resources available to minors vary according to the location of the immigration court proceedings, which in turn affects how an immigration judge may handle a case involving a child. ECF 238 at 22. Accordingly, if the Court certifies a nationwide class the Court would have to consider evidence of hundreds of regional programs and safeguards in order to determine if relief is available to the class as a whole. *See* Fed. R. Civ. P. 23(a).

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

3

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

minors who: (1) may never be required to proceed on the merits of their removal proceedings while under the age of fourteen, (2) have a parent or legal guardian in the United States capable of protecting the child's interests in removal proceedings; and (3) were apprehended at or near the border.

These additional limitations are essential to a common application of the *Mathews* test to Plaintiffs' claims. It is well-settled that "the requirements of due process are flexible and call for such procedural protections as the particular situation demands." *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481, (1972)). Because Rule 23(a)(2) and (b)(2) demand, that class claims be capable of a common answer, any factual differences between class members that would substantially strengthen or weaker an individual class member's due process claim renders the class unsuitable for certification. *See Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551, 2557 (The common legal problem "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims *in one stroke*." (emphasis added)). These distinctions materially bear on (1) the strength of the interest a given classmember might have in being admitted to the United States; (2) the risk a classmember will be erroneously deprived of that interest without additional safeguards; and (3) the government's interest in maintaining the existing system. *Mathews*, 424 U.S. at 335. Therefore, the class, as proposed, is overbroad.

**A. The Court's proposed class includes minors who will not be required to proceed in immigration court without representation if Defendants' safeguards are given the opportunity to work.**

As proposed, the Court's definition applies to all individuals under the age of fourteen "in removal proceedings," which includes all individuals who have been issued a notice to appear for removal proceedings where that notice has been filed with the immigration court. 8 U.S.C. § 1229(a); 8 C.F.R. 1003.14(a). The proposed definition, by evaluating the claim to taxpayer funded counsel at the moment of service of the notice to appear, does not account for the important ways the system works between the time the child is first served with a notice to appear and when the immigration court requires the child to proceed with removal proceedings.

4

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

As a result, the proposed class is over inclusive and risks undermining the tireless work Defendants are doing to promote pro bono representation and to ensure a fair process while allowing time for the child to obtain representation, whether paid or pro bono.

Immigration judges are encouraged to grant continuances to allow appropriate time for the child to secure representation or to allow the child to obtain relief through other channels. ECF 238-1 at 8. Immigration judges are also encouraged to explore whether a child would benefit from a change of venue to locations where the child may be closer to family who can assist in finding the child representation. *Id.* By regulation, immigration judges may not accept the admission to a charge of deportability by an unaccompanied and unrepresented minor under the age of eighteen. 8 C.F.R. § 1240.10(c).

Statutory protections also ensure that the most vulnerable children are given the opportunity to make their protection claims in a child-friendly, non-adversarial proceeding. For example, under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), when an unaccompanied child requests asylum, the child is first provided with the opportunity to present his or her asylum claim to an asylum officer in a non-adversarial interview outside of removal proceedings. 8 U.S.C. § 1158(b)(3)(C); *see also* 5 U.S.C. § 279(g)(2) (defining unaccompanied alien child). It was through this process that three named Plaintiffs obtained relief without ever having to pursue a merits claim in immigration court.

These procedures protect the child's interest while Defendants expend all available resources to identify an attorney or adult representative to assist the child during removal proceedings. The government is promoting pro bono representation of children on a number of fronts: EOIR has partnered with AmeriCorps to enroll approximately 100 lawyers and paralegals to provide legal services to unaccompanied children; in 2014, HHS awarded $9 million to two grantees to provide counsel to approximately 2,000 unaccompanied children through the completion of their immigration proceedings; more recently HHS began using a contract model to support legal services which HHS hopes will provide representative to thousands more children this year; and EOIR has encouraged the facilitation of pro bono representation of children by (where possible) offering predictable scheduling to pro bono counsel and organizing

5
SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

wide-ranging training for pro bono counsel. *See* ECF 238 at 13.

The Court's proposed class definition sets the relevant time for determining the right to representation at the initiation of proceedings, and therefore does not encompass existing safeguards (including the granting of continuances) that could resolve the need for paid representation. But *Mathews* requires appropriately crediting the safeguards the government has put in place to prevent erroneous deprivations. To ensure that these safeguards are taken into account, the Court should limit the class to minors required to proceed in immigration court on the merits of their cases without representation.

### B. The Court's proposed class does not distinguish between unaccompanied children and children who have a parent or legal guardian in the United States.

This Court previously recognized that unaccompanied minors and minors who reside with one or both parents are distinct groups who may have right-to-counsel claims of varying strength. *See* ECF 225 at 5. However, the Court's proposed class omits the presence of the minor's parent or legal guardian in the United States and focuses instead on whether the child's removal proceedings have been consolidated with those of a parent or legal guardian. In doing so, the proposed class fails to address the core due process concern relevant to parental presence: whether the minor has a parent, nearby family member, or legal guardian available to participate in and assist the minor during removal proceedings. The Court's proposed class instead treats minors with parents *in* the removal proceeding differently from minors with parents (or legal guardians) *at* the removal proceeding even though, in both cases, the minor is being assisted by a parent (or legal guardian) who participates in the removal proceeding. Therefore, the distinction drawn by the proposed class definition is not one that is determinative of the due process consideration.

