UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, United States, et al., <br><br> Defendants. | No. 2:14-cv-01026 <br><br> **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL** <br><br> NOTE ON MOTION CALENDAR: March 23, 2016 |

# INTRODUCTION

Each of Defendants' positions regarding the discovery responses at issue is supported by law as well as common sense. Defendants seek, within proportion, all nonprivileged information relevant to the claims and defenses in this lawsuit, and further seek to complete discovery within a timely manner. Moreover, the Stipulated Protective Order would protect any sensitive information that is nonetheless responsive. Thus, Plaintiffs' allegations about the "true" intentions of Defendants' discovery requests are unfounded, and their attempts to limit discovery only to facts supporting their theory of the case should be thwarted.

## I. Defendants Are Entitled to Full Discovery Responses from F.L.B.[1]

*A. Each Discovery Request in Dispute Seeks Relevant Information.*

In the five interrogatories at issue in F.L.B.'s responses, Defendants reasonably seek information relevant to (1) Plaintiffs' assertions that they are and represent a class of indigent minors and lack the financial and mental capacity to represent themselves, and (2) potential defenses to Plaintiffs' procedural due process claims under the fact-specific analysis set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

In Interrogatory ("Rog") 7, Defendants seek basic information about Plaintiffs' nearby adult family members because the existence of nearby adult family members may allow Plaintiffs to appear in court with the assistance—physical, financial, or otherwise—of such relatives, lessening the risk of erroneous deprivation of any asserted procedural due process right and the probable value of additional or substitute safeguards. *Id.* at 335. In Rog 12, Defendants request financial information about Plaintiffs' households because the information is relevant to (1) Plaintiffs' claim that they "seek to represent a class of *indigent* unrepresented children," Third Am. Compl., ECF 207 ¶ 2, and (2) a potential defense under *Mathews* that the probable value of additional or substitute safeguards would be less for Plaintiffs who live in households that can afford to pay for immigration counsel because, as minors, Plaintiffs

---

[1] To the extent that Plaintiffs have refused to provide full responses as to the other Plaintiffs for the same reasons as has F.L.B., Defendants incorporate their reasons for why the requested discovery is appropriate as to the other Plaintiffs.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL - 1

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

necessarily rely, at least in part, on their household's resources. *Mathews*, 424 U.S. at 335.

In Rog 15, Defendants seek information about Plaintiffs' journeys to the United States, which is relevant because evidence that any Plaintiff made the journey from Central America through significant physical means of their own and/or financial means of their families goes to their competency to self-represent, *see* Expert Rebuttal Report, ECF 237-2, at ¶¶ 34–36, and/or financial ability to procure representation.[2] Both factors bear on the second *Mathews* factor of the risk of erroneous deprivation and the probable value of additional or substitute safeguards. *Mathews*, 424 U.S. at 335. In Rog 16, Defendants seek information about Plaintiffs' mental health because, again, this goes to Plaintiffs' competency to self-represent, which bears on the second factor of the *Mathews* analysis. *See* ECF 237-2, at ¶¶ 34–42; *Mathews*, 424 U.S. at 335. Finally, in Rog 20, Defendants seek information about the amount of money that spent by Plaintiffs or on their behalf to journey from their home countries to the United States, which is relevant to whether Plaintiffs are financially unable to afford or can marshal the necessary assets to pay for counsel in a removal proceeding. That question not only goes to the heart of Plaintiffs' claims as well as those of the class(es) they purport to represent, but also relates to the second and third factors of the *Mathews* test. ECF 207 ¶ 2; *Mathews*, 424 U.S. at 335.

*B. Plaintiffs Must Disclose Evidence Related to their Professed Indigence.*

Plaintiffs' arguments against providing the requested financial information are unavailing. First, Plaintiffs argue that because Defendants do not at present provide minors in immigration proceedings with taxpayer-funded counsel,[3] "indigency is irrelevant to their legal defense in this case." ECF 251, at 4. It is not for Plaintiffs to decide, however, what Defendants' legal defenses are or will be as this litigation progresses. "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Vallabharpurapu v. Burger*

---

[2] Whether Plaintiffs made the journey with significant help from friends and relatives who may also presently reside nearby may also go to whether Plaintiffs are truly unaccompanied in this country.

[3] Plaintiffs acknowledge later in their brief, however, that Defendants "spend millions of dollars to provide counsel to children" through programs that engage in screening for indigence. ECF 251, at 6.
DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL - 2

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

*King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011). A central premise of Plaintiffs' claims is that they and their putative class members lack the financial ability to afford counsel. The validity of that premise is undoubtedly relevant to the claims and defenses here.

