UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F.L.B., et al.,

          Plaintiffs,

   v.

LORETTA E. LYNCH, et al.,

          Defendants.

C14-1026 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)  Defendants' motion for reconsideration, docket no. 268, is DENIED.  In stating that plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., and M.R.J. were "paroled" into, but have not "entered," the United States, defendants ignore the text of statutes currently in effect and rely on legislative language long extinguished from the United States Code. Until 1996, § 101(a)(13) of the Immigration and Nationality Act ("INA") defined "entry" as "any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise."  8 U.S.C. § 1101(a)(13) (1996). Defendants rely on this language to argue that plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., and M.R.J. are "treated for constitutional purposes as if they were at the border requesting *entry*."  Defs.' Mot. at 1 (docket no. 268) (emphasis added).  Defendants continue to confuse "entry" and "admission."  <u>See</u> Order at 12 (docket no. 264).  Twenty years ago, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, substantially amended the INA, replacing the word "entry" in § 101(a)(13) with the statutory terms "admission" and "admitted," which mean "the lawful entry" of an alien into the United States "after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).  Thus, "entry" and "admission" are not synonymous; rather, "admission" requires "*lawful* entry" and, under the present statutory scheme, an alien seeks "admission," not "entry."  IIRIRA also made clear that "parole," which the Attorney General may grant to certain aliens for "urgent humanitarian reasons or significant public benefit," 8 U.S.C. § 1182(d)(5)(A), is not the equivalent of "admission" or being "admitted."  <u>See</u> 8 U.S.C. § 1101(a)(13)(B).  To the extent plaintiffs A.E.G.E., E.G.C., A.F.M.J., L.J.M., and M.R.J. were "paroled" into the

MINUTE ORDER - 1

United States, meaning they have entered but have not been "admitted," their rights in removal proceedings might differ from the rights of aliens who have been "admitted." In the Order entered April 15, 2016, docket no. 264, the Court made no ruling on this question; the Court merely rejected defendants' apparent contention that Congress could, if it wished, deprive aliens "paroled" into the United States of all due process rights in connection with removal proceedings.  To conclude as defendants suggest, namely that "paroled" aliens have no constitutional (as opposed to statutory) due process rights, when the Supreme Court has unequivocally recognized such rights (consisting, at a minimum, of notice and an opportunity to be heard) for aliens who have "passed through our gates, *even illegally*," *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (emphasis added); *see also* *Yamataya v. Fisher*, 189 U.S. 86 (1903), would simply invite individuals to cross the border under cover of darkness.  Defendants have not shown any "manifest error" in the Court's prior ruling or "new facts or legal authority" that could not have been brought to the Court's attention earlier "with reasonable diligence." *See* Local Civil Rule 7(h)(1).

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of May, 2016.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2