Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin; et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>Loretta E. LYNCH, Attorney General, United States; et al.,<br><br>Defendants-Respondents. | Case No. 2:14-cv-01026-TSZ<br><br>PLAINTIFFS' SUPPLEMENTAL RESPONSE IN SUPPORT OF 4TH MOTION FOR CLASS CERTIFICATION |

PLTFS' SUPP. RESP. ISO CLASS CERT.
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

## INTRODUCTION

Defendants' supplemental brief offers virtually no engagement with the Court's order certifying the Tentative Class and Subclasses. Instead, Defendants rehash a series of arguments that this Court has previously rejected, including several contentions put to rest over a year ago. Similarly, Defendants fail even to cite this Court's order denying their motion to dismiss, much less address the effect of that order on their attempts to resuscitate already-settled issues.

While Defendants' arguments may have some bearing on the due process analysis this Court will ultimately have to conduct, this Court has already addressed that possibility by tentatively certifying several Subclasses specifically designed to capture those distinctions. Further line-drawing is therefore unnecessary. *See infra* Section I.A; C; D.

Defendants do advance the ball in one noteworthy respect. Like Plaintiffs, Defendants contend that the line between inadmissible and deportable children has no legal relevance. Thus, the parties appear to agree that there is no reason to certify Subclasses 2a and 2b. This Court has already drawn a line based on the due process protections applicable to two groups of children by limiting this case to those who are appearing before an Immigration Judge ("IJ") for full removal proceedings, while expressly excluding those subject to certain expedited processes. Therefore, there is no need for Subclasses 2a and 2b. *See infra* Section I.B.

Defendants also recycle their commonality arguments as attacks on the adequacy of the Named Plaintiffs, but those arguments fare no better than they did before. *See infra* Section II. Similarly, their arguments against notice entirely miss the mark, as they ignore Ninth Circuit authority permitting notice where needed to allow class members to protect their rights.

## ARGUMENT

**I. Defendants' Already-Rejected Arguments Do not Undermine Commonality.**

Defendants attack the commonality of the Court's Tentative Class and Subclasses by recycling a string of arguments that the Court has already rejected (sometimes on multiple occasions).

PLTFS' SUPP. RESP. ISO CLASS CERT.- 1
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

A. Children who "remain at the border." Defendants assert again that "[a]liens apprehended at the border" lack any constitutional due process rights in their removal proceedings, and that their claims are therefore not common with those of other class members. Dkt. 275 at 3-5. The parties *just finished* litigating this very issue, Dkts. 229, 239, 240, after which this Court determined that there is "no basis for dismissing plaintiffs' right-to-counsel claim for lack of cognizability," and found that all children in this case "[c]learly" have procedural due process rights in their immigration proceedings. Dkt. 264 at 13. Defendants also filed a motion to reconsider on the issue, which this Court also rejected. Dkt. 280*; see also* Dkt. 114 at 29 (finding that Defendants' proposed distinctions were obsolete "in light of IIRIRA's merger of matters involving inadmissible and deportable aliens into one proceeding known as 'removal'").

The Court correctly rejected Defendants' claims. On Defendants' view of the law, because the Due Process Clause provides no backstop for children who are deemed "arriving," Congress could simply take away all procedural protections for children in immigration proceedings. Congress could stop providing interpreters for "arriving" children as a cost-saving measure, or allow IJs to decide relief applications by coin flip just to save time. A ruling permitting such conduct would offend the most basic notions of due process for children who present themselves at ports of entry. This would only "invite [children] to cross the border under cover of darkness." Dkt. 280 at 2. Surely this cannot be the law. *See* Dkt. 239 at 6 (citing *Kwai Fun Wong v. United States*, 373 F.3d 952, 973-74 (9th Cir. 2004) (noting that to "vitiate[ such] perverse incentives," Fifth Amendment's safeguards should extend to noncitizens apprehended at a port of entry)).[1]

