Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin, et al.,<br><br>                Plaintiffs-Petitioners,<br><br>    v.<br><br>Loretta E. LYNCH, Attorney General, United States, et al.,<br><br>                Defendants-Respondents. | Case No. 2:14-cv-01026-TSZ<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO TAKE TWENTY ADDITIONAL DEPOSITIONS |

PLS.' OPP. TO MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## INTRODUCTION

Defendants seek this Court's permission to take 20 additional depositions, on top of the 10 which Defendants are allotted. However, at the time they filed the motion they had taken only four depositions, and by the end of the day they will have taken seven. They have not requested to take the deposition of any given individual beyond the 10 they are allotted. As such, it should be obvious that this motion fails both because it lacks the requisite specificity and because it is premature.

Federal Rule of Civil Procedure 30(a)(2) only permits courts to grant leave to take additional depositions where they would be "consistent with Rule 26(b)(1) and (2)." Thus, each deposition beyond the tenth must not only be "relevant to any party's claim or defense," but also "proportional to the needs of the case," Fed. R. Civ. Pr. 26(b)(1). In addition, it must not be "unreasonably cumulative or duplicative," and Defendants must show that the information sought cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive," and the party seeking it must not have already "had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. Pr. 26(b)(2)(C). Defendants have failed to meet these requirements for three reasons.

First, Defendants do not attempt to make a particularized showing that any specific additional deposition is needed. Indeed, they have failed to inform the Court precisely which 20 individuals they would depose if their motion were granted. Their "count" of depositions in the meet and confer process simply referred to every person – including three children under five – who had been identified as a declarant, potential witness, Plaintiff, or Next Friend in the case. Second, Defendants failed to exhaust their allotted 10 depositions before seeking permission to take 20 more; as a result the Court cannot adequately judge if the additional depositions are necessary. Finally, Defendants' motion suggests that several of the additional depositions they seek would be irrelevant, duplicative, and available by less burdensome means.

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 1
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## BACKGROUND

Despite Defendants' lengthy and flawed account of the relevant procedural history, only two sets of procedural facts are relevant for purposes of this motion. First, virtually all of the individuals whom Defendants wish to depose have been known to Defendants for over six months, and in most cases for over a year. The vast majority of the declarants who Defendants suggest they may wish to depose, *see* Dkt. 283 at 5, submitted their declarations during or before April 2015. *See* Dkt. 30-35, 57-64, 99-103, 119-22. Plaintiffs submitted their expert witness reports by December 2015 (because, unlike Defendants, they complied with the Court's disclosure deadline). Dkt. 212. And every Named Plaintiff and Next Friend was joined to this case between July 9, 2014 and December 1, 2015. Dkt. 203 (granting Plaintiffs' motion for leave to amend, Dkt. 190, which was filed on October 16, 2015).

Second, Defendants *still* have not taken ten depositions, and have not even requested to take by stipulation an eleventh deposition. *See* Rule 30(a)(2)(A).

## ARGUMENT

### I. Defendants Have Not Made a Particularized Showing That Additional Depositions Are Needed Because They Have Failed to Identify Potential Deponents and Explain Why They Must Be Deposed.

This Court has recognized that "[a] party seeking to exceed the presumptive [10 deposition] limit bears the burden of making a 'particularized showing' of the need for additional depositions." *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (quotation omitted); *see also Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999). Here, such an individualized analysis is impossible, because Defendants failed to identify which 20 individuals they would depose were the Court to grant their motion.

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 2
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Both in the meet and confer process and in their motion, Defendants made no attempt to comply with the "particularized showing" requirement. Defendants suggest that they seek to depose some combination of at least nine Named Plaintiffs, their Next Friends, more than 20 individuals who have submitted declarations in support of Plaintiffs' filings,[1] and Plaintiffs' three expert witnesses. *See* Dkt. 283 at 4-5, 6. But Defendants fail to identify which individuals in those groups they would depose; in fact, the motion fails even to expressly limit the additional 20 depositions Defendants seek to individuals from those broad categories. As a result, in place of specific reasons that a particular deposition is necessary, Defendants provide only generalities about the groups of potential deponents. *See*, *e.g.*, Dkt. 283 at 5 (seeking to "probe . . . the assertions" of "more than twenty individuals attesting to the availability of legal counsel for children in removal proceedings, personal observations regarding Immigration Court proceedings, and purported harm that resulted when children did not have counsel in removal proceedings"). Thus, the motion provides the Court with no way to assess whether any particular proposed deponent merits leave to expand the presumptive deposition limit. *Cf. Whittingham v. Amherst College,* 163 F.R.D. 170, 171 (D. Mass. 1995) (holding that a party's "failure to indicate the number and/or names of the additional depositions sought makes it difficult for the Court to measure the appropriateness of [the] motion"); *Thykkuttathil*, 294 F.R.D. at 603 (granting leave to take seven additional depositions where a party "provided an account of the identity of the additional witnesses to be deposed and the information sought

---

[1] In other recent pleadings, Defendants instead stated that they might need to depose "the six individuals (located within the Ninth Circuit) whom Plaintiffs have either identified in their initial disclosures or who have offered declarations in this case," rather than the more than 20 individuals noted here. Dkt. 269 at 5. Even if true – and again Defendants have not explained why they require additional depositions for those six under Rule 26 and 30 standards – this would justify six additional depositions rather than 20.

