UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F.L.B., et al.,

        Plaintiffs,

  v.

LORETTA E. LYNCH, et al.,

        Defendants.

C14-1026 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion to compel discovery, docket no. 281, is GRANTED in part and DENIED in part, as follows.

    (a) With respect to Interrogatory No. 4, seeking the identity of the persons who enrolled plaintiffs M.A.M., E.G.C., and A.F.M.J., respectively, in school, plaintiffs are DIRECTED to provide the name of the person who enrolled each of them in their current school and the nature of their relationship with such person. If plaintiffs do not themselves know such information, they shall conduct a reasonable inquiry to supply an accurate response.

    (b) With respect to Interrogatory No. 5, seeking the address of each residence occupied by plaintiffs M.A.M., J.E.V.G., A.F.M.J., J.R.A.P., and K.N.S.M. since birth, and with respect to Interrogatory No. 4, seeking the same information concerning plaintiffs L.J.M. and M.R.J., plaintiffs are DIRECTED to provide the address of each residence occupied by plaintiffs since their admission or parole into the United States, the dates during which they lived at each location, and the identities of other persons who resided with them at each location.

MINUTE ORDER - 1

(c) With respect to Interrogatory No. 7, seeking the identity of every family member residing within fifty (50) miles of plaintiffs M.A.M., J.E.V.G., A.F.M.J., J.R.A.P., and K.N.S.M., and with respect to Interrogatory No. 6, seeking the same information concerning plaintiffs L.J.M. and M.R.J., plaintiffs are each DIRECTED to provide the identity of any family member residing within fifty (50) miles who has a legal obligation to financially support such plaintiff.

(d) With respect to Interrogatory No. 9, seeking information about the employers and wages over the past five (5) years of the parents of plaintiffs M.A.M., J.E.V.G., E.G.C., A.F.M.J., J.R.A.P., and K.N.S.M., and with respect to Interrogatory No. 8, seeking the same information concerning plaintiffs L.J.M. and M.R.J., plaintiffs are each DIRECTED to provide the identity of the current employer of any person who has a legal obligation to financially support such plaintiff and the amount of such person's monthly gross wages.

(e) With respect to Interrogatory No. 12, seeking information about the taxable and non-taxable income and public benefits received during the past five (5) years by the households in which plaintiffs M.A.M. and J.E.V.G. resided, and with respect to Interrogatory No. 11, seeking the same information concerning plaintiffs E.G.C., A.F.M.J., J.R.A.P., and K.N.S.M., and Interrogatory No. 10, seeking the same information concerning plaintiffs L.J.M. and M.R.J., plaintiffs are each DIRECTED to provide the amount of taxable and non-taxable income and public benefits received during the calendar year 2015 by such plaintiff and/or any person who has a legal obligation to financially support such plaintiff.

(f) With respect to Interrogatory No. 13 directed to plaintiffs E.G.C. and K.N.S.M., asking when they learned of their statutory right to counsel and what efforts they have made to retain counsel to represent them in immigration proceedings, defendants' motion to compel is DENIED. To the extent plaintiffs were informed during the course of removal proceedings about their statutory right to counsel, defendants have access to the record, and the Court declines to require plaintiffs to consult with parents, next friends, or attorneys in order to supplement their response that they do not understand the term "statutory right to counsel."

(g) With respect to Interrogatory No. 16 directed to plaintiff J.R.A.P., inquiring about gang affiliations and/or political, religious, military, labor union, student, or other group memberships in Honduras, counsel for plaintiff J.R.A.P. is DIRECTED to make reasonable inquiry of J.R.A.P.'s mother, nearby aunt and uncle, maternal grandfather, and next friend K.P. in order to obtain more details, if available, (*e.g.*, approximate dates, the name of the gang to which J.R.A.P.'s father belonged) to supplement the allegations of Paragraphs 120 and 121 of the Third Amended Complaint, docket no. 207.

MINUTE ORDER - 2

(h) With respect to Request for Production ("RFP") No. 3 directed to plaintiff J.E.V.G., requesting documents related to attempts to obtain counsel for immigration proceedings, plaintiff J.E.V.G. is DIRECTED to produce a copy of his attorney's retainer letter,[1] which may be redacted to protect attorney-client privileged material, so long as the redactions are appropriately identified on a privilege log.

(i) With respect to Request for Production No. 15 directed to plaintiffs M.A.M. and J.E.V.G., and Request for Production No. 10 directed to plaintiffs E.G.C., A.F.M.J., L.J.M., M.R.J., J.R.A.P., and K.N.S.M., requesting "any and all records" relating to health insurance coverage, plaintiffs are each DIRECTED to produce a copy of any current insurance card that would be shown to a health care provider as proof of insurance for such plaintiff.

(j) With respect to the various Requests for Admission propounded to plaintiffs M.A.M., E.G.C., A.F.M.J., L.J.M., M.R.J., J.R.A.P., and K.N.S.M., the Court declines to require plaintiffs to consult with parents, next friends, or attorneys in order to supplement their responses that they do not understand the legal terms or concepts at issue.

(k) Except as set forth above, defendants' motion to compel discovery is denied. To the extent plaintiffs have not already responded as required above, their disclosures shall be made within fourteen (14) days of the date of this Minute Order.

(2) Defendants' motion for leave to take twenty (20) additional depositions, docket no. 283, is GRANTED in part and DENIED in part, as follows. In addition to the four depositions already taken (Robert O. Holston, Tin Than Nguyen, Jojo Annobil, and Eve Stotland), defendants may depose **either** a named plaintiff **or** such named plaintiff's "next friend," but **not both**, and defendants may depose each of plaintiffs' experts. Expert depositions shall be completed by July 1, 2016, and depositions of lay witnesses shall be completed by July 15, 2016.

(3) Defendants' motion to strike plaintiffs' disclosure of supplemental expert reports and attachments thereto, docket nos. 276, 276-1, and 276-2, is DENIED. Counsel for plaintiffs are REMINDED that disclosures under Rules 26(a)(1) and (2) and discovery

---

[1] Although plaintiffs' counsel has indicated a willingness to "revisit the interrogatory [sic] with plaintiff J.E.V.G. and supplement his response to this interrogatory [sic] if any additional responsive information is available," Iguina Letter at 7, Ex. B to Defs.' Mot. (docket no. 281-3), plaintiff J.E.V.G.'s response to RFP No. 3, docket nos. 244-15 at 7-8 and 247-11 at 7-8, makes clear that the attorney's retainer letter exists but was withheld on attorney-client privilege grounds.

MINUTE ORDER - 3

requests and responses shall not be filed with the Court unless they are being used in the proceedings, for example, as support for a motion or in response to a motion.  *See* Fed. R. Civ. P. 5(d)(1).  Defendants may, if they wish, serve on plaintiffs, within fourteen (14) days of the date of this Minute Order, supplemental expert reports in rebuttal of the supplemental expert reports of Susan B. Long and Laurence Steinberg, docket nos. 276-1 and 276-2, respectively.  No further supplemental expert reports shall be disclosed by either side absent leave of the Court.

(4)     Except as to the deadlines set forth in Paragraphs 1, 2, and 3, above, for responding to previously propounded discovery requests, completing expert and lay witness depositions, and disclosing supplemental expert reports, the Court does not, at this time, continue the deadline for completing discovery or rule on defendants' motion to extend case management deadlines, docket no. 269.

(5)     Oral argument is hereby SET for July 8, 2016, at 9:00 a.m., on plaintiffs' motion for preliminary injunction, docket no. 298, and defendants' motion to extend case management deadlines, docket no. 269.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of June, 2016.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 4