UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>LORETTA E. LYNCH, et al.,<br><br>           Defendants. | C14-1026 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiffs' fourth motion to certify class, docket no. 230.  Having reviewed all papers filed in support of and in opposition to plaintiffs' motion, including the supplemental briefs filed in response to the Minute Orders entered March 10, 2016, docket no. 248, and April 18, 2016, docket no. 266, and having considered the oral arguments of counsel, <u>see</u> Transcript (Mar. 24, 2016) (docket no. 261), the Court hereby CERTIFIES the following Class and Subclass pursuant to Federal Rule of Civil Procedure 23(b)(2):

**Class**: All individuals under the age of eighteen (18) who:

    (1)  are in removal proceedings, as defined in 8 U.S.C. § 1229a, within the boundaries of the Ninth Judicial Circuit, on or after the date of entry of this Order;

    (2)  were not admitted to the United States and are alleged, in such removal proceedings, to be "inadmissible" under 8 U.S.C. § 1182;

ORDER - 1

(3) are without legal representation, meaning (a) an attorney, (b) a law student or law graduate directly supervised by an attorney or an accredited representative, or (c) an accredited representative, all as defined in 8 C.F.R. § 1292.1;

(4) are financially unable to obtain such legal representation; and

(5) are potentially eligible for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), or protection under the Convention Against Torture, or are potentially able to make a colorable claim of United States citizenship.

**Subclass**:  All individuals in the Class who are under the age of fourteen (14).

Specifically excluded from the Class and Subclass are juveniles who (i) qualify as an "applicant for admission" as defined in 8 U.S.C. § 1225(a)(1), (ii) have not been paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5), and (iii) satisfy the other criteria for "expedited removal," *e.g.*, were encountered by an immigration official within 100 air miles of the border and were unable to establish continuous physical presence in the United States during the fourteen-day period prior to such encounter.  *See* <u>Designating Aliens for Expedited Removal</u>, 69 Fed. Reg. 48877-01, 48880 (Aug. 11, 2004).

**Discussion**

In a prior motion for class certification, plaintiffs proposed to certify a class of "[a]ll individuals under the age of eighteen (18) who are in immigration proceedings on or after July 9, 2014, without legal representation in their immigration proceedings and who are financially unable to obtain such representation." Plas.' 3d Mot. at 2 (docket no. 191).  Plaintiffs' earlier motion was denied without prejudice because the proposed class was too expansive to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a).  *See* Order (docket no. 225) (setting forth the applicable

ORDER - 2

standards for certifying a Rule 23(b)(2) class). In their current motion, plaintiffs again ask to certify the same overbroad class. Their renewed request lacks merit for the reasons previously articulated by the Court, but the Court concludes that a more narrow class is appropriate.

Plaintiffs also seek to certify two pairs of subclasses; each pair of subclasses comprises the entire class. <u>See</u> Plas.' 4th Mot. at 1-2 (docket no. 230) (suggesting "entering" and "arriving" subclasses, as well as "accompanied" and "unaccompanied" subclasses). The Court requested additional briefing along similar lines, describing potential subclasses of allegedly "inadmissible" and "deportable" juveniles, as well as a subclass of minors in removal proceedings consolidated with those of a parent or legal guardian and a subclass of unaccompanied alien children. <u>See</u> Minute Order (docket no. 266). Having reviewed the supplemental briefs, the Court is persuaded that such subclasses are unnecessary.

  A. <u>**"Inadmissible" Versus "Deportable"**</u>

For purposes of determining what procedural rights are due to minor aliens under the Fifth Amendment, the Court has acknowledged that a distinction might need to drawn between "non-admitted" and "deportable" individuals. Order at 13-14 (docket no. 264). Plaintiffs, however, concede that no named plaintiff has been admitted to the United States and is alleged, in removal proceedings, to be "deportable" under 8 U.S.C. § 1227. Thus, the named plaintiffs' claims are not typical of the right-to-counsel claims that might be asserted by juvenile aliens who are alleged, in removal proceedings, to be "deportable." The Court therefore declines to certify a subclass of allegedly "deportable"

ORDER - 3

minors, and instead incorporates as part of the class definition that each member must not have been admitted to the United States and must be alleged, in removal proceedings, to be "inadmissible" under 8 U.S.C. § 1182.