The difficulty with a "consolidated proceedings" standard is demonstrated by the removal cases of the Plaintiffs in this litigation. For example, A.E.G.E.'s removal proceedings have not been consolidated with his mother's proceedings because his mother is a Lawful Permanent Resident and is not in removal proceedings. A.E.G.E.'s mother is equally capable of representing A.E.G.E.'s interests in immigration court and assisting him in obtaining relief from removal

6

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

despite not being in a consolidated proceeding. Indeed, she was able to successfully represent her own interests in the immigration process without taxpayer-funded counsel and obtain LPR status. There is no reason to doubt her ability to do the same for her child.

### C. The Court's proposed class includes alien minors with no protectable interest in admission to the United States.

Aliens apprehended at or near the border—arriving aliens and aliens assimilated to such status—possess no constitutional procedural due process rights connected to their admission. Any procedural protections available to these aliens during removal proceedings are limited to those statutorily provided by Congress. *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004). Because this Court has already ruled that it lacks jurisdiction to decide whether the right to counsel for minors in immigration proceedings at taxpayer expense is statutorily guaranteed, arriving alien Plaintiffs have no cognizable claims in this litigation. *See* ECF 114 at 19-22. As a result, they do not share a common legal question with the rest of the class—much less one that is likely to result in a uniform answer. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (internal quotation marks omitted).

As Defendants argue in their pending motion to dismiss, *see* ECF 229 at 8-12, long-established Supreme Court precedent distinguishes among aliens who: (1) have been lawfully admitted; (2) are physically present in the United States, albeit illegally, for some meaningful period of time; and (3) have never entered and have yet to form any substantial connection to this country. Those in the third category lack constitutional procedural due process rights. *See Verdugo-Urquidez*, 494 U.S. at 270–71 (collecting cases); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982); *Chew v. Colding*, 344 U.S. 590, 596 n.5 (1953). The Ninth Circuit has recently affirmed its recognition of the distinctions between the procedural due process rights afforded: (1) aliens identified while present within United States territory versus those who enter in the immigration adjudicatory process from outside the United States, even if later paroled in; and (2) aliens who entered illegally, even if present in the United States, depending on whether they are in criminal

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

7

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

or civil proceedings. *See Angov v. Holder*, 788 F.3d 839, 898-99 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 896 (2016); *United States v. Barajas-Alvarado*, 655 F.3d 107, 1084 (9th Cir. 2011); *Wong v. United States*, 373 F.3d 952, 971 (9th Cir. 2004). Indeed, the Ninth Circuit has held that there is no legal basis to support a claim that non-admitted aliens subject to the entry fiction "have a right to representation" in civil proceedings. *See Barajas-Alvarado*, 655 F.3d at 1088; *Alvarez-Garcia*, 378 F.3d at 1097-98.

The "entry fiction" also persists for those who have successfully evaded an entry checkpoint but who are apprehended shortly thereafter. *See Barajas-Alvarado*, 655 F.3d at 1084; *cf. Pena v. Lynch*, 804 F.3d 1258, 1261-62 (9th Cir. 2015). As recent arrivals, such aliens similarly lack meaningful ties to the United States and should not receive favorable treatment by mere virtue of skirting a port of entry. *See* 8 U.S.C. § 1225(a)(1); *Kaoru Yamataya v. Fisher*, 189 U.S. 86, 100-101 (1903); *accord Wong Yang Sung v. McGrath*, 339 U.S. 33, 49-50 (1950); *Mezei*, 345 U.S. at 214; *accord Landon v. Plasencia*, 459 U.S. 21, 25-26 (1982); *cf. United States v. Pacheco-Medina*, 212 F.3d 1162, 1163–64 (9th Cir. 2002); *see also* ECF 229 at 9 n.5. But even if the Court finds that the constitutional procedural due process protection attaches to recent entrants, these individuals still have a minimal interest in being granted admission compared to the interest possessed by those minors who had entered the country for a meaningful period of time prior to being apprehended. *See Johnson v. Eisentrager*, 339 U.S. 763, 770 (1950) (describing sliding scale and distinguishing between types of unlawful presence); *see also Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("This Court has held that the Due Process Clause protects an alien subject to a final order of deportation, though the nature of that protection may vary depending upon status and circumstance.") (internal citations omitted). Thus, in a merits determination, those minimal liberty interests would be differently balanced against the government's weighty interests, *Mathews*, 424 U.S. 319, making these claims unsuitable for classwide resolution. *Wal-Mart Stores, Inc.,* 131 S. Ct. at 2551.

### III. Any class definition would require clarification of several key terms included in the Court's proposed class definition.