Second, Plaintiffs contend that because F.L.B. responded to other discovery requests regarding his financial status, he does not have to answer the relevant requests in dispute. However, the analysis turns on whether the requests at issue are permissible under FED. R. CIV. P. 26, and F.L.B.'s responses to other requests do not obviate his obligation to respond to these requests, to the extent different information is sought. Plaintiffs do not argue, nor can they argue, that the requests seek duplicative information.[4] Further, to the extent Plaintiffs believe that a full response to Rog 7 is unwarranted because the relatives in question lack a legal obligation to pay litigation costs, Defendants have explained *supra* that nearby adult relatives may be able to provide non-financial support, such as being able to assist a minor in immigration court.[5] Plaintiffs further point to the deposition of Assistant Chief Immigration Judge Stephen Lang, in which Judge Lang testified that (1) the justice Americorps program "defer[s] to the organizations" funded by the program to determine a minor's indigence and (2) the Legal Orientation Program for Custodians of Unaccompanied Alien Children ("LOPC"),[6] does not screen for indigence before providing training. ECF 251 Ex. A, at 30, 84. These facts, however, do not prevent Defendants from seeking information about Plaintiffs' financial status here. Administering small-scale representation programs and training programs entails far fewer taxpayer resources than what Plaintiffs are seeking and, under the *Mathews* analysis, the "costs

---

[4] Plaintiffs' alternative attempt to dismiss this potential defense on the basis that Plaintiffs "have explained why even an adult who is in court with a child cannot render that child competent to represent themselves," ECF 251 n.1, is presumptuous. Plaintiffs' "explanation" was made in opposition to Defendants' pending motion to dismiss, *see* ECF 239 at 12–13, and has not been ruled on by the Court.

[5] As Defendants noted in their moving brief, "[t]o the extent F.L.B. objects [to questions about his household's finances] because he lives with an individual who has been granted suitable placement status, Defendants ask for information about the terms of the placement to ascertain whether the sought-after information would nonetheless be relevant." ECF 244, at 5. Plaintiffs have yet to provide that information. Further, Defendants reiterate their belief that other named Plaintiffs may not refuse to answer this interrogatory on this basis, because the other minor Plaintiffs reside with a parent or a close relative.

[6] The LOPC program trains adult caregivers of children released from HHS's ORR custody. ECF 251 Ex. A, at 84.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL - 3

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

and administrative burden of the additional process" may justify a more stringent indigence standard, should Plaintiffs prevail on any claims. *Mathews*, 424 U.S. at 335.

Finally, Plaintiffs argue that are entitled to ignore any discovery requests related to Plaintiffs' financial status because they offered to stipulate that, if they prevail on their claims, the government may pursue reimbursement for taxpayer-funded representation from the families of any minors who are not indigent. As Defendants noted in their moving brief, Plaintiffs' position puts the cart before the horse, because "Plaintiffs' potential and unilateral proposals for how to appoint counsel if . . . the Court certifies [a] class do not foreclose Defendants from seeking discovery to determine whether Plaintiffs are and represent a class of indigent minors." ECF 244 at 5 n.2. Defendants believe that, if Plaintiffs prevail, a financial means assessment at the outset of the civil removal proceedings, similar to the way (1) federal courts require plaintiffs to file a petition to proceed *in forma pauperis* in civil proceedings and (2) USCIS requires applicants to seek a fee waiver before applying for certain immigration benefits without payment, *see* 8 C.F.R. § 103.7(c)(2), would be more appropriate, and Defendants are entitled to seek discovery on this issue.

*C. Plaintiffs Do Not Demonstrate a Reasonable Belief of Potential Self-Incrimination.*

Plaintiffs fail to establish their right to invoke the Fifth Amendment's privilege against self-incrimination in response to Rogs 15 and 20 because they fail to demonstrate a reasonable belief that their responses could be used in a criminal prosecution, or lead to other evidence that could be used in that manner. *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). Plaintiffs claim that responding to whether they used the services of a smuggler or coyote and how much money was spent to come to the United States could lead to evidence supporting prosecution for alien smuggling and illegal entry. 8 U.S.C. §§ 1324, 1325. However, this claim is baseless. Answering whether one has used the services of a smuggler cannot furnish a link in the chain of one's own prosecution for alien smuggling; that crime does not punish those who are passively smuggled in, and the only case Plaintiffs cite for the possibility of such a prosecution is against a minor who "had acted as [a] guide during the crossing," *In re Jose C.*, 87 Cal. Rptr. 3d 674, 679, information which Rog 15 does not seek. Further, answering Rogs 15 and 20 would not

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL - 4

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

furnish a link in the chain of prosecution for illegal entry; one may be prosecuted for illegal entry, which is defined, *inter alia*, as entry or attempted entry into the United States "at any time or place other than as designated by immigration officers." 8 U.S.C. § 1325. Neither interrogatory asks anything, save for the mode of transport, about where or how Plaintiffs physically crossed the border, nor may that information be inferred from an appropriate answer to either interrogatory. Thus, Defendants are entitled to full responses to Rogs 15 and 20.[7]

### D. *Plaintiffs Have Waived Their Psychotherapist Privilege.*

Contrary to Plaintiffs' assertions, Plaintiffs have waived their psychotherapist privilege because they claim to lack the mental competency to represent themselves in immigration proceedings, and that claim must be examined.[8] While the information sought in Rog 16 may be personal, it is nevertheless at issue and critical to the claims and defenses in this case. Further, Defendants propose to treat any responsive information that would otherwise fall outside the definition of "confidential information" under the Stipulated Protective Order as confidential, mitigating any privacy concerns regarding disclosure.