---

[1] Many of the cases Defendants cite on this point were addressed in this Court's recent orders. *See* Dkt. 264 at 8-16 & nn.6-11. Their new authorities add nothing to their position. Defendants now cite *Arango Marquez v. INS*, 346 F.3d 892, 895 (9th Cir. 2003), but it is simply another detention case that adds nothing to *Barrera-Echevarria v. Rison*, 44 F.3d 1141 (9th Cir. 1995), which Defendants have already cited. *See*, *e.g.*, Dkt. 275 at 4; Dkt. 240 at 3 n.2. Similarly, *Gisbert v. U.S. Att'y Gen.*, 988 F.2d 1437, 1440 (5th Cir. 1993), *amended in part*, 997 F.2d 1122, *Bertrand v. Sava*, 684 F.2d 204, 220 (2d Cir. 1982), and *Garcia-Mir v. Smith*, 766 F.2d 1478, 1483-84 (11th Cir. 1985) are analogues to *Barrera* in other circuits, and addressed issues far afield from this case. Finally, *Am.*

PLTFS' SUPP. RESP. ISO CLASS CERT.- 2
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

B. Children charged as "inadmissible" vs. "deportable": Defendants' brief makes clear that neither side sees a legal rationale for drawing lines based on whether the child is charged as inadmissible or deportable, as that distinction is irrelevant to the due process analysis. Both sides appear to agree that no Subclasses need be certified on that basis.[2] Dkts. 271 at 5, 7; Dkt. 275 at 3. As a result, Plaintiffs believe this Court need not certify Subclasses 2a and 2b at all.

C. Children of differing ages. Defendants' assertion that "there is no uniform right to counsel for all children under the age of eighteen," Dkt. 275 at 6, bears little further discussion, because the parties already briefed this issue exhaustively in response to this Court's pre-hearing class proposal, *see* Dkts. 248, 253-54. In that briefing, Plaintiffs set forth the many reasons why "children under 18 share a common characteristic defined by their lack of capacity to represent themselves." Dkt. 253 at 3. Those reasons include that the immigration laws *already* draw age-based lines at 18 in various different provisions (including the TVPRA, on which Defendants have repeatedly relied, *see, e.g.*, Dkt. 238 at 9-10), that Plaintiffs' psychological expert supports that line, and that state laws from a variety of contexts reinforce that children under 18 deserve special procedural protections, particularly when litigating against trained government prosecutors. Dkt. 253 at 2-8.

Critically, Defendants have never identified any system that pits a child against a government-funded attorney without also providing the child with counsel. *Id.* at 6. The age line that this Court has drawn in the Tentative Class therefore has ample support. As a fallback, Defendants propose that this Court certify a class with a "substantially lower age cut-off" than 18, Dkt. 275 at 6 n.2, and suggest that there are "substantial variations in intelligence and

---

*Immigr'n Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 58-59 (D.D.C. 1998), involved expedited removal, a context the Court has now explicitly distinguished. Dkt. 264 at 13 n.10; Dkt. 266 at 1 & n.1.

[2] Defendants' concession on this point is important, as they have previously argued that *Mathews v. Eldridge* does not apply to "aliens who haven't been admitted into the United States" and who are "charged as inadmissible." Sept 3, 2014, Hearing Transcript at 74:23-75:6, 75:20-77:15; *see also* Dkt. 52 at 12-13 (contending that "aliens who have entered or *have been admitted* to the United States" have due process rights, whereas others do not) (emphasis added). This Court has rightly rejected that position as contrary to over a century of immigration law. Defendants now appear to agree, at least for purposes of the relevance of the charge in removal proceedings.

PLTFS' SUPP. RESP. ISO CLASS CERT.- 3
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

experience of individuals between the ages of 14 and 18." *Id.* at 6. Defendants point to no evidence to support that claim – indeed, their own expert does *not* draw that line. But to the extent that younger children may have claims that differ from those of older children, this Court has anticipated that possibility by creating Tentative Subclass 1, which is limited to children under 14. Dkt. 266 at 2. Nothing more is required to satisfy commonality as to age.