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 3
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

from each of them"); *Franco-Gonzalez v. Holder*, No. CV 10-2211-DMG (DTBx), 2013 U.S. Dist. LEXIS 186499, *31 (C.D. Cal. May 3, 2013) (finding that Plaintiffs had "made a particularized showing as to why" only 9 out of 20 proposed additional depositions were necessary after "review[ing] plaintiffs' list of proposed deponents").

Defendants suggest that any individual in their proposed categories of additional deponents would be appropriate because they "are all potential trial witnesses." Dkt. 283 at 6. But courts have repeatedly found that the parties do not make a sufficient showing that additional depositions are necessary simply by indicating that there are more than 10 potential trial witnesses. *See*, *e.g.*, *Dominguez v. Schwarzenegger*, 23 Am. Disabilities Cas. (BNA) 1156, *26-27 (N.D. Cal. 2010) ("[I]t is neither possible nor necessary for every . . . potential witness to be deposed in advance. That a party may 'have to face trial witnesses and declarants without having first deposed them does not amount to a particularized showing [for exceeding the limitation on the number of depositions] as contemplated by the FRCP.'") (*quoting Finazzo v. Hawaiian Airlines*, 2007 U.S. Dist. LEXIS 34606, *10 (D. Haw. May 10, 2007)); *Martensen v. Koch*, 2013 U.S. Dist. LEXIS 86416, *3 (N.D. Cal. Jun. 9, 2013) ("Merely asserting that there are 40 identified percipient witness[es] is insufficient since '[t]he number of potential witnesses does not justify deposing every one.'") (*quoting Morrow v. Leo Burnett Inc. (In re At Home Corp.*), 2005 U.S. Dist. LEXIS 43437, *9 (N.D. Cal. Feb. 4, 2005); *Lloyd v. Valley Forge Life Ins. Co.*, 2007 U.S. Dist. LEXIS 40526, *7 (W.D. Wash. 2007) ("The number of potential witnesses does not justify deposing every one.").

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 4
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Without a particularized showing that 20 additional, specific depositions are necessary – which is wholly absent from their motion – Defendants fail to meet their burden. On this basis alone, their motion should be denied.

**II.    Defendants' Motion Is Premature Because They Failed to Exhaust Their Initial 10 Depositions.**

Defendants' motion also must be denied because they have yet to take ten depositions, and have not requested Plaintiffs' position on a request to take any particular deposition beyond the ten available as of right under Rule 30. *See* Rule 30(a)(2)(A) (permitting depositions beyond the limit by stipulation, without order of court). As Defendants acknowledge, "[p]arties should ordinarily exhaust their allowed number of depositions before making a request for additional." *Thykkuttathil*, 294 F.R.D. at 603; *see also Lloyd*, 2007 U.S. Dist. LEXIS 40526 at *6 ("Parties are *required* to exhaust less expensive and burdensome means of discovery before resorting to a request for relief from Rule 30's restrictions.") (emphasis added). In this case, Defendants still have neither taken ten depositions nor sought to exceed the ten deposition limit with a specific deposition within the time permitted for discovery. Their motion is therefore premature.

The failure to exhaust their ten depositions prior to seeking more constitutes more than a mere procedural misstep. Courts must look to the depositions conducted by a party as of right before seeking leave to take additional depositions when determining whether additional depositions would be consistent with Rule 26. Courts must consider, for example, whether a given deposition will be duplicative of information obtained via other discovery or discoverable through other less burdensome means, *see infra* Section III. The Court cannot

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 5
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

conduct such analysis when the content of the initial 10 depositions remains unknown. As another district court recently explained:

> It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved. Parties must also take into account the standard ten deposition limit in making that assessment. Only after that process is finished will the parties truly appreciate whether additional discovery . . . will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A).

*Osborne v. Billings Clinic*, 2015 U.S. Dist. LEXIS 3316, *7-*8 (D. Mont. Jan. 12, 2015); *see also Archer Daniels Midland Co*, 187 F.R.D. at 586 (a party "should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others."). Because Defendants have thus far failed to take their 10 allotted depositions, the Court lacks the information necessary to assess whether the request for 20 more depositions is necessary.