### B. Unaccompanied Minors

Defendants contend that the designation of a juvenile as an "unaccompanied alien child" is made at the time he or she is placed into federal custody, see 6 U.S.C. § 279, and it has no relevance to the question of whether, in later removal proceedings, such minor might reside with, be accompanied by, and/or have the assistance of a parent or guardian. Defendants have also represented to the Court that resources have been allocated to provide counsel for certain groups of unaccompanied minors. See Order at 35 n.28 (docket no. 114). How the availability of attorneys for some, but apparently not all, unaccompanied juvenile aliens might affect the balancing required under Mathews v. Eldridge, 424 U.S. 319 (1976),[1] is unclear. On one hand, it might evidence a consensus or acknowledgement that, even if other aliens can navigate the immigration labyrinth without a lawyer, unaccompanied minors need legal representation. On the other hand, it might demonstrate that existing procedures are sufficient to address or perhaps negate the risk of erroneous deprivation. Regardless, the Court is persuaded that subclasses need not be certified to deal with the possible differences between unaccompanied minors,

---

[1] Under Mathews, in evaluating whether due process has been satisfied, the following factors must be weighed: (i) the nature of the private interest affected by the government action; (ii) the risk of erroneous deprivation of such interest through the procedures used, as well as the probable value of additional or substitute safeguards; and (iii) the interest of the government, including the fiscal or administrative burdens that additional or different procedural requirements would entail. 424 U.S. at 335; see Turner v. Rogers, 564 U.S. 431, 444-45 (2011); see also Oshodi v. Holder, 729 F.3d 883, 894 (9th Cir. 2013).

ORDER - 4

children in removal proceedings consolidated with those of a parent or guardian, and other juvenile aliens, and that relief, if any, can be crafted in a manner taking into account such circumstances, if appropriate.

### C. Eligibility for Relief

Plaintiffs must demonstrate, as a prerequisite to any *Mathews* analysis and their assertion of due process rights, the likely adverse consequences associated with removal. *See* Order at 5 (docket no. 225); Order at 31-32 (docket no. 114). Nevertheless, in all four of their motions for class certification, plaintiffs failed to frame a class of juveniles who might face potential harm if removed to their country of origin. To address this deficiency, the Court suggested that the class definition refer to eligibility for asylum or similar relief. *See* Minute Orders (docket nos. 248 & 266). In response to the Court's proposal, plaintiffs assert that class members should include, not only minor aliens potentially eligible for asylum, withholding of removal, or protection under the Convention Against Torture, but also those "potentially eligible for other remedies under the Immigration and Nationality Act." Plas.' Supp. Br. at 9 (docket no. 271). Plaintiffs, however, offer no example of relief other than asylum, withholding of removal, or protection under the Convention Against Torture that would be based on the risk of harm possibly arising from removal. Plaintiffs' proposed catch-all phrase does not eliminate from the class the teenagers or exchange students hypothesized by defendants, who are from relatively stable nations, *see* Order at 5 (docket no. 225), and the Court therefore declines plaintiffs' request to incorporate such residual clause.

ORDER - 5

### D. Class Period

In proposing a class of juveniles who "are in immigration proceedings on or after July 9, 2014," plaintiffs attempt to include within the class any minor aliens as to whom an order of removal was issued on or after July 9, 2014, and before the date of this Order. The Court, however, lacks jurisdiction over the claims of such individuals. See Order at 10-11 (docket no. 114); see also 8 U.S.C. § 1252(g). Thus, the Court adopts defendants' suggestion that the class period run forward from the date of class certification, *i.e.*, from the date of this Order. See Defs.' 2d Supp. Br. at 11 n.4 (docket no. 275).