First, any class definition should clarify that "removal proceedings" mean proceedings conducted pursuant to 8 U.S.C. § 1229a, and includes any administrative appeals taken from

8
SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

those proceedings. "Removal proceedings" is a term of art that applies exclusively to proceedings conducted in accordance with 8 USC § 1229a. Section 1229a, appropriately entitled "Removal Proceedings," establishes a specific type of administrative proceeding conducted by an immigration judge for the purpose of determining the inadmissibility or deportability of an alien. 8 U.S.C. § 1229a(a). Notably, all of the Plaintiffs are in removal proceedings and, therefore, would be inadequate representatives for minors who are facing a wholly different type of immigration court proceeding and their claims not typical of such a class's claim. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (typicality examines "whether other class members have been injured by the same course of conduct.").

Second, any class definition should clarify that the financial insolvency requirement requires the consideration of the financial resources of the class member's parents or legal guardians consistent with the federal *in forma pauperis* standard. *See, e.g.*, *Cottingham for Washington v. Bd. Of Educ. of Emery Unified Sch. Dist.*, No. C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993); *see also Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) ("[U]nder 28 U.S.C. § 1915[,] where leave to proceed in forma pauperis is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation."). This clarification is helpful to the administration of the class definition as well as to resolve objections by Plaintiffs that they are not required to produce information regarding the financial resources of Plaintiffs' parents and legal guardians because such information is "unnecessary." ECF 244-3, at 5-6.

Finally, any class definition should clarify the types of claims for relief from removal that would trigger a right to representation. The proposed definition limits the class to individuals under the age of fourteen who are "potentially eligible for asylum under 8 U.S.C. § 1158 or other relief because of conditions in the family of origin and country of citizenship." ECF 248 at 1. Defendants are not aware of any relief available based on the "conditions in the family of origin and country of citizenship." Any such limitation should be anchored in statutory grounds for protection from removal: potential eligibility for asylum under 8 U.S.C. § 1158, withholding of

SUPPLEMENTAL BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture.[3]

### IV. Certification is not appropriate unless Plaintiffs identify an adequate class representative and make a showing of typicality.

Should the Court find certification appropriate, Defendants request the opportunity to evaluate (and, if necessary, brief) the size of the proposed class, adequacy of any proposed class representatives, and the typicality of the representatives' claims. Notably, none of the current Plaintiffs would fall within the Court's class definition if appropriately modified to exclude arriving aliens or account for the presence (or availability) of parents or legal guardians in the United States. Indeed, only three of the eleven current Plaintiffs are potentially within the Court's proposed definition: E.G.C., A.E.G.E., and K.N.S.M. However, all three of these Plaintiffs were apprehended either at or near the border, before they formed any ties to the United States, and therefore should be excluded from the class definition as not entitled to any additional process under the *Mathews* test.[4] All three Plaintiffs also reside with family members who may adequately represent their interests in their removal proceedings and therefore have claims that require an individualized evaluation to ascertain the validity of their right to counsel. In addition, the material differences among the three Plaintiffs and the broad class they may represent likely prevents Plaintiffs from satisfying Rule 23(a)'s typicality requirements. *See, e.g., Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*, 247 F.R.D. 156, 178 (C.D. Cal. 2007); *Daskalea v. Washington Humane Soc.*, 275 F.R.D. 346, 358–363 (D.D.C. 2011). Therefore, by applying either necessary limitation to the Court's proposed class definition, Plaintiffs lack a suitable representative necessary for class certification. Fed. R. Civ. P. 23(a). Accordingly, Defendants ask the Court to permit limited supplemental briefing on these issues to ensure that all of Rule 23(a)'s requirements are satisfied by any revised class definition.[5]

---

[3] Other types of claims that might be appropriate for inclusion in such a definition are those that would lead to the termination of proceedings, such as a colorable claim to United States citizenship.

[4] E.G.C. and A.E.G.E. are arriving aliens, having been apprehended at the border. K.N.S.M. was apprehended .55 miles from a port of entry, but this fact does not functionally separate her from E.G.C. and A.E.G.E. *See Yamataya*, 189 U.S. at 100-01; *Yang*, 68 F.3d at 1550.

[5] If the Court is inclined to certify a class and agrees that E.G.C., A.E.G.E., and K.N.S.M. fall outside of such a class definition, Defendants do not oppose denial without prejudice and staying this litigation to allow a short period for Plaintiffs to try (for a final time) to identify a class representative.

SUPPLEMENT BRIEF
ON CLASS CERTIFICATION
(Case No. 2:14-cv-01026)

10

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

**CONCLUSION**

Defendants respectfully request that the Court decline to certify a class at this time.

Dated: March 21, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Office of Immigration Litigation

WILLIAM C. PEACHEY
Director, District Court Section

WILLIAM C. SILVIS
Assistant Director

VINITA ANDRAPALLIYAL
Trial Attorney

By: */s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
Office of Immigration Litigation,
District Court Section
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
Sarah.S.Wilson@usdoj.gov

-1-

SUPPLEMENTAL BRIEF
ON CLASS CERT.
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

/s/ Sarah Wilson
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice

-1-

SUPPLEMENTAL BRIEF
ON CLASS CERT.
(Case No. 2:14-cv-01026)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700