## II. Defendants Are Entitled to Full and Timely Discovery from all Plaintiffs.

If the Court indeed intended to stay discovery as to any Plaintiff other than F.L.B. at the January 14, 2016 conference, Defendants accept Plaintiffs' refusal to meet and confer on the outstanding deficiencies in the other Plaintiffs' discovery responses. However, there is little reason to further postpone a full resolution of these issues because (1) the requests were served back in November and December 2015, and Plaintiffs have already partially responded to

---

[7] Plaintiffs' contention that Rog 15 "seeks information that would be irrelevant under any conceivable theory of this case" is incorrect for the reasons discussed *supra* Section I.A. *See also, e.g.*, ECF 207 ¶ 83.
Further, the Stipulated Protective Order ensures that, with irrelevant exceptions, no confidential information may be shared with others, including any law enforcement agencies. ECF 186, at 6.
Finally, if Plaintiffs successfully invoke Fifth Amendment privilege, adverse inferences from the invocation may be drawn. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911 (9th Cir. 2008).

[8] While Plaintiffs may contend that all individuals under 18 should be deemed *per se* incompetent, Defendants do not believe this position is supported by law or by the applicable scientific research and are entitled to conduct discovery to substantiate this defense. Further, the Court's proposed class limits the class to individuals under 14, ECF 248, and thus if F.L.B. were to individually proceed on his claim, his personal competency would definitely be at issue.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL - 5

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

them;[9] (2) Plaintiffs objected to any extension of case deadlines and so presumably would also wish to expeditiously proceed with discovery;[10] and (3) at the January 14th hearing, the Court stated its objective to "move this case along" and cautioned that it was unlikely to rule on a motion to dismiss at or immediately after the March 24, 2016 hearing, ECF 227 at 35, 39, meaning that discovery is unlikely to be completed in time for the September trial date if no discovery as to any other Plaintiff may proceed.

As to Defendants' specific objections to the other Plaintiffs' deficient responses: Defendants incorporated their objections to F.L.B.'s responses, to the extent Plaintiffs objected for the same reasons, in their moving brief. ECF 247, at 9–11. Further, Defendants specified their objection to Plaintiffs' professed lack of comprehension of the requests.[11] Plaintiffs' response to this objection is ungrounded in any case law, insufficiently specific, and belied by the factual nature of most of the requests for admission at issue. *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Indeed, to the extent the requests seek admissions that may be sought in the immigration proceedings for which Plaintiffs seek legal representatives, Plaintiffs in this litigation have the benefit of both an attorney and a next friend to assist.

## CONCLUSION

Defendants respectfully request that the Court grant their motion to compel.

---

[9] To the extent that Defendants expressed a desire to proceed sequentially with discovery and take the Court's view of the scope of the case into account, Defendants did not intend to halt any discovery that was ongoing at the time.

[10] Indeed, Plaintiffs themselves stated that "[u]nless and until this Court dismisses the new parties from this action, the scope of this case is quite clear." ECF 208, at 12–13. Further, the parties are proceeding with discovery on other fronts, such as DHS's Rule 30(b)(6) deposition and depositions of the various third-party declarants across the country, despite the pending motions to dismiss and to certify a class.

[11] *See* M.A.M. Response to First RFA 21; A.F.M.J. Responses to First RFA 18, 21; K.N.S.M. Responses to First RFA 5, 8, 12–15, 18–21; E.G.C. Responses to First RFA 5, 12–15, 18, 21; J.R.A.P. Responses to First RFA 5, 9–12, 15–18; L.J.M. Responses to First RFA 3–18; M.R.J. Responses to First RFA 1–21.
   Plaintiffs supplemented their responses upon receiving Defendants' objections on this basis only as to F.L.B.'s Response to First RFA 5 and 8, on which Defendants did not move to compel.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL - 6

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000

Dated: March 23, 2016                     Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Office of Immigration Litigation

WILLIAM C. PEACHEY
Director, District Court Section

WILLIAM C. SILVIS
Assistant Director

/s/ Vinita B. Andrapalliyal
VINITA B. ANDRAPALLIYAL
Trial Attorney
Office of Immigration Litigation,
District Court Section
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 598-8085
Vinita.b.andrapalliyal@usdoj.gov

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

/s/ Vinita B. Andrapalliyal
VINITA B. ANDRAPALLIYAL
Trial Attorney,
United States Department of Justice

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL

Case No. 2:14-cv-01026 TSZ

U S DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P O BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445
FACSIMILE: (202) 305-7000