  D. Ripeness. Defendants also argue that many current Class members do not belong in the Class because they are "not in any danger of erroneous deprivation." Dkt. 275 at 6-7. This is simply a new gloss on the "ripeness" argument that this Court rejected over a year ago. *See* Dkt. 114 at 7-9. It fails now for the same reasons it failed then. The Ninth Circuit, and district courts therein, have repeatedly approved classes of individuals in immigration proceedings who face some risk of harm, even if that harm is not yet realized. *See, e.g.*, Dkt. 85 at 3-4 (citing, inter alia, *Walters v. Reno*, 145 F.3d 1032, 1036 (9th Cir. 1998) (affirming certification of class of noncitizens "who have or will become subject to a final order" under certain document fraud procedures as well as judgment in favor of their due process challenge)); *Gorbach v. Reno*, 181 F.R.D. 642, 648 (W.D. Wash. 1998) (rejecting Government's contention that plaintiffs' claims were unripe until final order of denaturalization was entered, "because [plaintiffs] are faced with an imminent threat of undergoing an allegedly unlawful procedure to revoke their citizenship"); *Franco-Gonzales v. Napolitano*, No. 10-cv-02211, 2011 WL 11705815 (C.D. Cal. Nov. 21, 2011) (certifying class of immigrant detainees with mental disabilities in removal proceedings). *See also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1233 (9th Cir. 1999) (class consisting of noncitizens "who have had favorable administrative determinations . . . but the final adjudication has not yet occurred"). The Ninth Circuit has also stated numerous times that a plaintiff "need not wait" until a threatened injury has occurred before seeking redress; imminent injury is enough. Dkt. 85 at 4; *see also Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012) (finding standing where it was "sufficiently likely" that plaintiffs would be harmed); *Chang v. United States*, 327 F.3d 911, 921 (9th Cir. 2003) ("This court does not require

PLTFS' SUPP. RESP. ISO CLASS CERT.- 4
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

Damocles's sword to fall before we recognize the realistic danger of sustaining a direct injury.").

Defendants do not improve their argument by describing the categories of children who are "not in danger." The first category, children who will receive relief from removal, Dkt. 275 at 6, need not be excluded because the speculative possibility that they will eventually win their cases does not erase their risk of harm now. This is no doubt why courts (including the Ninth Circuit) have repeatedly approved of classes composed of individuals awaiting a final decision in removal proceedings, as the cases cited above make clear. The second, children who will find pro bono counsel, Dkt. 275 at 6, would fall out of the class once their attorneys entered appearances in their removal proceedings, so they are already excluded.

The third category – pro se children as to whom "the government has elected not to move forward with proceedings until they find counsel," Dkt. 275 at 7 – does not exist. Defendants have never guaranteed a child Plaintiff or any other member of the Class that the child's proceedings would not move forward until she secures counsel. Plaintiffs sought that relief in the preliminary injunction, but Defendants resisted it, and since then hundreds of children have received removal or voluntary departure orders, notwithstanding their lack of legal representation. *See* Dkt. 210 at 6 & n.2; Dkt. 212, Ex. 3 at 17-18. Indeed, Defendants have refused to "elect not to move forward" even with respect to Plaintiff F.L.B., despite Plaintiffs' offer to stipulate to Defendants' extension request if Defendants ensured that F.L.B. would not suffer harm in the interim. Dkt. 284 at 5-6.

Insofar as this third category of children refers to those pro se children to whom IJs grant continuances to find lawyers, Plaintiffs have put forth overwhelming evidence showing that children can suffer myriad harms even at the early stages of a proceeding, and, of course, several thousand of them have not received continuances, just since this case began. *See*, *e.g.*, Dkt. 212-1, Ex. 2, ¶¶ 19-27 (explaining that "[u]nrepresented children are rarely, if ever, prepared or able to meaningfully" make important decisions required at initial immigration

PLTFS' SUPP. RESP. ISO CLASS CERT.- 5
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

hearings); Dkt. 142 at 3-7 (describing thousands of unrepresented children that had been ordered removed in the first 10 months of this litigation). Again, Plaintiff F.L.B. is illustrative, as he was forced to plead to the allegations without a lawyer, and will apparently have to move forward unrepresented absent this Court's intervention. *See* Dkt. 157, ¶¶4-14. While a legal rule requiring continuances could provide certain children a measure of interim relief, absent such a rule, this Court has already recognized that even those children who "face[] the remote possibility of removal" retain live claims for relief. Dkt. 174 at 6.

E. The "totality of factors." Defendants' final argument as to commonality is that "the totality of factors" must be weighed together in order to address a child's due process claim, which supposedly renders classwide resolution impossible. Because each child's facts are different, Defendants contend, each child's constitutional claim must be resolved on an individual basis. Dkt. 275 at 7. Apart from the fact that the Court already rejected this argument by tentatively certifying the Class and Subclasses, there are three serious problems with it.