Nor can the Court excuse this basic exhaustion requirement due to the impending close of discovery. On the contrary, where, as here, Defendants engaged in a pattern of delay in discovery practice before this Court, it would be particularly inappropriate to allow a blanket increase in the deposition limit. *See* Dkt. 279, 2-5. Defendants focus only on their last-minute efforts to notice their first ten depositions and their attempts to obtain a stipulation for more. However, their concern about the timing rings hollow given their failure to notice depositions—or, indeed, seek any discovery—until late November 2015, *id.* at 3, although they surely have been aware of "[t]he significant and far-reaching nature of this case," Dkt. 283 at 5, since it was filed nearly two years ago.

Thus, the Court should dismiss Defendants' motion.

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 6
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### III. Defendants Failed to Demonstrate that Permitting Additional Depositions Would Be Necessary and Proportional under FRCP 26(b)(1) and (2)

In order to merit 20 additional depositions, Defendants' request for additional discovery would have to be "consistent with Rule 26(b)(1) and (2)," *see* Fed. R. Civ. P. 30(a)(2). It is both premature and difficult to conduct any proportionality assessment at this stage, where Defendants have not specified any particular potential deponent as part of their blanket request, but to the extent one can analyze the factors laid out in Rule 26 at a more general level, they counsel *against* granting Defendants' motion. Defendants fail to establish that all of their requested depositions are "relevant to any party's claim or defense and proportional to the needs of the case," as required by FRCP 26(b)(1). Furthermore, contrary to Rule 26(b)(2)(C), the additional depositions would be "unreasonably cumulative or duplicative" and could be "obtained from some other source that is more convenient, less burdensome, or less expensive," and Defendants have already "had ample opportunity to obtain the information" that they seek.

First, Defendants failed to establish either that each additional deponent would provide relevant information or that taking all of the additional depositions would be proportional to needs of the case. For example, as to the Named Plaintiffs and Next Friends, Defendants never explain why they have to depose each Named Plaintiff and Next Friend given that Plaintiffs' claims focus on the characteristics of children generally, rather than any particular child. *Cf.* Transcript of March 24, 2016 Hearing at 118:14-123:3 (Named Plaintiffs did not put their individual mental competence at issue by claiming that they are entitled to but cannot afford an attorney).

Even if one accepts that deposing individual Plaintiffs or Next Friends would be proportionate under Rule 26, Defendants state that they are only "entitled to obtain testimony of" a plaintiff "in his or her own words" if the child is twelve or older, and that testimony regarding younger children should be provided by their Next Friends. Yet Defendants appear to

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 7
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

suggest that this Court nonetheless should permit them to take depositions of each Named Plaintiff *and* each Next Friend. *See* Dkt. 283 at 5, 6 n.1; Dkt. 283-8 at 13 (seeking to depose "Named Plaintiffs, and/or their Next Friends"). Defendants apparently do not believe that depositions of the youngest Named Plaintiffs would be relevant, but they are still included among the potential additional deponents.[2]

Similarly, although Defendants suggest that the declarants whom they already deposed did not provide relevant information because the declarants spoke about "their observations of Immigration Court proceedings in the geographic areas in which they practice," outside of the Ninth Circuit, Dkt. 283. at 5, Defendants nonetheless seek the authorization to depose *any* of the more than 20 other declarants put forward in the case, several of whom are also not within the Ninth Circuit. *See*, *e.g.*, Dkt. 58 (describing immigration proceedings in Dallas, TX); Dkt. 99 (describing immigration proceedings in Atlanta, GA).

Defendants also overstate the need for individual Plaintiff depositions by misstating the topics that "[e]ach and every Plaintiff . . . has placed at issue." Dkt. 283 at 4. For example, Defendants state that Plaintiffs have put at issue "the availability of a competent adult or support network to assist the Plaintiff and represent him or her in removal proceedings" and "the adequacy of procedural safeguards." But, in fact, Plaintiffs have repeatedly argued that children are entitled to counsel as a matter of law *regardless* of whether they are in the company of a parent or other adult, and this Court has agreed insofar as it has declined to dismiss such children on that basis. *See*, *e.g.*, Dkt. 239 at 11-14; Dkt. 264 at 16-19; *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Similarly, Plaintiffs have focused on the insufficiency of Defendants' *uniform* safeguards that cannot replace counsel as a matter of law. *See*, *e.g.*, Dkt. 207 ¶¶ 39-55, 130. And even where those safeguards have been assessed on

---

[2] It is notable that Defendants apparently maintain that children under 12 can represent themselves even though, in Defendants' assessment, they are too young to be subjected to deposition.