### E. Commonality and Typicality

In opposing class certification, defendants have not disputed either numerosity or the ability of the class representatives to fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Defendants have instead focused on the requirements of commonality and typicality, asserting that the *Mathews* test cannot be applied on a class-wide basis because of variations in age, abilities, and circumstances among the putative class members. Defendants' arguments ignore the ways in which the competency and capacity of juveniles are categorically based on age. See Minute Order at ¶ 1 (docket no. 248) (citing various state statutes). Among adolescents, intellect and maturity levels vary significantly, but the age at which they may drive, marry, seek emancipation (and thereby sue, be sued, enter into contracts, and consent to health care), or be prosecuted as adults is generally uniform within each state. Similarly, some young children are savvier than others, but the law presumes all of them below a certain age incapable of committing

ORDER - 6

1  crime.  Age is a type of litmus test from which conclusions are frequently drawn about
2  what can and what cannot be expected of a minor.
3      Defendants do not appear to dispute that children below a certain age (perhaps
4  those who cannot yet speak, read, or write) are incapable of appearing pro se in removal
5  proceedings.  Such children are also presumably unable, from a financial standpoint, to
6  house, feed, and clothe themselves, and thus, in most cases, they will be residing with a
7  parent or guardian.  With respect to such youngsters, defendants' position in this matter
8  seems to involve, rather than the minors' individual skills, the role that a parent or
9  guardian can or must play in removal proceedings, which is a legal question susceptible
10 to a common answer.  *See* *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir.
11 2011) ("[I]t is insufficient to merely allege any common question . . . .  Instead, [a
12 plaintiff] must pose a question that 'will produce a common answer to the crucial
13 question . . . .'" (citations omitted)).  Thus, the Court is satisfied that some maximum age
14 exists as to which class certification is appropriate.
15     As reflected in the Order entered January 21, 2016, docket no. 225, the Court has
16 struggled with the question of whether a *Mathews* balancing can be conducted across the
17 ranges of age, education, intelligence, language facility, and experience reflected among
18 juvenile aliens.  For purposes of moving this litigation forward, the Court will use the
19 ages of eighteen (18) and fourteen (14) because they are thresholds identified by the
20 states in the Ninth Circuit in which one or more plaintiffs reside, namely Washington and
21 California.  *See* Minute Order at ¶ 1 (docket no. 248); *see also* *Roper v. Simmons*, 543
22 U.S. 551, 574 (2005) ("Drawing the line at 18 years of age is subject, of course, to the
23

ORDER - 7

objections always raised against categorical rules. . . . For the reasons we have discussed, however, a line must be drawn. . . . The age of 18 is the point where society draws the line for many purposes between childhood and adulthood."); *Thompson v. Oklahoma*, 487 U.S. 815, 824-25 (1988) ("The line between childhood and adulthood is drawn in different ways by various States. . . . All of this legislation is consistent with the experience of mankind, as well as the long history of our law, that the normal 15-year-old is not prepared to assume the full responsibilities of an adult."). If, at a later stage in this action, the Court is persuaded that individual questions predominate over common ones with regard to certain age groups, the Court can adjust the definition of the Class and/or Subclass accordingly.

### F. Notice

Unlike with respect to a Rule 23(b)(3) class, notice to members of a Rule 23(b)(2) class is not mandated. Fed. R. Civ. P. 23(c)(2)(A). Contrary to plaintiffs' suggestion, notice to every class member in this matter is neither necessary nor practicable.[2] Because the Court lacks jurisdiction to grant classwide injunctive relief, *see* Order at 36-38 (docket no. 114), and because class members cannot opt out of this litigation, *see* Fed. R. Civ. P. 23(c)(2) advisory committee's note to 2003 amendment, certification does not, at

---

[2] Plaintiffs request that immigration judges and agency personnel be required to explain this litigation to every class member with whom they come into contact, that defendants transmit information to plaintiffs' counsel every time a removal order is issued with regard to a class member, and that defendants maintain and/or distribute the address of a website through which plaintiffs' counsel can provide materials to class members. Because class members must be indigent and potentially eligible for asylum, withholding of removal, or protection under the Convention Against Torture or able to make a colorable claim of United States citizenship, and because removal orders can be issued in absentia, assessing whether a particular juvenile alien is a potential class member and whether plaintiffs' counsel must be advised about such minor might not even be possible, let alone an efficient expenditure of limited resources.

this time, directly affect class members. They will have no active role to play unless the Court grants favorable declaratory relief. <u>See</u> Order at 38 (docket no. 114) (indicating that any classwide declaratory judgment would have to be enforced on a case-by-case basis). The Court therefore agrees with defendants that the issue of what notice, if any, must be provided to class members should be deferred until the merits of plaintiffs' constitutional right-to-counsel claims are resolved.

**Conclusion**

For the foregoing reasons, plaintiffs' fourth motion to certify class, docket no. 230, is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 24th day of June, 2016.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 9