*First*, Defendants cannot reconcile this argument with the various categorical rules utilized in the immigration context under current law, *see* Dkt. 253 at 3, and the various categorical counsel rules at the state level that Plaintiffs have cited previously. Dkt. 253 at 5-8.

*Second*, wholly apart from the merits, the Ninth Circuit has repeatedly explained in the class certification context that commonality under Rule 23(a) does not require that each class member's facts be *identical*. To the contrary, it has emphasized that Rule 23 does *not* require that "'*[a]ll* questions of fact and law . . . be common to satisfy the rule.' . . . Nor does 'common' as used in Rule 23(a)(1) mean 'complete congruence.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (citations omitted); *see also Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014) (explaining Plaintiffs claims must be typical of class, not . . . identically positioned to each other or to every class member"); *Walters*, 145 F.3d at 1046 (noting that differences within class members' individual immigration cases "are simply insufficient to defeat the propriety of class certification"). The classes certified in those cases all contained

PLTFS' SUPP. RESP. ISO CLASS CERT.- 6
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

differences at least as significant, if not more so, than those in the proposed Class here. *See* Dkt. 241 at 8-9; Dkt. 230 at 10.

*Third*, to the extent that differences within the Tentative Class may affect the merits of Plaintiffs' claims, this Court has addressed that concern by limiting the Main Class to those potentially eligible for relief, and by tentatively certifying several Subclasses to account for all other potentially-relevant nuances. Dkt. 266 at 2. Defendants' conclusory claim that certain factors may "interact to change the *Mathews* analysis," Dkt. 275 at 7, presumes that they are right on the merits, even though they lost the bases for that argument on their motion to dismiss. Simply put, Defendants have not identified any ways in which the Court has failed to take these potential interactions into account through its subclassing proposal.

## II. Defendants' Recycled Adequacy and Typicality Arguments do not Justify Rejecting the Tentative Class and Subclasses.

Defendants' attacks on the adequacy and typicality of the Named Plaintiffs are similarly repetitive and unpersuasive. Plaintiffs have identified Named Plaintiffs who can serve as adequate and typical representatives of the Tentative Class and Subclasses 1, 2a, 3, and 4. Dkt. 271 at 3, 5-8. The only exception is Subclass 2b, but Plaintiffs have already sought discovery seeking to identify such a child. And in any event, the parties apparently agree that neither Subclass 2a nor Subclass 2b need be certified. *See supra*, Section I.B.

Defendants nonetheless claim that *no* Plaintiff could be typical of the Main Class, suggesting that a representative must have the *exact same* demographic characteristics as all other class members. *See* Dkt. 275 at 8. Representative Plaintiffs include children in each category Defendants highlight,[3] but under Defendants' theory that is insufficient: apparently no child could *ever* represent the Tentative Class because no representative will ever be the same

---

[3] Plaintiffs M.R.J. is 2 years old, Plaintiff F.L.B. is now 17 years old, and there are seven other Plaintiffs in a range of ages in between. *See also* Dkt. 271 at 5 (listing other Plaintiff representatives under 14 years old). Plaintiffs A.F.M.J., L.J.M., and M.R.J. are "accompanied" in that they are in proceedings with a parent, while Plaintiffs F.L.B. and E.G.C. are living without a parent or legal guardian. *Id*. at 7, 8. Other Plaintiffs, including A.E.G.E. and K.N.S.M., live with a parent.

PLTFS' SUPP. RESP. ISO CLASS CERT.- 7
Case No. 2:14-cv-01026-TSZ

age as *all* other class members.

Unsurprisingly, courts have rejected this argument, repeatedly certifying classes of children regardless of the particular age of any given child. *See*, *e.g.*, *Perez-Funez v. District Director, INS*, 611 F. Supp. 990, 994, 997-8 (C.D. Cal. 1984) (finding plaintiffs typical and adequate representatives for class of individuals "who claim to be under eighteen years of age"); *Doe v. Los Angeles Unified Sch. Dist.*, 48 F. Supp. 2d 1233, 1235, 1245-46 (C.D. Cal. 1999) (same, for class of "public school children").