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 8
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

their facts, that assessment has been done primarily by Plaintiffs' expert, whom Defendants have already scheduled for deposition. *See*, *e.g.*, Dkt. 230 at 16 (citing Dkt. 212, Ex. 2, Report of David Thronson as evidence of the "numerous reasons for why immigration proceedings are too complex for children to navigate alone"); Dkt. 239 at 11, 13 (citing Dkt. 212, Ex. 2); Dkt. 241 at 6 (same). Similarly, although Defendants claim that Plaintiffs have put at issue "prejudice[] to any Plaintiff in his or her removal proceeding" as a result of lack of representation, Plaintiffs argue the opposite: that denial of access to counsel is per se prejudice and a violation of due process under binding Ninth Circuit case law. Dkt. 239 at 17-18 (citing *Montes-Lopez v. Holder*, 694 F.3d 1085, 1086 (9th Cir. 2012)). Thus, Defendants have not shown that 20 additional depositions would lead to relevant information or be proportional to the needs of the case.

Defendants also have not shown that additional depositions would be appropriate under Fed. R. Civ. Pr. 26(b)(2)(C)(i), which requires the Court to limit discovery which is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See also Finazzo,* 2007 U.S. Dist. LEXIS 34660, *10-11 ("[I]t is apparent that the depositions sought are cumulative and duplicative. Plaintiff seeks to depose several of the individuals listed for the same or similar information. Moreover, Plaintiff has not presented any evidence demonstrating that she exhausted less expensive and burdensome means of discovery before resorting to a request for relief from the Court."). As discussed *supra* Section II, Defendants have not completed their first 10 depositions, making it impossible to fully determine whether the information they seek in additional depositions will or will not be duplicative. *Lloyd*, 2007 U.S. Dist. LEXIS 40526, *6 (finding that party who had taken only two depositions can "only speculate as to what the other eight depositions they are permitted to take by rule will reveal"). Regardless, there is obvious duplication even based on their existing description of the additional 20 depositions

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 9
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

they seek. Defendants seek to depose both Named Plaintiffs and Next Friends regarding the facts of the Plaintiffs' cases, which would obviously be redundant. Defendants also seek to address observations about immigration court proceedings from multiple witnesses – which is both redundant and duplicative of information in Defendants' own possession, as they have far more extensive records of what occurs in immigration court proceedings than do Plaintiffs. Similarly, there is no need to depose witnesses about the availability of counsel in immigration proceedings because Defendants possess comprehensive information on that subject. And while Defendants *state* that they cannot obtain the information they seek through written discovery requests, they have given no reasoned explanation for why that would be the case. *See* Dkt. 283-8 at 13 (providing no explanation for why most of the information they seek "can only meaningfully be obtained through live testimony").

## CONCLUSION

For the reasons stated, Defendants' motion to take twenty additional depositions should be denied.

DATED this 23rd day of May, 2016.

K&L GATES LLP

By  s/ Theodore J. Angelis
    Theodore J. Angelis, WSBA # 30300
    Todd Nunn, WSBA # 23267
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022
Email: theo.angelis@klgates.com
      todd.nunn@klgates.com

ACLU IMMIGRANTS' RIGHTS PROJECT
ACLU OF SOUTHERN CALIFORNIA

By  s/ Ahilan Arulanantham
    Ahilan Arulanantham (*pro hac vice*)
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 10
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(213) 417-2211 (fax)
aarulanantham@aclusocal.org

Matt Adams, WSBA No. 28287
Glenda M. Aldana Madrid, WSBA 46987
NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
Email: matt@nwirp.org
　　　　glenda@nwirp.org

Cecillia Wang (*pro hac vice*)
Stephen Kang (*pro hac vice*)
ACLU IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
(415) 343-0950 (fax)
cwang@aclu.org
skang@aclu.org

Carmen Iguina (*pro hac vice*)
ACLU OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211
(213) 417-2211 (fax)
ciguina@aclusocal.org

Kristen Jackson (*pro hac vice*)
Talia Inlender (*pro hac vice*)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 385-2977
(213) 385-9089 (fax)
kjackson@publiccounsel.org
tinlender@publiccounsel.org

Margaret Chen, WSBA No. 46156
ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184
mchen@aclu-wa.org

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 11
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Kristin Macleod-Ball (*pro hac vice*)
Melissa Crow (*pro hac vice*)
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7500
(202) 742-5619 (fax)
kmacleod-ball@immcouncil.org
mcrow@immcouncil.org

Attorneys for Plaintiffs-Petitioners

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 12
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

| | |
|---|---|
| 1 | CERTIFICATE OF ECF FILING AND SERVICE |
| 2 | |
| 3 | I certify that on May 23, 2016, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record. |
| 4 | |

s/ Theodore J. Angelis
Theodore J. Angelis, WSBA # 30300
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: theo.angelis@klgates.com

PLS.' OPP. TO DFS.' MOT. TO TAKE TWENTY
ADDITIONAL DEPOSITIONS - 13
Case No. 2:14-cv-01026-TSZ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022