Rather than focusing on irrelevant factual distinctions, courts have focused on the fact that plaintiffs all share a common and typical injury: here, that as a result of the Government's failure to provide legal representation to children, they are all deprived of full and fair hearings to determine whether they may remain in this country. *See also supra* Section I.C; *Rodriguez*, 591 F.3d at 1124 ("The particular characteristics of the Petitioner or any individual detainee will not impact the resolution of th[e] general statutory question and, therefore, cannot render Petitioner's claim atypical."); *Walters*, 145 F.3d at 1046 (rejecting the Government's attempt to "erroneously emphasize factual differences" while challenging class representatives' adequacy, and explaining that "differences ha[d] no bearing on the class representatives' abilities to pursue the class claims vigorously and represent the interests of the absentee class members").

With respect to Subclass 1, Defendants claim that even the Named Plaintiffs who are younger than 14 years old could not be typical or adequate representatives unless they represent each possible "permutation[] of dispositive characteristics" envisioned by Defendants. Dkt. 275 at 9. But this argument is foreclosed by controlling Ninth Circuit law, which provides the representatives' claims need only be "'typical' of the class, not . . . identically positioned to each other or to every class member." *Parsons*, 754 F.3d at 686; *see also Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1342 (W.D. Wash. 1998) ("When it is alleged that the same unlawful conduct was directed at . . . both the named plaintiff and the class . . . , the typicality requirement is usually satisfied, *irrespective of varying fact patterns which underlie*

PLTFS' SUPP. RESP. ISO CLASS CERT.- 8
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

*individual claims*.") (emphasis added).

Moreover, this Court has already made clear that the differences among members of Subclass 1 that Defendants point to – such as the presence of family members in the United States or whether the child has "entered" the United States – are not relevant, *see* Dkt. 264 at 8-19. But even if these distinctions *were* relevant, Subclass 1 includes suitable representatives for the permutations that Defendants describe. E.G.C. is a child without any parents in the United States, while K.N.S.M. and A.E.G.E. live with their parents but are in proceedings on their own, and A.F.M.J., L.J.M. and M.R.J. are in proceedings with a parent. Similarly, K.N.S.M. entered the United States without inspection, while A.E.G.E., E.G.C., A.F.M.J., L.M.J. and M.R.J. are deemed arriving.

Defendants' remaining criticisms of the adequacy of the representatives were addressed in Plaintiffs prior supplemental brief. *See* Dkt. 271. There, Plaintiffs "sorted" individuals by admission status and charge under Subclasses 2a and 2b, *see* Dkt. 271 at 6-7, and the parties agree that all Named Plaintiffs fall within Subclass 2a. *Id*.; *see also* Dkt. 275 at 9.

Similarly, Plaintiffs have identified multiple representatives of the "unaccompanied" Subclass 3. Dkt. 271 at 7-8. Defendants incorrectly claim that there are no representatives of this Subclass, because all Plaintiffs "reside with family in the United States who can assist them" Dkt. 275 at 9.[4] This is doubly wrong. Defendants' argument ignores the Government's own view of who qualifies as an "unaccompanied alien child" pursuant to 6 U.S.C. 279(g)(2). Dkt. 266 at 2. Moreover, it is factually incorrect because Plaintiff E.G.C. is not living with a parent, and F.L.B. is not living with *any* family. They would therefore be adequate representatives even under Defendants' cramped reading of Subclass 3. Dkt. 271 at 8.

---

[4] Contrary to Defendants' assertion, Dkt. 275 at 9, that a family member can respond to the IJ's questions does not demonstrate that the child received a full and fair hearing. Rather, the child respondents *themselves* in removal proceedings must have the capacity to identify forms of relief, marshal evidence, present arguments, cross-examine witnesses, and counter the prosecution's adversarial arguments. This Court has already rejected Defendants' arguments that a parent, even in consolidated proceedings, may serve as a "proper 'representative.'" Dkt. 264 at 16-19. It follows that a parent, grandmother, or school teacher who is *not* in consolidated removal proceedings is even less able fill that role. *Id.*.

PLTFS' SUPP. RESP. ISO CLASS CERT.- 9
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

For these reasons, the Plaintiffs are typical and adequate representatives of the Main Class and Subclasses 1, 2a, 3, and 4.

### III. Plaintiffs' Proposed Notice Procedures are Critical to Protecting the Class Members' Rights, and Would not Unduly Burden Defendants.

Defendants wrongly contend that notice is unnecessary because it is not "'necessary to provide Class members an opportunity to signify whether representation by named plaintiffs is fair and adequate or to intervene to present additional claims or to otherwise come into the action.'" Dkt. 275 at 10 (quoting *Elliot v. Weisenberger*, 564 F.2d 1219, 1229 (9th Cir. 1977), *rev'd in part on other grounds by Califano v. Yamasaki*, 442 U.S. 682 (1979)). *Elliot* did not purport to provide an exhaustive list of conditions for when notice is appropriate, and Defendants ignore a separate critical purpose found in Rule 23 itself, which provides that "[n]otice is available fundamentally for the *protection of members of the class* or otherwise for the fair conduct of the action." Fed. R. Civ. P. 23 cmt. subd. (d)(2) (citations and internal quotation marks omitted) (emphasis added).

In a case postdating *Elliot*, the Ninth Circuit approved the provision of notice to noncitizen class members who faced the potential harm of unlawful deportation – precisely what is at stake here. *See Barahona-Gomez v. Reno*, 167 F.3d 1228, 1236 (9th Cir. 2000) (requiring Government to provide classwide notice in order to "prevent the irreparable harm of an erroneous deportation"). Although notice can also be "designed to permit each member of the class to determine whether he wishes to be individually represented for the protection of his interests," "the power granted under Rule 23 is broad enough to permit the Court to take other action to protect the class, particularly where . . . failure to act prior to the resolution of the entire dispute may irreparably harm . . . members of the class." *Knight v. Bd. of Ed. of City of New York*, 48 F.R.D. 108, 112-13 (E.D.N.Y. 1969) (holding notice required in a 23(b)(2) action implicating the due process interests of juveniles).

Here, unlike in *Elliot* (which involved a purely monetary deprivation), each of the child

PLTFS' SUPP. RESP. ISO CLASS CERT.- 10
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

Class members faces potentially irrevocable harm in the form of unlawful removal to countries where they face grave risks. Under Rule 23's text and *Barahona-Gomez*, individual notice is plainly necessary to avert the potentially irreparable harm that the child Class members would otherwise face. Also, Defendants cannot show that individualized notice would be "unduly burdensome," Dkt. 275 at 12, particularly in light of the modest and simple notice procedures that Plaintiffs have proposed. Dkt. 271 at 11-12. Because IJs regularly encounter Class members, it would be a simple matter for them to give oral and written notice of Class membership, and to hand out short letters notifying the Class of how to obtain more information about this case. *See Barahona-Gomez,* 167 F.3d at 1237 ("no real burden" to government where notification occurs in normal course of activity). It would be similarly straightforward for Defendants to notify Plaintiffs each time a class member is ordered deported, particularly given that IJs are apparently required to record each time this occurs.[5] *Cf. Barnes v. United States*, 72 Fed. Cl. 6, 9 (2006) (directing Government to identify class members because they were in "sole possession of the relevant . . . records").

Defendants' alternative proposal – that children be provided notice via a written announcement posted in immigration courts throughout the Ninth Circuit – is insufficient to vindicate the important rights at stake in this case. This would result in haphazard notice, reaching only the few who have the education, capacity, and fortune to approach and read a piece of paper on a wall in the courthouse.

---

[5] Defendants argue that the class definition "should include only individuals in removal proceedings after the date of the class certification order." Dkt. 275 at 11 n.4. This cannot be reconciled with the history of this litigation, as Plaintiffs put Defendants on notice nearly two years ago that they would seek relief for all individuals in proceedings as of the date this case was filed. *See* Dkt. 2, Dkt. 92 at 2 (explaining that the question of "whether children have a right to reopen their removal cases because they were unrepresented" "ha[s] been part of the case since its inception"). In addition, this Court's decisions not to dismiss the claims of J.E.V.G. and M.A.M. on mootness grounds after those Plaintiffs had turned 18 years old and/or obtained legal representation presume that relief can be granted to children even after they have fallen out of the class. *See* Dkt. 264 at 4-5; Dkt. 174 at 5-6. Even if the Court is ultimately not inclined to appoint them counsel, these children should still be notified of the pending litigation, so that, at a minimum, they can seek reconsideration of removal orders issued since July 9, 2014 on this basis. Defendants should therefore be ordered to provide notice to children ordered removed if they were in proceedings at any point on or after July 9, 2014.

PLTFS' SUPP. RESP. ISO CLASS CERT.- 11
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

Defendants next speculate that individually notifying Class members could "paralyze swaths of the immigration dockets," by, for example, encouraging children to "move for continuances" while awaiting the outcome of this litigation. Dkt. 275 at 12. That individual notification could prompt children to take steps to protect their due process rights is an argument in *favor* of notice, not against it. *Cf. Walters v. Reno*, 145 F.3d 1032, 1047, 1050 (9th Cir. 1998) (upholding order "requir[ing] the INS to implement a thorough notice and publicity campaign" directed at potential class members in deportation proceedings, even though this would undermine efficiency of immigration court proceedings).[6]

The Court should therefore order Defendants to provide individualized notice to all Class members.

**CONCLUSION**

For the foregoing reasons, the Court should certify the Tentative Class and Subclasses, with the exceptions of Subclasses 2a and 2b, and with the modifications Plaintiffs proposed in Dkt. 271. The Court should also direct Defendants to provide notice to the Class as Plaintiffs set forth in Dkt. 271.

DATED this 20th day of May, 2016.

                                        ACLU IMMIGRANTS' RIGHTS PROJECT
                                        ACLU OF SOUTHERN CALIFORNIA

                                        By  s/ Ahilan T. Arulanantham
                                        Ahilan T. Arulanantham (*pro hac vice*)
                                        1313 West 8th Street
                                        Los Angeles, CA 90017
                                        (213) 977-5211
                                        (213) 977-5297 (fax)
                                        Email:  aarulanantham@aclusocal.org

---

[6] *Royster v. McGinnis*, 332 F. Supp. 973, 981 (S.D.N.Y. 1971), and *Johnson v. City of Baton Rouge, La.*, 50 F.R.D. 295, 302 (E.D. La. 1970), are readily distinguishable, because neither involved the type of *irreparable* harm present in this case.

PLTFS' SUPP. RESP. ISO CLASS CERT.- 12
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

NORTHWEST IMMIGRANT RIGHTS PROJECT

By  s/ Matt Adams
Matt Adams, WSBA No. 28287
Glenda M. Aldana Madrid, WSBA 46987
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
Email: matt@nwirp.org
       glenda@nwirp.org

Theodore J. Angelis, WSBA # 30300
Todd Nunn, WSBA # 23267
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: theo.angelis@klgates.com
       todd.nunn@klgates.com

Cecillia Wang, (*pro hac vice*)
Stephen Kang, (*pro hac vice*)
ACLU IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
(415) 343-0950 (fax)
Email: cwang@aclu.org
       skang@aclu.org

Carmen Iguina, (*pro hac vice*)
ACLU OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 417-2211 (fax)
Email: ciguina@aclusocal.org

Kristen Jackson, (*pro hac vice*)
Talia Inlender, (*pro hac vice*)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 385-2977
(213) 385-9089 (fax)
Email: kjackson@publiccounsel.org
       tinlender@publiccounsel.org

PLTFS' SUPP. RESP. ISO CLASS CERT.- 13
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

Margaret Chen, WSBA No. 46156
ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184
Email: mchen@aclu-wa.org,

Kristin Macleod-Ball, (*pro hac vice*)
Melissa Crow, (*pro hac vice)*
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7500
(202) 742-5619 (fax)
Email: kmacleod-ball@immcouncil.org
mcrow@immcouncil.org

Attorneys for Plaintiffs-Petitioners

PLTFS' SUPP. RESP. ISO CLASS CERT.- 14
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX

1 CERTIFICATE OF ECF FILING AND SERVICE

2     I certify that on May 20, 2016, I arranged for electronic filing of the foregoing

3 document with the Clerk of the Court using the CM/ECF system, which will send notification

4 of such filing to all parties of record:

5                                                       s/ Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 977-5297 (fax)
Email: aarulanantham@aclusocal.org

Counsel for Plaintiffs-Petitoners

PLTFS' SUPP. RESP. ISO CLASS CERT.- 15
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
(213) 977-5211 PHONE
(213) 977-5297 FAX